**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
SHABTIR SCOTT SHATSKY, et al.       :
                                    :
           Plaintiffs               :
                                    :
     v.                             :     02 CV 2280(RJL)
                                    :
SYRIAN ARAB REPUBLIC, SYRIAN        :
MINISTRY OF DEFENSE, MUSTAFA        :
TLASS, SYRIAN MILITARY              :
INTELLIGENCE a/k/a Shu'bat          :
al-Mukhabarat al-' Askariyya,       :
HASSAN KHALIL, ASSEF SHAWKAT,       :
ALI DOUBA, SYRIAN AIR FORCE         :
INTELLIGENCE DIRECTORATE a/k/a      :
Idarat al-Mukhabarat al-Jawiyya,    :
IBRAHIM HUEIJI, THE PALESTINE       :
LIBERATION ORGANIZATION, THE        :
PALESTINIAN AUTHORITY, and JOHN     :
DOES 1-99                           :
                                    :
           Defendants.              :
_____:
```

**DEFENDANTS' MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION**
**TO SET ASIDE DEFAULT AND TO SCHEDULE**
**DEFENDANTS' RESPONSE TO THE COMPLAINT**

1.  Defendants SYRIAN ARAB REPUBLIC, SYRIAN MINISTRY OF DEFENSE, MUSTAFA TLASS, SYRIAN MILITARY INTELLIGENCE a/k/a SHU'BAT AL-MUKHABARAT AL-'ASKARIYYA, HASSAN KHALIL, ASSEF SHAWKAT, ALI DOUBA, SYRIAN AIR FORCE INTELLIGENCE DIRECTORATE a/k/a IDARAT AL-MUKHABARAT AL-JAWIYYA and IGRAHIM HUEIJI (hereinafter "the defendants") submit this memorandum in support of their motion to set aside the default the Clerk's office has just entered against them on Thursday, April 24, 2003 and to schedule defendants' response to the complaint by Rule 12(b)

motion to be made on or before Monday, June 16, 2003, or 30 days from the date of entry of an order deciding this motion, if the order is entered less than 30 days before June 16, 2003.

2.  The Syrian Arab Republic ("Syria") is a foreign state and most if not all of the other Syrian defendants are within the statutory definition of "foreign state" under the Foreign Sovereign Immunities Act ("FSIA") 28 U.S.C. sec. 1603(a) and (b).

3.  This is an action to redress alleged deaths and injuries caused by an explosive device alleged to have been detonated by persons other than defendants on February 16, 2002, in the West Bank of the Palestinian territories occupied by Israel. Plaintiffs rely for subject matter jurisdiction over their claims against defendants upon 28 sec. 1605(a)(7), an FSIA provision that can under several specified conditions, which in defendants' view are not satisfied in this case, operate as an exception to the immunity in U.S. Courts to which foreign states are generally entitled under 28 U.S.C. sec. 1604.

4.  Two affidavits were filed by plaintiffs attorney, to obtain default, the first dated March 25, 2003 alleging service upon defendants in conformity with the FSIA in Damascus, Syria, on February 8 and 9, 2003 and the second on April 22, 2003 alleging that no response by defendants has been made in the action or by communication with the attorney.  At plaintiffs' request the Clerk entered defendants' default on April 24, 2003. Defendants now seek to set the default aside under Rule 55(c).

5.  Fed.R.Civ.P. 55(a) and (c) are as follows:

**Rule 55.  Default**

**(a) Entry**.

    When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

                  \*                   \*              \*

(**c) Setting Aside Default**.

    For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

    6.   Good cause to set aside defendants alleged default is shown by the following factors among others.

    7.   The length of the claimed default is brief.  The default was entered less than one week ago, and less than three weeks after the end of the 60 day period for response under 28 U.S.C. sec. 1608(d), i.e. after April 8 and 9, 2003, the dates upon which defendants' responses to the complaint would have been due based upon plaintiffs' allegations of sufficient service on February 8 and 9, 2003.

    8.   Defendants' counsel do not yet have the papers that were allegedly delivered to defendants in Damascus, Syria and have not yet been able to verify the sufficiency of plaintiffs' alleged process or service of process under the FSIA. Defendants' counsel have never received any communication from plaintiffs' counsel about this case.  The entry of default was discovered on routine review of the Court's docket.  Defendants' counsel have heretofore represented Syria in other cases.  The brevity of the period of defendants' alleged default on

plaintiffs' allegations of service makes it highly unlikely that plaintiffs suffered any prejudice to their ability to litigate this case or prejudice of any other kind and tends to preclude any inference of willfulness on defendants' part.

9.  Defaults against a sovereign are not favored; comity among nations and other important public policies are served by allowing foreign states to appear and defend notwithstanding their default.  See e.g. Weinstein v. The Islamic Republic of Iran, 175 F.Supp. 2d 13, 20 (D.C.D. 2001).

10.  The defendants have substantial defenses to raise by Rule 12(b) motion which should be decided on the merits. The motions defendants intend to make will be based in large part upon defendants' sovereign immunity and will include claims of immunity, lack of subject matter jurisdiction, lack of personal jurisdiction, legal insufficiency and denial of due process.

11.  Local Rule 7.1.(g) which calls for a verified answer to accompany a motion to set aside a default is inappropriate in this case.  Enforcement of this rule would deprive defendants of their right to have their immunity and related claims determined at the outset of the action and would  prematurely and improperly impose "burdens of litigation" upon defendants before these claims are finally decided.  See In re Papandreou 139 F.3d 247, 251 (D.C. Cir. 1998).

12.  Any default in this case was not willful.  The Syrian government has determined as a matter of policy to appear and defend against actions in United States courts like this one notwithstanding its opinion that the U.S. Courts are exercising

an extraterritorial jurisdiction that violates international law because it is based on events and claims arising entirely outside the United States against defendants who have no contact with the United States.  This policy extends to actions such as this one that seek to hold defendants responsible for violence alleged to have been committed by others entirely outside the United States and without any specific alleged action or participation by defendants.

13. The time it takes defendants to respond to such litigation in the United States after receipt of service if service is accomplished and to identify the government officials to whom the matter should be forwarded and to prepare a response and referral to counsel, is often hampered by unavoidable and inherent difficulties in bureaucratic and governmental processes. The provisions for service upon a foreign state under the FSIA are often inadequate as a practical matter to give sufficient notice to defendants of the commencement of a legal action against them in U.S. courts.

## CONCLUSION

The default entered against defendants on April 24, 2003 should be set aside and a date scheduled as requested by which defendants shall make a Rule 12(b) motion for dismissal in response to the complaint.

Dated: April 30, 2003

                                          Respectfully submitted,

<div style="margin-left:50%">

_____
Maher H. Hanania
6066 Leesburg Pike
Suite 101
Falls Church, VA 22041
(703) 778-2400


Ramsey Clark
Lawrence W. Schilling
Abdeen Jabara
36 East 12th Street
New York, NY 10003
212-475-3232
Attorneys for Defendants

</div>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SHABTIR SCOTT SHATSKY, et al. | : | |
| Plaintiffs | : | |
| v. | : | 02 CV 2280(RJL) |
| SYRIAN ARAB REPUBLIC, SYRIAN MINISTRY OF DEFENSE, MUSTAFA TLASS, SYRIAN MILITARY INTELLIGENCE a/k/a Shu'bat al-Mukhabarat al-'Askariyya, HASSAN KHALIL, ASSEF SHAWKAT, ALI DOUBA, SYRIAN AIR FORCE INTELLIGENCE DIRECTORATE a/k/a Idarat al-Mukhabarat al-Jawiyya, IBRAHIM HUEIJI, THE PALESTINE LIBERATION ORGANIZATION, THE PALESTINIAN AUTHORITY, and JOHN DOES 1-99 | : | |
| Defendants. | : | |

**ORDER**

THIS MATTER came to be heard by the Court upon defendants' Motion and Memorandum of points and authorities to set aside the default judgment

ORDERED that defendants' Motion to set aside the default judgment is hereby granted

Dated: _____

_____
United States District Judge

Copies to:

Maher H. Hanania # 464766
6066 Leesburg Pike
Suite 101
Falls Church, VA 22041
(703) 778-2400


Ramsey Clark
Lawrence W. Schilling
Abdeen Jabara
36 East 12th Street
New York, NY 10003
212-475-3232
Attorneys for Defendants


David J. Strachman
McIntyre, Tate, Lynch & Holt
321 South Main Street, Ste. 400
Providence, RI 02903