UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

Plaintiffs,

02 CV 2280 (RJL)

v.

THE SYRIAN ARAB REPUBLIC, et al.

Defendants

**PLAINTIFFS' APPLICATION PURSUANT TO FED.R.CIV.P. 28(b)(4) TO APPOINT A COMMISSIONER FOR THE TAKING OF DEPOSITIONS ABROAD**

For the reasons set forth below, plaintiffs request that the Court appoint Mr. Mitchell Coopersmith, 1274 N.W. 106 Terrace, Plantation, Florida 33322, as a Commissioner of this Court pursuant Fed.R.Civ.P. 28(b)(4) for the purposes of administering any necessary oaths and taking testimony in this matter outside of the United States:

On February 7, 2005, this Court denied the motion of defendants Palestine Liberation Organization (PLO) and Palestinian Authority (PA) to dismiss this action pursuant to Fed.R.Civ.P 12(b).

Neither the PLO nor the PA filed an answer following the denial of their Rule 12(b) motion, and their default was accordingly entered on April 12, 2005.

Plaintiffs are therefore preparing and will shortly file a motion for entry of final default judgment against defendants PLO and PA.

In order to avoid any delay in entry of final judgment against the PLO and PA that might result from the pendency of the action against the other defendants by operation of Fed.R.Civ.P.

1

54(b), plaintiffs have filed a notice pursuant to Fed.R.Civ.P. 41(a)(1)(i) voluntarily dismissing the suit against all defendants other than the PLO and PA.[1]

Thus, in light of the default of the PLO and PA (and the earlier denial of their Rule 12(b) motion and the dismissal of the other defendants) plaintiffs are entitled to entry of final judgment against the PLO and PA as soon as they provide proof of their damages.  Fed.R.Civ.P. 55(b)(2).

Plaintiffs estimate that at least four full days of testimony would be required in order to prove their damages.  This case involves two decedents and twenty-three other plaintiffs, all of whom suffered a broad range of medical, emotional and economic damages as result of the terrorist bombing from which this case arose.

Plaintiffs would like to spare the Court this expenditure of trial time, and to simplify and expedite as much as possible the entry of final judgment in this matter, and therefore respectfully intend to provide their damages through deposition testimony pursuant to Fed.R.Civ.P. 32(a)(3).

Fed.R.Civ.P. 32(a)(3) provides in relevant part that,

**The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds . . . that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States . . .**

Fed.R.Civ.P. 32(a)(3).

The plaintiffs themselves currently reside in Florida and in Israel, and none of the other damages witnesses (e.g. forensic specialists, physicians, economists) work or reside within 100 miles of this Court.  Fed.R.Civ.P. 32(a)(3) therefore permits plaintiffs to submit testimony by deposition.

---

[1] As stated in plaintiffs' Rule 41 notice, plaintiffs will shortly re-file the case against the other defendants as a separate action before this Court.

Unless the Court directs otherwise, plaintiffs intend to record the damages testimony by audio-visual means and then provide the Court with transcripts (along with the actual videotapes or DVD recordings).[2]

While plaintiffs believe that the absence of live damage testimony in a case of this nature might be somewhat disadvantageous to the plaintiffs' themselves, their desire to expedite and simplify the denouement of this action overrides any concerns they might have in this regard.

As noted, many of the plaintiffs currently reside in Israel, and some of their expert witnesses are located there as well.  Fed.R.Civ.P. 28(b) provides that depositions may be taken in a foreign country "before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony."

Mitchell Coopersmith is an audiovisual specialist and professional videographer who has been retained by the plaintiffs for the purpose of taking depositions outside of the United States in this matter.  Mr. Coopersmith is not a relative, employee or attorney of any party, and is not financially interested in the action.  Fed.R.Civ.P. 28(c).

Mr. Coopersmith was previously appointed a commissioner to take depositions abroad pursuant to Rule 28(b) in two other actions in this court.  Rubin v. Islamic Republic of Iran, C.A. 01-01655(RMU) Dkt. #18; Gilmore v. Palestinian Authority, C.A. 01-0853(GK) Dkt. #14.

WHEREFORE, plaintiffs respectfully request that the Court enter an Order appointing Mitchell Coopersmith as a Commissioner of this Court for the purpose of administering oaths and taking testimony outside of the United States in this matter.

---

[2] If the Court finds it convenient or its practice so requires, plaintiffs would of course also provide a Proposed

Date: _____                              Plaintiffs, by their Attorneys,


                                          _____/S/_____
                                          David J. Strachman
                                          D.C. Bar No. D00210
                                          McIntyre, Tate, Lynch & Holt
                                          321 South Main Street, Suite 400
                                          Providence, RI 02903
                                          (401) 351-7700
                                          (401) 331-6095 (fax)

---

Findings of Fact and Conclusions of Law summarizing the damages testimony.