UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

Plaintiffs,

02 CV 2280 (RJL)

vs.

THE SYRIAN ARAB REPUBLIC, et al.

Defendants

**PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT BY DEFAULT PURSUANT TO FED.R.CIV.P. 55(b)(2) AGAINST DEFENDANTS PALESTINIAN AUTHORITY AND PALESTINE LIBERATION ORGANIZATION**

For the reasons set forth in the accompanying Memorandum, plaintiffs hereby respectfully move for an Order:

1)      Pursuant to Fed.R.Civ.P. 55(b)(2), directing entry of final judgment by default in favor of plaintiffs and against defendants Palestine Liberation Organization and Palestinian Authority, jointly and severally, in the amounts set forth in the Proposed Findings of Fact and Conclusions of Law attached hereto;

2)      Granting any other relief that the Court finds just, necessary or appropriate.

1

Date: April 30, 2007                    Plaintiffs, by their Attorneys,


                                        _____/S/_____
                                        David J. Strachman
                                        District Court of D.C. Bar No. D00210
                                        McIntyre, Tate, & Lynch LLP
                                        321 South Main Street, Suite 400
                                        Providence, RI 02903
                                        (401) 351-7700
                                        (401) 331-6095 (fax)
                                        djs@mtlhlaw.com


                            CERTIFICATION


        I hereby certify that on April 30, 2007, a true copy of the within pleading was sent via
ECF and regular mail to counsel of record:


Maher H. Hanania
2300 Pimmit Drive
Suite 901
Falls Church, VA 22043

Lawrence Schilling
Ramsey Clark
37 West 12th Street – 2B
New York, NY 10011


                                        _____/S/ David J. Strachman_____


2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


SHABTAI SCOTT SHATSKY, et al.

Plaintiffs,

02 CV 2280 (RJL)

vs.


THE SYRIAN ARAB REPUBLIC, et al.

Defendants


**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
ENTRY OF JUDGMENT BY DEFAULT PURSUANT TO FED.R.CIV.P. 55(b)(2)
AGAINST DEFENDANTS PALESTINIAN AUTHORITY
AND PALESTINE LIBERATION ORGANIZATION**

**Introduction**

This is a civil action pursuant to the Antiterrorism Act, 18 U.S.C. §2331 *et seq.* ("ATA"),

and supplemental causes of action, brought by United States citizens, and by the guardians, family

members and the personal representatives of the estates of United States citizens, who were killed

and injured by a terrorist bombing at a pizzeria in the town of Karnei Shomron, in the Samaria

region of the West Bank, on February 16, 2002.

The terrorist bombing was carried out by the Palestine Liberation Organization ("PLO")

with the material support and assistance and the cooperation of the Palestinian Authority ("PA"),

the Syrian Arab Republic, and a number of Syrian government agencies and officials.

The Syrian Arab Republic and the Syrian agencies and officials involved were named as defendants but were voluntarily dismissed without prejudice from this action pursuant to Fed.R.Civ.P. 41(a)(1)(i) on May 2, 2005. See docket #55.[1]

The PLO and PA are thus the only defendants remaining in this action.

In November 2003, the PLO and PA moved under Fed.R.Civ.P. 12(b) to dismiss this action for lack of subject-matter jurisdiction (on grounds of sovereign immunity and nonjusticiability), lack of personal jurisdiction, and lack of process and service of process ("Defendants' Rule 12(b) motion"). Dkt. nos. 26, 28.

The plaintiffs submitted a detailed memorandum in opposition to Defendants' Rule 12(b) motion, supported by extensive exhibits. Dkt. #32.

On February 7, 2005, this Court denied Defendants' Rule 12(b) motion.

Notably, the PLO and PA have raised the identical jurisdictional challenges in numerous other ATA actions brought against them in the federal courts, which have been resoundingly, consistently and repeatedly rejected by six federal judges in four different federal districts as well as a federal court of appeals. See Knox v. Palestine Liberation Organization, 306 F.Supp.2d 424 (S.D.N.Y. 2004); Knox v. Palestine Liberation Organization, 229 F.R.D. 65 (S.D.N.Y. 2005); Ungar v. Palestinian Authority, 315 F. Supp.2d 164 (D.R.I. 2004); Ungar v. Palestinian Authority 325 F. Supp.2d 15 (D.R.I. 2004) aff'd 402 F.3d 274 (1st Cir. 2005) cert. denied 126 S.Ct. 715 (2005); Biton v. Palestinian Interim Self- Government Authority, 310 F.Supp.2d 172 (D.D.C. 2004); Biton v. Palestinian Interim Self-Government Authority, 412 F.Supp.2d 1 (D.D.C. 2005); Estate of Klieman v. Palestinian Authority, 424 F.Supp.2d 153 (D.D.C. 2006); Gilmore v. The

---

[1] Plaintiffs have initiated a separate action in this Court under 28 U.S.C. §1605(a)(7) against the Syrian defendants. See Shatsky et al. v. Syrian Arab Republic, et al., No. 06-cv-00724-RJL.

Palestinian Interim Self-Government Authority, 422 F.Supp.2d 96 (D.D.C. 2006); Saperstein v.

Palestinian Authority, (Civ. No. 04-20225) (S.D.Fla.), Order Granting in Part and Denying in Part

Motion For Default Judgment, entered July 11, 2006, dkt. #61.

Thus, this Court's denial of the Rule 12(b) motion filed by the PLO and the PA is fully

supported by unanimous previous and subsequent authority.

Neither the PLO nor the PA filed an answer following the denial of their Rule 12(b)

motion, and their default was accordingly entered pursuant to Fed.R.Civ.P 55(a) on April 12,

2005. See dkt. #52.[2]

At a status conference held on January 11, 2007, plaintiffs' counsel informed the Court

that in light of the default of the PLO and the PA, plaintiffs had taken testimony and gathered

evidence to prove their quantum of damages, and were preparing to file a motion for entry of

judgment by default.

Accordingly, plaintiffs now move for entry of judgment by default pursuant to

Fed.R.Civ.P. 55(b)(2).

## I.      LIABILITY HAS BEEN ESTABLISHED BY DEFENDANTS' DEFAULT; THE COURT HAS SUBJECT-MATTER IN THIS ACTION AND PERSONAL JURISDICTION OVER THE PLO AND PA

It is well established that once default is entered under Rule 55(a) each of a plaintiff's

"allegations of fact [are] to be taken as true and each of his claims considered established as a

---

[2] This failure to answer is unsurprising, since the PLO and PA have similarly elected to default other ATA actions brought against them following denial of their Rule 12(b) motions to dismiss. See e.g. Knox v. Palestine Liberation Organization, 230 F.R.D. 383, 384 (S.D.N.Y. 2005) (the PLO and PA informed the court "that they 'have instructed counsel to present only their position that U.S. courts have no jurisdiction over them and not to answer on the merits. Therefore no answer on the merits of the complaint will be filed.'"); Ungar v. Palestinian Authority 215 F.R.D. 36, 40 (D.R.I. 2003) ("Defendants candidly admitted that, even if the motion for reconsideration were denied, they would not file an answer to the Amended Complaint but would continue with their present course of action and seek relief in the Court of Appeals"); Gilmore v. The Palestinian Interim Self-Government Authority, 01-853-GK, Order of January 29, 2007, directing entry of default.

matter of law." Webb v. District of Columbia, 146 F.3d 964, 978 n. 26 (D.C. Cir. 1998) (quoting

Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1ˢᵗ Cir. 1985)) (internal

brackets and ellipsis omitted). See also e.g. U.S. v. Gant, 268 F.Supp.2d 29, 32 (D.D.C. 2003)

("Default establishes the defaulting party's liability for the well-pleaded allegations of the

complaint."); Adkins v. Teseo, 180 F.Supp.2d 15, 17 (D.D.C. 2001) ("A defaulting defendant is

deemed to admit every well-pleaded allegation in the complaint.").

   Defendants PLO and PA have willfully defaulted, and have therefore conceded all well

pleaded allegations of liability in the complaint. All the allegations of liability set forth in the

complaint are well pleaded, and defendants' liability is therefore established.[3] See Ungar, 325

F.Supp.2d at 65-66 ("Plaintiffs' Amended Complaint adequately pleads the elements of liability

under 18 U.S.C. §2333 ... and the Palestinian Defendants' default relieves Plaintiffs of proving

these elements ... Thus, the Palestinian Defendants' liability has been established").

   Despite the defendants' intentional default, the Court must still satisfy itself that it has

subject-matter jurisdiction over this action and in personam jurisdiction over the PLO and PA. See

e.g. Ungar, 325 F.Supp.2d at 45 ("A court which is asked to enter default judgment should assure

itself that it has jurisdiction both over the subject matter and the parties.") (citing cases).[4]

   The Court's jurisdictional inquiry is extremely simple in the instant case:

---

[3] Moreover, "Only 'in very narrow, exceptional circumstances' may a court find an allegation not 'well pleaded.'" In re Crazy Eddie Securities Litigation, 948 F.Supp. 1154 (E.D.N.Y. 1996) (quoting Trans World Airlines Inc. v. Hughes, 449 F.2d 51 (2ⁿᵈ Cir. 1971), rev'd on other grounds, 409 U.S. 363 (1973)).

[4] In Mwani v. bin Laden, 417 F.3d 1, 7-8 (D.C. Cir. 2005), the Court of Appeals held that personal jurisdiction need only be shown prima facie when a defendant has failed to appear, but that "if the court takes evidence on the issue or rules on the personal jurisdiction question in the context of a trial … a heightened, preponderance of the evidence standard applies.".

Since the instant defendants have contested jurisdiction (despite defaulting on the merits) it appears that under Mwani a preponderance of the evidence standard should be applied here.

### a.      Subject-Matter Jurisdiction

The Third Count of the Complaint in this action is a federal cause of action for "international terrorism" pursuant to 18 U.S.C. §2333, over which this Court has original subject-matter jurisdiction pursuant to 28 U.S.C. §1331.

This Court therefore has original subject-matter jurisdiction over the Third Count of the Complaint pursuant to 28 U.S.C. §1331.

The Complaint also pleads supplemental claims for wrongful death, pain and suffering, battery, assault, loss of consortium and solatium, negligence and infliction of emotional distress. See Complaint at Counts I, II, and IV-IX.

Those supplemental claims all arise from the same terrorist attack as the federal claim brought under 18 U.S.C. §2333 and are thus derived from the same nucleus of operative fact as the §2333 claim.

This Court therefore has subject-matter jurisdiction over the supplemental causes of action, pursuant to 28 U.S.C. §1367. See Biton, 310 F.Supp.2d at 182-183 (Holding that federal and supplemental causes of action arising from same terrorist attack are derived from the same nucleus of operative fact and that court therefore has supplemental jurisdiction over non-federal claims under 28 U.S.C. § 1367); Estates of Ungar v. Palestinian Authority, 153 F.Supp.2d 76, 86 (D.R.I. 2001) (same).

Thus, this Court's subject-matter jurisdiction is clearly established for all counts of the Complaint.[5]

---

[5] In any event, as discussed in the attached Proposed Findings of Fact and Conclusion of Law, the remedies provided by §2333 of the ATA render the supplemental causes of action redundant. Therefore, for those plaintiffs entitled to bring an action under §2333 (i.e. all plaintiffs except Ronit Trattner), the supplemental torts are irrelevant. Ronit Trattner asserts only a cause of action for battery, pursuant to Count IV of the complaint. Thus, the only non-federal cause of action for which plaintiffs seek relief in this case is Ronit Trattner's battery claim.

**b.      Personal Jurisdiction**

The basis for the Court's <u>in personam</u> jurisdiction over the PLO and PA is set forth in detail in Part IV of Plaintiffs' Memorandum in Opposition to the Revised Motion by Defendants PLO and PA Pursuant to Fed.R.Civ.P. 12(b) to Dismiss the Complaint (docket #32) ("Plaintiffs' Memo in Opp."), and in the extensive exhibits annexed thereto, which plaintiffs respectfully incorporate herein by reference. To briefly summarize:

Plaintiffs' suit is brought under 18 U.S.C. §2333. Because 18 U.S.C. §2334(a) authorizes nationwide service of process in actions under §2333, personal jurisdiction in §2333 actions is established whenever (i) the defendant has sufficient minimum contacts with the United States as a whole and (ii) service of process is effected pursuant to Fed.R.Civ.P. 4. <u>See Ungar</u>, 325 F.Supp.2d at 48 (Personal jurisdiction established in §2333 action against the PA and PLO since "Defendants have minimum contacts with the United States as a whole and . . . were served with process pursuant to the nationwide service of process provisions of 18 U.S.C. §2334(a) and Fed.R.Civ.P. 4(k)(1)(D)"); <u>Biton</u>, 310 F.Supp.2d at 179-180 (same).

Plaintiffs served process in this action on the PA and PLO by in-hand service on Mr. Hassan Abdel Rahman, the Chief Representative of the PA and PLO in the United States. <u>See</u> Exhibits P, Q, R and S to Plaintiffs' Memo in Opp.. Mr. Abdel Rahman has repeatedly been found to be a valid agent for service of process on both the PA and PLO under Fed.R.Civ.P. 4(k)(1)(D) and 4(h). <u>See Ungar</u>, 325 F.Supp.2d at 56-59; <u>Biton</u>, 310 F.Supp.2d at 180; <u>Saperstein</u>, id. at 13.

Service of process on defendants has therefore been effected.

Nor is there any question that the PA and PLO have constitutionally-sufficient minimum contacts with the United States. The PA and PLO have challenged minimum contacts in other

cases brought against them pursuant to §2333 of the ATA and have lost every time. See Ungar, 325 F.Supp.2d at 47-59; Biton, 310 F.Supp.2d at 183; Saperstein, id. at 13.

Notably, the Ungar court conducted an extraordinarily thorough review of the jurisdictional contacts of the PLO and PA in the United States and found the totality of contacts to be more than constitutionally adequate even under a "preponderance of the evidence" standard. Ungar, 325 F.Supp.2d at 47-59.

While this Court could simply rely on the detailed findings and decision in Ungar, in the interest of thoroughness the instant plaintiffs previously submitted into the record all of the voluminous exhibits evidencing the jurisdictional contacts of the PA and PLO that were submitted to and relied upon by the Ungar court, and referred to in Ungar, 325 F.Supp.2d at 47-59. See Exhibits P through QQ to Plaintiffs' Memo in Opp., and accompanying text pp. 41-52.

Thus, minimum contacts are established by a preponderance of the evidence both by the abundant factual evidence presented, and by collateral estoppel on the basis of the findings in Ungar regarding the existence of these contacts and the holding in Ungar that these same contacts are constitutionally adequate as a matter of law. See Biton, 412 F.Supp.2d 1 (Entering partial summary judgment rejecting defendants' jurisdictional defense, by applying collateral estoppel to a holding in Ungar rejecting the same defense).[6]

The Court's personal jurisdiction over the PA and PLO has therefore been established by a preponderance of the evidence.

## II.    PLAINTIFFS HAVE PROVEN THEIR DAMAGES

---

[6] Purely in the alternative and out of a great abundance of caution, plaintiffs incorporate by reference and reiterate here their alternative arguments regarding personal jurisdiction (i.e. that by directing terrorist attacks against American citizens defendants created "minimum contacts" sufficient to exercise jurisdiction and/or that as foreign entities these defendants do not enjoy due process protections) set forth in pp. 55-62 of Plaintiffs' Memo in Opp. Plaintiffs respectfully do not believe that it will be necessary to reach these arguments.

This case involves the estates of two decedents and twenty-three other plaintiffs, all of whom suffered a broad range of medical, psychological, emotional and economic damages as result of the terrorist bombing from which this case arose. At least seven full days of courtroom testimony would have been necessary in order to set forth plaintiffs' damages testimony.[7]

In order to spare the Court and themselves this significant expenditure of trial time and resources, plaintiffs seek to establish their quantum of damages in this matter on the basis of deposition and affidavit testimony.

It is well established that Fed.R.Civ.P. 55(b)(2) permits a court to establish damages in the event of judgment by default on the basis of any reasonable evidence, and that a hearing is not required:

> Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr.13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F.Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C.Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F.Supp.2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. Fed. R. Civ. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure [s] that there [is] a basis for the damages specified in the default judgment."

---

[7] Plaintiffs' counsel originally reckoned that four days would be been sufficient, but discovered while taking plaintiffs' depositions that this was a serious underestimation.

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,*
*Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir.1997).

Rubin v. Hamas-Islamic Resistance Movement, 2004 WL 2216489 *2 (D.D.C. 2004) (emphasis added). See also U.S. v. Gant, 268 F.Supp.2d 29, 32 (D.D.C. 2003) (same); Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2nd Cir. 1989) ("By its terms, 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court"); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2nd Cir. 1997); James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993) ("The Federal Rules of Civil Procedure ... do[] not require an evidentiary hearing."); cf. Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 22 (1944).

Thus, where the district court is presented with a sound evidentiary basis for determination of damages, for example, through affidavits and other documentary evidence, the court need not hold an evidentiary hearing on damages. See Stern v. Islamic Republic of Iran, 271 F. Supp. 2d 286, 288 n.1 (D.D.C. 2003) (citing cases); Fustok, 873 F.2d at 40 (2d Cir. 1989) ("it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.").

Accordingly, the plaintiffs are submitting herewith[8] the following evidence as proof of their damages in this action:

  a) Transcripts of the depositions of plaintiffs Shabtai Scott Shatsky, Jo Anne Shatsky, Tzippora Shatsky, Yoseph Shatsky, Sara Shatsky, Miriam Shatsky, David Shatsky, Ginette Lando Thaler, Michael Thaler, Leor Thaler, Zvi Thaler, Isaac Thaler, Hillel Trattner, Ronit Trattner, Aron S. Trattner, Shelley

---

[8] These materials are too voluminous to submit by ECF, and the plaintiffs are therefore submitting them to the Court and serving them on defendants by overnight courier.

Trattner, Steven Braun, Chana Friedman, Miriam Friedman and Bella Friedman[9];

b) Declarations sworn pursuant to 28 U.S.C. §1746 from plaintiffs Ilan Friedman, Yehiel Friedman, Zvi Friedman and Chana Friedman;

c) Medical opinions, sworn pursuant to 28 U.S.C. §1746, prepared by Dr. Alan Friedman, an expert in internal and rehabilitation medicine, regarding the physical injuries suffered by decedent Rachel Thaler and by plaintiffs Leor Thaler, Hillel Trattner, Ronit Trattner, Steven Braun and Chana Friedman, as a result of the bombing;

d) Psychiatric evaluations, sworn pursuant to 28 U.S.C. §1746, prepared by Dr. Rael Strous, an expert in psychiatric medicine, regarding the psychological and emotional injuries suffered by plaintiffs Hillel Trattner, Steven Braun, Lior Thaler, Chana Friedman, Scott Shabtai Shatsky, Bella Friedman, Joanne Shatsky, Lior Thaler, Ginette Thaler and Ronit Tratner, a result of the bombing;

e) Economic reports, sworn pursuant to 28 U.S.C. §1746, prepared by Dr. Avi Weiss, a professor of economics, regarding the economic losses to the estates of Keren Shatsky and Rachel Thaler as a result of their deaths in the bombing.

Additionally, the plaintiffs are submitting herewith passports and related documents evidencing their American citizenship and that of decedents Rachel Thaler and Keren Shatsky, as well as Israeli surrogate court documents naming plaintiffs Shabtai Shatsky and Jo Anne Shatsky

as the heirs and the administrators of the estate of Keren Shatsky and plaintiffs Ginette Thaler and Michael Thaler as the heirs and the administrators of the estate of Rachel Thaler.

Plaintiffs hereby offer to make themselves and all of their other witnesses available for cross-examination on their deposition and affidavit testimony by defendants' counsel, whether before the Court or in a deposition, and to afford defendants an opportunity to challenge plaintiffs' documentary evidence.

A letter from plaintiffs' counsel reiterating this offer is being served on defendants' counsel contemporaneously with the filing of this motion.

If defendants ignore or otherwise do not accept plaintiffs' offer to cross-examine their witnesses and/or challenge their documentary evidence, plaintiffs request that the Court find that defendants have waived any such cross-examination and challenges, and admit all of plaintiffs' damages evidence as uncontroverted.[10]

The plaintiffs are also submitting attached hereto a Proposed Findings of Fact and Conclusion of Law, which *inter alia* examines and details the evidence of their injuries (by reference to the attached deposition transcripts, affidavits and other exhibits) and sets forth the quantum of damages sought on the basis of the numerous precedents established by this and other federal courts in prior civil actions arising from terrorist attacks on American citizens.

Plaintiffs respectfully request entry of final judgment in the respective amounts set forth in the attached Proposed Findings of Fact and Conclusion of Law.

---

[9] Plaintiffs also recorded the depositions on videotapes which, because of their bulk, plaintiffs have not submitted. If the Court believes that it will be helpful for the Court to view some or all of the testimony, plaintiffs will immediately provide the Court with the videotapes, as per any instruction the Court issues in this regard.

[10] Plaintiffs note that in all of the ATA cases against the PA and PLO which have reached judgment or the damages phase (i.e. Ungar, Knox, Saperstein, Biton and Gilmore), the respective district judges referred the damages findings to magistrate judges. The instant plaintiffs take no position on whether the damages findings in this case should be made by a magistrate judge, but if the Court believes that a referral to a magistrate judge would ease and expedite resolution of this case the plaintiffs would respectfully be in favor of such a referral.

WHEREFORE, plaintiffs' motion should be granted.


Date: April 30, 2007                           Plaintiffs, by their Attorneys,


                                    /S/
                                    David J. Strachman
                                    District Court of D.C. Bar No. D00210
                                    McIntyre, Tate, & Lynch LLP
                                    321 South Main Street, Suite 400
                                    Providence, RI 02903
                                    (401) 351-7700
                                    (401) 331-6095 (fax)
                                    djs@mtlhlaw.com


## CERTIFICATION


        I hereby certify that on April 30, 2007, a true copy of the within pleading was sent via ECF and regular mail to counsel of record:


Maher H. Hanania
2300 Pimmit Drive
Suite 901
Falls Church, VA 22043

Lawrence Schilling
Ramsey Clark
37 West 12th Street – 2B
New York, NY 10011


                                    /S/ David J. Strachman


14