IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, )<br>)<br>Plaintiffs, )<br>v.   )<br>)<br>THE SYRIAN ARAB REPUBLIC, *et al.*, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:02cv02280 (RJL) |

## DEFENDANTS' NOTICE REGARDING DEVELOPMENTS IN U.S. LITIGATION RELEVANT TO DEFENDANTS' PENDING 2007 MOTION TO VACATE

Plaintiffs initiated this action in November 2002, seeking treble damages under the civil liability provision of the Anti-Terrorism Act, 18 U.S.C. § 2333, for a February 2002 suicide bombing carried out at a pizzeria in an Israeli settlement in the West Bank in which U.S. nationals were killed or injured. *See* Dkt. No. 3 (Complaint). In April 2005, the Clerk entered a default as to Defendants the Palestine Liberation Organization ("PLO") and Palestinian Authority ("PA"). Dkt. No. 52. Following retention of the undersigned as their U.S. litigation counsel, the PA and PLO moved in December 2007 to vacate the default. Dkt. No. 77. Over three years later, that motion remains pending.

In addition to this lawsuit, eleven other lawsuits have been filed against the PA and PLO under the Anti-Terrorism Act, Alien Tort Statute, or Torture Victim Protection Act -- five of which were filed by Plaintiffs' counsel in this action. Since the PA and PLO last updated the Court on May 20, 2010, Dkt. No. 124, additional developments in the U.S. litigation have demonstrated their commitment to fully participate in the U.S. litigation and confirmed the PA's and PLO's position that the claims brought against them are meritless and cannot withstand adversarial testing.

1143431.1

When Defendants filed their motion to vacate in December 2007, the undersigned had only recently been retained to represent the PA and PLO in the U.S. litigation matters. At that time, the PA and PLO could offer only their verbal commitment to fully engage in the U.S. litigation and avoid future defaults. Now, over three years later, the PA and PLO have established through their actions their commitment to litigate and their respect for the U.S. litigation process. Of the eleven lawsuits, six have been dismissed with prejudice, including two following extensive discovery; another two (those in which final default judgments had been entered) have been settled; another two are nearing the end of the discovery period; and, in the remaining lawsuit, the PA/PLO's motion to dismiss is pending. Over the past three years, the PA and PLO have completed fact discovery in two of the cases, are approaching the close of fact discovery next month in another two cases, and have completed intensive discovery periods in three other cases on issues related to motions to vacate or personal jurisdiction. In not a single instance, has the PA or PLO been found to have defaulted in its discovery obligations or has the PA or PLO received any discovery sanctions. In contrast to the Plaintiffs' unsupported allegations "that defendants have not 'turned over a new leaf,' that they remain recalcitrant, and that they will not litigate this matter cooperatively if their default is vacated," *see* Docket No. 123 at 1, the PA and PLO have shown that they will indeed litigate the matter cooperatively.

The following chart summarizes the status of the U.S. lawsuits brought against the PA and PLO and provides the relevant citations:

1143431.1

| Case Name and No. | Default Status | Discovery | Current Status |
|---|---|---|---|
| *Estate of Yaron Ungar v. Palestinian Auth.*, No. 1:00-cv-105L (D.R.I.) | District court's denial of motion to vacate default judgment reversed and motion remanded for reconsideration. *Ungar v. PLO*, 599 F.3d 79 (1st Cir. 2010). | The PA/PLO engaged in discovery on the motion to vacate during the 6/1/10- 11/19/10 discovery period. | Settled; dismissed with prejudice on February 14, 2011 (Dkt. No. 657). |
| *Gilmore v. Palestinian Interim Self-Gov't Auth.*, No. 1:01-cv-853 (D.D.C.) (Kessler) | Motion to vacate granted on 12/28/09. *Gilmore v. Palestinian Interim Self-Government Auth.*, 675 F. Supp. 2d 104 (D.D.C. 2009). | The PA/PLO have engaged in merits discovery since March 2010. | Fact discovery deadline is in March 2011. |
| *Biton v. Palestinian Interim Self Government Auth.*, No. 1:01-cv-382 (D.D.C.) (Collyer) | Second motion to vacate denied on 7/21/08. *Biton v. Palestinian Interim Self-Government Auth.*, 252 F.R.D. 1 (D.D.C. 2008). | N/A | Plaintiffs voluntarily dismissed action with prejudice on 12/8/08. Dkt. No. 115. |
| *Knox v. Palestine Liberation Organization*, No. 1:03-cv-4466 (S.D.N.Y) | Motion to vacate default judgment conditionally granted on 3/26/08. *Knox v. PLO*, 248 F.R.D. 420 (S.D.N.Y. 2008). | The PA/PLO engaged in extensive discovery on their financial ability to post a vacatur bond during the 4/08-3/09 period. | Pursuant to a settlement agreement, a stipulation and final order of dismissal with prejudice was entered on 1/21/10. Dkt. No. 215. |
| *Estate of Klieman v. Palestinian Auth.*, No. 1:04-cv-1173 (D.D.C.) (Friedman) | N/A | The case has been in discovery since June 2008. *See* Dkt. No. 91. | Fact discovery deadline is 3/31/11; plaintiffs' motion to extend discovery is pending. |

1143431.1

| Case Name and No. | Default Status | Discovery | Current Status |
|---|---|---|---|
| *Saperstein v. Palestinian Authority*, No. 1:04-cv-20225 (S.D. Fla.); No. 10-15262-CC (11th Cir.) | Default vacated on 9/29/08. *See Saperstein v. Palestinian Auth.*, 2008 U.S. Dist. LEXIS 110375 (S.D. Fla. Sept. 29, 2008). | The parties conducted merits discovery from 8/20/09 until 3/10/10. | Shortly before the scheduled trial, Plaintiffs filed a stipulation of dismissal with prejudice pursuant to FRCP 41(a)(1)(A)(ii) in October 2010. *See* Dkt. Nos. 543, 544. Plaintiffs' appeal was dismissed on 2/17/11. |
| *Sokolow v. PLO*, No. 1:04-cv-397 (S.D.N.Y) | N/A | Personal jurisdiction discovery conducted 10/1/08 to 3/16/10. | PA/PLO motion to dismiss for lack of personal jurisdiction pending. |
| *Estate of Mark Parsons v. Palestinian Auth.*, No. 1:07-cv-1847 (D.D.C.) (Robertson); No. 10-7085 (D.C. Cir.) (appeal pending) | N/A | Merits discovery conducted 10/27/08 to 11/10/09. | PA/PLO motion for summary judgment granted on May 29, 2010. *See Estate of Parsons v. Palestinian Auth.*, 715 F. Supp. 2d 27 (D.D.C. 2010); appeal pending. |
| *Mohamad v. Rajoub*, No. 1:08-cv-1800 (D.D.C.) (Leon); No. 09-7109 (D.C. Cir.) (appeal pending) | Motion to vacate granted 5/20/09 by minute order. | N/A | PA/PLO motion to dismiss for failure to state a claim granted on September 30, 2009. *See Mohamad v. Rajoub*, 664 F. Supp. 2d 20 (D.D.C. 2009); appeal pending. |
| *Estate of Ahuva Amergi v. Palestinian Auth.*, No. 1:09-cv-21610 (S.D. Fla.); No. 09-13618 (11th Cir.) | N/A | N/A | District court dismissal of Plaintiffs' Alien Tort Statute claims affirmed. *Estate of Amergi v. Palestinian Auth.*, 611 F.3d 1350 (11th Cir. 2010). |

4

1143431.1

| Case Name and No. | Default Status | Discovery | Current Status |
|---|---|---|---|
| *Shafi v. Palestinian Auth.*, No. 1:09-cv-0006 (D.D.C.) (Roberts); No. 10-7024 (D.C. Cir.) (appeal pending) | N/A | N/A | PA/PLO motion to dismiss for failure to state a claim granted on February 23, 2010. *See Shafi v. Palestinian Auth.*, 686 F. Supp. 2d 23 (D.D.C. 2010); appeal pending. |

The PA/PLO respectfully urge the Court to grant their December 2007 motion to vacate so that they can have an opportunity to defend this case on the merits without further delay, consistent with how they have approached all of the other cases in which similar allegations have been brought.

Dated: February 24, 2011

Respectfully submitted,

  /s/ Richard A. Hibey
Richard A. Hibey (D.C. Bar #74823)
rhibey@milchev.com
Mark J. Rochon (D.C. Bar #376042)
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 626-5801

*Attorneys for the Palestinian Authority and the Palestine Liberation Organization*

1143431.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this 24th day of February 2011, a true and genuine copy of the foregoing was filed by ECF, which will automatically send notification and a copy of such filing to:

> David J. Strachman
> McIntyre, Tate & Lynch, LLP
> 321 South Main Street, Suite 400
> Providence, RI  02903
> email: *djs@mtlhlaw.com*
>
> *Attorney for Plaintiffs*

/s/ Laura G. Ferguson