**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )  Civil Action No. 1:02cv02280 (RJL) |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

**[PROPOSED] ORDER**

THIS MATTER, having come before the Court on the filing of Defendants' Motion for Entry of a Protective Order Regarding Confidentiality of Discovery Material; and

WHEREAS it appears to the Court that good cause exists pursuant to Federal Rule of Civil Procedure 26(c)(1) for granting Defendants' request; it is now therefore

ORDERED as follows:

1. Defendants' Motion is GRANTED; and

2. The attached Protective Order is ENTERED in this matter.

SO ORDERED this _____ day of July, 2012.

_____
Hon. Richard J. Leon
United States District Judge

Copies to All Counsel of Record

1259810.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE SYRIAN ARAB REPUBLIC, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:02cv02280 (RJL) |

## PROTECTIVE ORDER REGARDING
## CONFIDENTIALITY OF DISCOVERY MATERIAL

The parties have stipulated that certain discovery material and disclosures will be treated as confidential (as defined herein) and that they will follow certain procedures for the return of legally privileged materials inadvertently disclosed during the discovery process. Therefore, it is hereby stipulated, agreed and ordered as follows:

1.  Introduction: This Order governs the handling of any documents and information disclosed by any party pursuant to Rule 26 of the Federal Rules of Civil Procedure and/or produced by a party or a non-party in response to any discovery request during the proceedings in the above-captioned litigation ("Discovery Material") that is designated confidential pursuant to the terms and conditions set forth below. In addition, this Order governs the parties' agreement for the return of Discovery Material that is legally privileged but inadvertently disclosed by the parties in the course of discovery.

1257279.1

2. <u>Designation of Confidentiality:</u>

  a. Only those portions of any Discovery Material that: (i) contain or are derived from trade secrets or other proprietary, commercial or previously nondisclosed financial information; or (ii) contain or are derived from personal private medical (including mental health) information; or (iii) contain or relate to the addresses of the plaintiffs; or (iv) contain or relate to personal private financial or employment information, may be designated by the disclosing/producing party or non-party as "Confidential."

  b. The protections conferred by this Order cover not only Confidential Discovery Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.

  c. The designation of material as "Confidential" shall constitute a representation that such document, material, or information has been reviewed and that the designating party has a good faith basis for such designation.

  d. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection as "Confidential," that designating party must promptly notify the other party that it is withdrawing the mistaken designation.

  e. Should the producing party inadvertently fail to mark Discovery Material as Confidential at the time of production, counsel for the producing party shall promptly notify counsel for the receiving parties upon discovery of the inadvertent production. Correction of an omission of the Confidential designation and notice thereof shall be made in writing by counsel for the producing party, accompanied by substitute copies of each document or thing appropriately marked Confidential. Within ten (10) business days of receipt of these substitute copies, counsel for the receiving parties shall return, or certify in writing the destruction of, the

previously undesignated Discovery Materials; and all summaries and abstracts thereof shall be maintained as Confidential Discovery Material by the Party or their counsel which created such copies, summaries or abstracts.

  f. A person receiving Confidential Discovery Material shall not use or disclose such Discovery Material except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation.

 3. <u>Means of Designating a Document and Information Confidential:</u>

  a. A document or information constituting Confidential Discovery Material may be designated "Confidential" within the meaning of this Order by placing the legend "Confidential" on each page of any such Discovery Material.

  b. Electronic Data: "Electronic Data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes). Electronic Data containing Confidential material will be designated as "Confidential" in a cover letter identifying the information generally. When feasible, the designating person will also mark the electronic or magnetic media with the appropriate designation. Whenever any party to whom Electronic Data designated as "Confidential" is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legends provided for in Paragraph 3(a) above. Whenever any Electronic Data designated as "Confidential" is copied into another file, all such copies shall also be marked "Confidential," as appropriate.

  c. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain

information designated "Confidential," that party and its counsel must take all necessary steps to ensure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential material and information.

    d.    Documents and materials filed with the Court:

        i.    Any Confidential Discovery Material filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "Confidential Information" and "Subject To Court Order," and words in substantially the following form:

> This envelope contains documents that are filed under seal in this case by [name of filing party] and, by Order of this Court dated _____, 2012, it shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "Filed Under Seal" in the upper-right hand corner of the cover page of the document.

        ii.    Only those portions of such documents and materials containing or reflecting Confidential Discovery Material shall be considered "Confidential" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Confidential shall be filed under seal.

        iii.    Any sealed document may be opened by the presiding Judge or designated Magistrate, the presiding Judge's or designated Magistrate's law clerks, and other Court personnel without further order of the Court.

        iv.    Each document filed under seal may be returned to the producing party or non-party under the following circumstances: (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the

ruling of the last reviewing court that disposes of this litigation in its entirety is filed. If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document, or may return the document to counsel for the producing party or non-party or to the party or non-party that filed the sealed document upon request within two years after termination of the litigation, or may take any other action to dispose of the document that the Clerk deems appropriate.

v. Notwithstanding any provision in this Order to the contrary, any designating party may determine to reclassify a document it previously designated "Confidential" and is not required to file such document under seal if the previously designated Confidential Discovery Material was so designated solely by that party and all other parties are notified of the change in classification at the time such material is reclassified.

e. Deposition Testimony:

i. <u>Designation of Deposition Transcripts</u>: In the case of depositions upon oral examination, counsel for a party may designate any portion of the deposition transcript as constituting or containing Confidential Discovery Material. Such designations may be made at any time between the conclusion of the deposition and fourteen days after receipt of the deposition transcript from the court reporter, but shall not be made during the deposition. Notice of such designations shall be made in writing to the court reporter, with copies to all other counsel, specifying the portion(s) of the transcript that constitute or contain Confidential Discovery Material and are to be marked as Confidential. From the commencement of the deposition until expiration of the aforementioned fourteen day period, all deposition transcripts shall be considered and treated as though marked Confidential, unless otherwise agreed on the record at the conclusion of the deposition. Transcripts containing testimony or exhibits

designated as containing Confidential Discovery Material shall be marked by the court reporter, prior to transcript distribution, with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL DISCOVERY MATERIAL" and shall be treated in accordance with the provisions of this Order.

    ii.    <u>Presence of Authorized or Unauthorized Persons at a Deposition</u>: When counsel for a party has a good faith belief that questions or testimony constituting or containing Confidential Discovery Material may be presented or elicited during a deposition, counsel shall so state at the commencement of the deposition and persons not entitled to receive such information under the terms of this Order shall be excluded from the deposition.

4.    <u>Use of Confidential Discovery Material:</u> Confidential Discovery Material shall not be used by any person, other than the producing party or non-party, for any purpose other than prosecuting, defending, settling, appealing or enforcing any judgment in the above-captioned action.

5.    <u>Disclosure of Confidential Discovery Material:</u> Access to Discovery Material designated "Confidential" pursuant to this Order shall be limited to the following:

    a.    Attorneys for the parties (including members, associates, counsel, and any attorneys in private law firms representing the parties), as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this litigation;

    b.    Outside photocopying, document storage, data processing, or graphic production services employed or retained by the parties or their counsel to assist in this litigation;

    c.    Any expert, consultant, or investigator retained by counsel for the purposes of consulting or testifying in this litigation;

    d.    Any officer, employee or other representative of a defendant to this action;

e.  Any person who, as it appears from the face of the document, authored, received or otherwise has been provided access to (in the ordinary course, outside this litigation) the Confidential Discovery Material sought to be disclosed to that person;

f.  This Court, the appellate court(s), any court hearing a proceeding to enforce any judgment entered in the above-captioned action and any garnishee in such a proceeding, the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

g.  Third-Party witnesses and their counsel in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 7) trial testimony;

h.  Any other person to whom the producing party or non-party agrees in writing in advance of the disclosure; and

i.  Any other person whom the Court directs should have access to the Confidential Discovery Material.

6.  <u>Non-Application of Order</u>: The restrictions set forth herein shall not apply to documents or information designated Confidential that: (a) were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the receiving party from a source that was not required to maintain the confidentiality of such information. Before such documents are publicly released, a party will follow the procedures described in Paragraph 14.

7. <u>Notification of Confidentiality Order:</u>

a. All persons who are authorized to receive and are to be shown Confidential Discovery Material under this Protective Order (other than the persons listed in paragraphs 5(a), (e), (f), (h) and (i)) shall be provided a copy of this Protective Order prior to the receipt of Confidential Discovery Material, and shall in a written and signed Confidentiality Agreement such as that annexed as Appendix A, state that he or she has read this Protective Order and agrees to be bound by its terms.

b. The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation, including appeals. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

8. <u>Use of Confidential Discovery Material at Trial or Hearings:</u> The Court shall determine the procedure for use of Confidential Discovery Material at trial or hearings.

9. <u>Preservation of Rights and Privileges:</u> Nothing contained in this Order shall affect the right of the disclosing/producing party or non-party to make any other available objection or other response to a discovery request, including but not limited to jurisdictional objections and any other claims or privileges pursuant to any applicable law, rule, regulation, procedure or practice. Nothing contained in this Protective Order shall operate to require the production of any information or document that is otherwise privileged or protected from discovery. The producing party or non-party expressly preserves any and all applicable privileges and exemptions, including without limitation the attorney-client privilege and work product immunity. Inadvertent disclosure or production of materials so protected shall not be deemed a waiver of

1257279.1

any privilege or immunity. Upon written request, a party shall return, immediately and in no event later than two (2) business days after the receipt of written notice, such materials and any copies or reproductions thereof. The party shall also return or destroy any work product materials derived from the produced protected material. The return of purported protected material shall not waive a party's right to challenge the claim of privilege and/or exemption, but such challenge shall neither (a) be based in any way on the fact of the production or disclosure of such material; nor (b) divulge the contents of the protected material except to the Court under seal as provided herein.

10.  **Return of Materials:** Within sixty (60) days after the final resolution of this litigation and the full satisfaction of any judgment entered herein, all Confidential Discovery Material, including all copies, abstracts and summaries, shall be returned to counsel for the producing party or non-party or, if the counsel for the producing party of non-party is so informed, destroyed, with the party that had received the Confidential Discovery Material certifying to such return or destruction, as appropriate. Counsel for the receiving party shall make a reasonable effort to retrieve any Discovery Material, or portions thereof, subject to this Order from any party or non-party witness or expert or consultant to whom such information has been given, and shall notify in writing counsel for the producing party of any failure to retrieve any such information, the reasons therefore, the identity of the person from whom the Discovery Material, or portions thereof, could not be retrieved, and the identity of any Discovery Material, or portions thereof, not returned. As to those materials that contain or reflect Confidential Discovery Material, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information

subject to this Protective Order. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Discovery Material, so long as such pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Protective Order, and maintained as such.

11. Compliance Not an Admission: A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

12. Subpoenas: Any party or person in possession of Confidential Discovery Material who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Discovery Material, shall promptly, and in any case within three (3) business days, give telephonic notice, and written notice by overnight delivery or facsimile, to counsel for the producing party or non-party, identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Discovery Material that such information is subject to this Protective Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or disclosure of Confidential

Discovery Material to resist such production or disclosure, or be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

13.     Inadvertent Disclosure: If a person bound by this Order discloses inadvertently Confidential Discovery Material to a person not authorized to receive that information, or if a person authorized to receive Confidential Discovery Material breaches any obligations under this Protective Order, that person shall immediately give notice of the unauthorized disclosure to the producing party or non-party. In addition, if a person bound by this Order becomes aware of any unauthorized disclosure of Confidential Discovery Material, that person shall immediately give notice of the unauthorized disclosure to the producing party or non-party. Notice in either circumstance described in this Paragraph shall include a full description of all facts that are pertinent to the wrongful disclosure. The person disclosing the Confidential Discovery Material shall make every reasonable effort to retrieve the information that was disclosed without authorization and to limit the further dissemination or disclosure of such information. Persons who violate the provisions of this Protective Order shall be subject to sanctions as provided by statute, rule, or the inherent power of this Court.

14.     Objections to Designations: A failure to challenge the propriety of a "Confidential" designation at the time the material is produced shall not preclude a subsequent challenge to such designation. In the event a party objects to the designation of any material under this Order by another party or by a non-party, the objecting party shall first consult with the disclosing/producing party or non-party to attempt to resolve the differences. If no accord is reached as to the proper designation of the material, the objecting party shall, on notice to the other party or non-party and any other designating party or non party, apply to the Court for a ruling that the material shall not be so treated. If such application or motion is made, the

producing party or non-party, and any other designating party, will have the burden to establish that the designation is proper. If no such motion is made within 10 days of the objection to the designation, the material will remain as designated. If such a motion is timely made, the material at issue shall be treated as confidential unless and until the Court rules that it should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal being filed.

15. Binding: Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation. This Order is binding on all parties to this litigation, on all third parties who have agreed to be bound by this Order and on all others who have signed the Confidentiality Agreement in substantially the form attached hereto as Exhibit A, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties hereto or by Order of the Court.

16. Time: All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, or to such similar rule as may then be in effect.

SO ORDERED this____ day of July, 2012

_____
Judge

12

1257279.1

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:02cv02280 (RJL) |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | ) |
| Defendants. | ) |

**<u>CONFIDENTIALITY AGREEMENT</u>**

1.   My name is _____. I live at _____ _____. I am employed as (state position) _____ by (state name and address of employer) _____ _____.

2.   I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.   I understand that sanctions may be entered for violation of the Protective Order. I consent to personal jurisdiction over me by the United States District Court for the District of Columbia with respect to the Protective Order.

Executed this ___ day of _____, 20__.


Print Name _____   Signature _____

1257279.1