## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) |  |
| SHABTAI SCOTT SHATSKY, *et al.*, | ) |  |
|  | ) |  |
| Plaintiffs, | ) |  |
| v. | ) | Civil Action No. 1:02cv02280 (RJL) |
|  | ) |  |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | ) | **[IMMEDIATE HEARING** |
|  | ) | **RESPECTFULLY REQUESTED]** |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

### DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING THE SCHEDULING OF PLAINTIFFS' DEPOSITIONS OF THE PALESTINE LIBERATION ORGANIZATION, THE PALESTINIAN AUTHORITY AND ABDEL RAHIM MALOUH

Defendants The Palestine Liberation Organization ("PLO") and The Palestinian Authority ("PA") (collectively, "Defendants"), by counsel, and pursuant to Federal Rule of Civil Procedure 26(c), respectfully move this Court for entry of a protective order modifying the dates for which Plaintiffs have noticed the depositions of the Defendants pursuant to Rule 30(b)(6) and the deposition of Abdel Rahim Malouh, whom Defendant PLO has agreed to present for deposition in his capacity as a member of the PLO's Executive Committee.

Having caused substantial and repeated delays in the scheduling of these three depositions, Plaintiffs recently re-noticed the depositions, unilaterally and on unreasonably short notice, to take place on August 13, 15 and 16, which are not only dates within the Muslim holy month of Ramadan but also dates Defendants had previously told Plaintiffs were unavailable. Defendants have proposed alternative dates in early September (i.e., September 5, 6 and 9) that correspond to other deposition discovery in the case and which are well within the September 19, 2012 fact discovery deadline.

Plaintiffs have refused to modify their chosen deposition dates and have insisted, once again, that Defendants must either appear at the depositions as noticed or seek the entry of a protective order from the Court.  Plaintiffs apparently believe that repeatedly forcing Defendants into this situation and creating a proliferation of motions for protective orders will enhance Plaintiffs' ability to achieve their frequently-stated objective of extending the September 19, 2012 fact discovery period.  By contrast, Defendants are endeavoring to schedule these depositions for dates within the existing discovery period that are feasible and that coincide with other deposition discovery in the Middle East, with the result that fact discovery will conclude within the time period set by the Court over a year ago.

For the foregoing reasons, and those set forth in the accompanying Memorandum of Points and Authorities, Defendants respectfully submit that good cause exists for granting this motion and modifying the noticed dates for the depositions of the Defendants and Mr. Malouh in the manner Defendants have proposed to Plaintiffs.  In additional, due to the imminence of the initially noticed dates, Defendants respectfully request expedited treatment of the motion, including the scheduling of an immediate hearing, so as to avoid unnecessary uncertainty and to clarify the situation.

WHEREFORE, Defendants respectfully request that this Court grant this Motion and enter an order:

1.  Rescheduling the depositions of the Defendants and Abdel Rahim Malouh for the following dates: Abdel Rahim Malouh (September 5, 2012), the PLO (by designees) (September 6, 2012) and the PA (by designees) (September 9, 2012); and

2.  Awarding Defendants such other and further relief as the Court deems just and proper.

## <u>LOCAL RULE 7(m) CERTIFICATION</u>

Counsel for Defendants hereby certifies, pursuant to United States District Court for the

District of Columbia LCvR 7(m), that they have conferred with opposing counsel concerning the

relief sought in the Motion in a good faith effort to resolve the issues raised in the Motion and

have been unable to do so.

Respectfully submitted,

Dated:  August 7, 2012

/s/Richard A. Hibey
Richard A. Hibey (No. 74823)
Mark J. Rochon (No. 376042)
Charles F. B. McAleer, Jr. (No. 388681)
Timothy P. O'Toole (No. 469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W., Suite 900
Washington D.C.  20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)

*Attorneys for Defendants The Palestine Liberation*
*Organization and The Palestinian Authority*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on August 7, 2012, a true and genuine copy of the foregoing

was served via ECF on the following:

> Robert J. Tolchin
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> rjt@tolchinlaw.com
>
> David I. Schoen
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> dschoen593@aol.com
>
> *Attorneys for Plaintiffs*

> /s/Richard A. Hibey
> Richard A. Hibey

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 1:02cv02280 (RJL)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE
ORDER REGARDING THE SCHEDULING OF PLAINTIFFS'
DEPOSITIONS OF THE PALESTINE LIBERATION ORGANIZATION,
THE PALESTINIAN AUTHORITY AND ABDEL RAHIM MALOUH**

**INTRODUCTION**

Substantive disputes aside, parties typically can agree on the scheduling of depositions, especially multi-category Rule 30(b)(6) depositions to be held half-way around the world and when major religious holidays (such as Ramadan, Rosh Hashanah, Yom Kippur and Christmas) are concerned.  Unfortunately, that is not the case here.  Plaintiffs' unilateral selection of dates for three depositions during Ramadan and their insistence that Defendants either show up in the Middle East on two weeks' notice or file motions for protective order has necessitated the Court's intervention.  Plaintiffs should have agreed to the reasonable scheduling proposal proffered by the Defendants or provided a reasonable schedule of their own.  Since Plaintiffs have instead insisted on a manifestly unreasonable course of action, this Court should grant scheduling relief for Defendants from this untenable situation.

Whether this latest gambit is part of a continuing pattern by Plaintiffs since they first announced their desire to extend the September 19, 2012 fact discovery deadline or is the

1266491.1

strategy of the newest member of Plaintiffs' legal team[1] is beside the point.  What matters is that,

for the second time in the scheduling of Rule 30(b)(6) depositions of Defendants, Plaintiffs have

deliberately scheduled those depositions during periods of time that Defendants had already

indicated were unavailable and despite Defendants' proffer of alternative dates soon after the

noticed dates.

In this instance, Defendants have proposed to conduct all three depositions during the

first week of September and, in doing so, have agreed to travel to the Middle East over the Labor

Day Holiday.  Defendants' proposed dates, which coincide with another anticipated deposition in

this case in Jerusalem, are well before the fact discovery deadline and should be acceptable to

any counsel except those trying to manufacture disputes.

For the reasons set forth herein, Defendants respectfully request that the Court reschedule

the dates for the depositions of Abdel Rahim Malouh, the PLO and the PA from the dates

unilaterally noticed by Plaintiffs during Ramadan (August 15, August 13 and August 16,

respectively) to the alternative dates proposed by Defendants when the parties will otherwise be

in the Middle East and that are not within the Muslim holy month of Ramadan (September 5,

September 6 and September 9, respectively).  Defendants regret having to tax the patience of the

Court with such issues, but Plaintiffs' recalcitrance has forced this situation.  In addition, due to

the imminence of the initially noticed dates, Defendants respectfully ask for expedited treatment

of this motion and scheduling of a prompt hearing to clarify the situation.

## SUMMARY OF RELEVANT BACKGROUND

The following summary reveals a clear pattern in Plaintiffs' conduct regarding deposition

scheduling.

---

[1] *See* Notice of Appearance of David I. Schoen, Esq. (July 22, 2012) (DE 158).

On February 1, 2012, five months into the twelve-month fact discovery period, Plaintiffs first announced that "there are a number [of] topics on which [they] would like to conduct Rule 30(b)(6) depositions of the PA and PLO."  Defendants readily agreed to engage in a pre-notice meet and confer process regarding the scope and scheduling of those depositions.  Plaintiffs sent Defendants a draft list of Rule 30(b)(6) topics on February 16, 2012, and the parties scheduled the first extensive meet and confer teleconference regarding those topics on February 21, 2012. Before that teleconference began, Defendants informed Plaintiffs that, due to deposition scheduling conflicts with other cases, as well as the preparation requirements for Rule 30(b)(6) depositions, Defendants could not schedule the depositions for March.  Defendants reiterated these scheduling constraints during the February 21, 2012 meet and confer teleconference.

Plaintiffs then insisted, as a condition of "refrain[ing] from noticing [the Rule 30(b)(6) depositions in March," that Defendants agree to a two-month extension of the fact discovery period.  When Defendants declined because it was premature to do so, Plaintiffs proceeded to issue Rule 30(b)(6) Notices on March 9, 2012, and unilaterally set the depositions for just two weeks later, on March 27, 2012, and April 1, 2012, when Defendants had said they were not available.

When Defendants objected to this strong-arm tactic and reiterated their inability to travel to the Middle East for depositions in March, Plaintiffs sent the following blunt message:

> [T]he situation is very simple: if you provide alternative dates certain in April for those depositions we will re-notice them for those dates (and seek adjustments to the discovery schedule when and as we see fit).  If you will not provide dates certain in April, you will need to either appear on the noticed dates, or file a motion for a protective order after fulfilling your meet and confer obligations (which you have not done).

Email from Robert J. Tolchin to Charles F. B. McAleer, Jr. (March 20, 2012, 2:40 p.m.).

Just three hours later on March 20, Defendants provided Plaintiffs with eight alternative deposition dates for the Rule 30(b)(6) depositions, starting with April 17-18, 2012, and running through May 15, 2012 (i.e., an outside date set by Plaintiffs).  A week later, on March 27, 2012, Plaintiffs issued their Amended Notice of Deposition to the PLO and PA for April 17 and 18, 2012.[2]  Thereafter, Defendants undertook substantial efforts to identify designees for the deposition and conduct the necessary investigation and preparation required by Rule 30(b)(6) in order to meet the April 17 and 18 deadlines.

Rather than proceed with the April 17 and 18 depositions, Plaintiffs instead decided to file a motion seeking advisory rulings from the Court regarding certain deposition issues, including whether Plaintiffs could issue serial Rule 30(b)(6) Notices during the course of the case and what rules governed the taking of the depositions.  *See* Plaintiffs' "Motion for Urgent Resolution Of Threshold Legal Disputes Related to Depositions" (April 6, 2012) (DE 148) ("Plaintiffs' Urgent Motion").  As a result, Plaintiffs canceled the April 17 and 18 depositions they had been so insistent on taking.

Meanwhile, on April 2, 2012, Plaintiffs issued their Renewed Notice of Deposition for Abdel Rahim Malouh, the member of the PLO Executive Committee whose deposition the Plaintiffs had previously noticed and then withdrawn in October 2011.  Once again without consulting with Defendants, Plaintiffs unilaterally set the deposition for May 1, 2012, even though the deposition of another witness in this case, Ahmed Sa'adat, was set for May 14, 2012.

---

[2] Meanwhile, Plaintiffs served Defendants with Plaintiffs' First Request for Documents and First Set of Interrogatories on March 9, 2012, and March 26, 2012, respectively.  In those discovery requests, Plaintiffs set the relevant period for responsive documents and information from February 16, 1998 to February 16, 2002, which is the date of the bombing at issue in the case.  That time period was the same as the one Plaintiffs utilized for the March 9, 2012 Notice of Deposition and March 27, 2012 Notice of Deposition to the PLO and PA.

When Defendants asked that the Malouh deposition be rescheduled to coincide with the May 14,

2012 Sa'adat deposition in order to minimize the number of trips to the Middle East and asked

Plaintiffs to agree to the procedure for the Malouh deposition that Defendants had previously

proposed, Plaintiffs refused:

> [Plaintiffs] don't believe that there is any legal or factual basis to limit the
> deposition as you request and so we cannot agree to do so. Accordingly, there is
> no reason for us to change the deposition date. Based on your email below we
> will assume that the deposition will not proceed as scheduled, and that you will
> move for a protective order prior to May 1.

*See* Email from Robert J. Tolchin to Charles F. B. McAleer, Jr. (April 24, 2012, 12:11 p.m.)

Under the circumstances, Defendants had no choice but to file a Motion for Protective Order

regarding the Malouh deposition. *See* Defendants' "Motion for Protective Order Regarding

Plaintiffs' Renewed Notice of Taking the Deposition of Abdel Rahim Malouh" (April 30, 2012)

(DE 151).

On May 7, 2012, the Court issued a Minute Order denying Plaintiffs' April 6, 2012

Urgent Motion seeking an advisory opinion on the issue of multiple 30(b)(6) depositions.

Inexplicably, Plaintiffs waited over ten weeks after the May 7, 2012, denial of their Urgent

Motion even to mention the possibility of taking Rule 30(b)(6) depositions of the PLO and PA.

*See* Email from Robert J. Tolchin to Charles F. B. McAleer, Jr. (July 17, 2012, 1:01 p.m.)

(identifying July 30, 2012 to August 10, 2012, as the period during which Plaintiffs might

schedule the Rule 30(b)(6) depositions). Right away, Defendants informed Plaintiffs that it

would not be possible for Defendants to schedule the depositions for that period:

> [P]lease be advised that we are not going to schedule any such depositions in the
> absence of Rule 30(b)(6) topics [which Plaintiffs had not sent] and without taking
> into account the schedules of any possible designees, their Rule 30(b)(6)
> preparation time and our own travel schedules. We will also not agree to such
> Rule 30(b)(6) depositions occurring during the month of Ramadan.

Email from Charles F. B. McAleer, Jr. to Robert J. Tolchin (July 17, 2012, 6:43 p.m.).[3]

Once again, however, Plaintiffs did not care to reach agreement regarding the scheduling of the Rule 30(b)(6) depositions of the PLO and PA and ignored Defendants' scheduling issues. On July 30, 2012 and August 2, 2012, respectively, Plaintiffs issued "Second Amended Notices" for the Rule 30(b)(6) depositions of the PLO and the PA, setting the depositions for only two weeks later, on August 13, 2012, and August 16, 2012, respectively.  Not only did Plaintiffs unilaterally set the depositions for dates that Defendants had already indicated were unavailable for Rule 30(b)(6) depositions, Plaintiffs greatly expanded the scope of the Notices from the March 9 and 27, 2012, versions.  Among other things, they expanded the four-year period set forth in the prior Amended Notices, First Request for Production and Documents and First Set of Interrogatories to an eighteen-year period from 1994-2012, ten years of which postdate the February 16, 2002 bombing at issue in the case.

Even though Defendants object to the scope and relevance of several of the Rule 30(b)(6) categories and believe that the overly broad categories unnecessarily complicate the process for identifying and preparing the appropriate designees, Defendants have repeatedly offered to put designees forward on mutually-agreeable dates sufficiently after Ramadan and have suggested that any issues regarding the scope of the categories and the sufficiency of the testimony by the designees should be adjudicated after the depositions and with the benefit of the record (e.g., the questions actually propounded by Plaintiffs and the answers given) to assist the Court. Defendants have also repeatedly proposed specific alternative dates in the first week of

---

[3] Ramadan, which is the Muslim holy month that involves extensive fasting and other religious observances, began on July 19, 2012 and will conclude on August 19, 2012, followed by several days of physical restoration.

September 2012, despite the fact that Defense counsel would have to travel over the Labor Day

holiday weekend. *See* Emails from Charles F. B. McAleer, Jr. to Robert J. Tolchin (July 31,

2012, 12:14 p.m.), (August 1, 2012, 10:53 a.m.), (August 1, 2012, 2:37 p.m.) and (August 5,

2012, 10:32 p.m.).

Plaintiffs have refused all of these offers from Defendants, once again demanding that

Defendants appear or move for a protective order:

> You have presented no good reason to adjourn any of the depositions we have
> noticed and, moreover, such an adjournment would be highly prejudicial to the
> plaintiffs. Accordingly, we will not consent to any adjournments. You need to
> either produce the witnesses on the dates noticed or file timely motions for
> protective orders.
>
> Likewise, plaintiffs completely reject your strange proposal that defendants be
> allowed to serve "objections" to our deposition notices in order to "preserve
> [their] rights [sic] regarding deposition scope issues pending the actual deposition
> itself." That proposal would be extremely prejudicial to the plaintiffs and,
> moreover, conflicts directly with Rule 37(d)(2). The Federal Rules do not
> recognize "objections" to a deposition notice, and any such "objections" by
> defendants would be wholly nugatory and treated as such. In short: defendants
> cannot preserve any "rights" by serving "objections." If you believe that
> defendants should be excused from responding to any of the deposition topics you
> will need to obtain a protective order to that effect in advance of the deposition. If
> defendants appear at the depositions without obtaining such an order and fail or
> refuse to answer questions regarding any of the noticed topics, plaintiffs will seek
> all available remedies and sanctions.

Email from Robert J. Tolchin to Charles F. B. McAleer, Jr. (August 3, 2012, 7:39 a.m.); *see also*

emails from Robert J. Tolchin to Charles F. B. McAleer, Jr. (August 1, 2012, 11:19 a.m.)

(August 7, 2012, 10:09 a.m.).[4]

---

[4] *Id.* (claiming that Plaintiffs "cannot agree to your renewed request to adjourn the Rule 30(b)(6)
depositions. Aside from the severe prejudice to the plaintiffs that would result from such an
adjournment, your renewed proposal is affirmatively misleading, in that it ignores the fact
that defendants do not intend to produce knowledgeable witnesses for all the topics even on the
adjourned dates.")

Meanwhile, on July 30, 2012, the Court granted Defendants' Motion for Protective Order regarding Plaintiffs' April 2, 2012, Renewed Notice of Deposition of Abdel Rahim Malouh, imposing precisely the type of procedure for the Malouh deposition that Defendants had been asking Plaintiffs to accept since October 2011.  Two days later, on August 1, 2012, and without checking with Defense counsel, Mr. Malouh or Mr. Malouh's non-PLO deposition counsel, Plaintiffs unilaterally noticed the Malouh deposition for two weeks later, on August 15, 2012, during Ramadan, again when Defense counsel indicated they were not available for depositions. Defendants have confirmed the availability of Mr. Malouh and his non-PLO counsel for an alternative deposition on September 5, 2012, and they have proposed that alternative date to Plaintiffs, who have refused to reschedule the August 15, 2012, deposition.[5]

## **ARGUMENT**

The foregoing presents a stark record of the Plaintiffs:

- Delaying in the pursuit of the three depositions at issue (e.g., waiting over eleven weeks after the Court's May 7, 2012, Minute Order denying their Urgent Motion to re-notice Rule 30(b)(6) depositions of the PLO and PA);

---

[5] The foregoing does not even address other deposition tactics that Plaintiffs have recently taken.  For example, they rescheduled the Hague deposition of Ahmed Sa'adat for August 2, 2012, i.e., during Ramadan, despite a forewarning from Defendants and despite the unavailability of Sa'adat's deposition counsel, who is a Muslim.  Plaintiffs forced Sa'adat's counsel to seek a postponement of the deposition from the Jerusalem's Magistrate's Court, which he successfully obtained on July 30, 2012.  Since that time, Plaintiffs have refused to confirm the scheduling of the Sa'adat deposition for September 4, 2012, which was a previously agreed-upon date.  Additionally, Plaintiffs issued notices of deposition to the PLO and PA for depositions of three persons for dates during Ramadan (i.e., July 27, 2012, July 29, 2012, and July 30, 2012) even though none of those persons (i.e., Messrs. Ramlawi, al-Ra'i and Qaba) is currently an employee of the PA or PLO.  Yet again, Plaintiffs insisted that Defendants appear for those depositions or seek protective orders.  Although Defendants rejected Plaintiffs' *ipse dixit* contention that PA and PLO were legally obligated to produce those persons for deposition, Defendants had no choice given Plaintiffs' position but to file motions for protective orders out of an abundance of caution.  Defendants did so on August 2, 2012 (*see* DE 159, 160, 161), and those motions are pending before the Court.  Plaintiffs have yet to file their responses to those motions, in which they presumably will disclose whatever evidence they have to support their allegations relating to the three deponents.

- Unnecessarily causing the postponement of previously agreed-upon dates for the depositions (e.g., the October 2011 and May 2012 deposition dates for Abdel Rahim Malouh and the April 2012 dates for the Rule 30(b)(6) depositions of the PLO and PA);

- Taking unreasonable legal positions regarding the depositions that have resulted in adverse rulings and needless delay;

- Deliberately noticing depositions for dates Defendants have already told them were unavailable (e.g., the March 27, 2012 Notice for the deposition of the PLO; the notices of deposition of the PA, PLO, Malouh, Ramlawi, al-Ra'i and Qaba for dates during Ramadan);

- Providing Defendants with unreasonable notice and unreasonable terms for the depositions, particularly when those depositions will occur in the Middle East (e.g., the July 30, 2012 and August 2, 2012 notices of the PLO and PA for depositions two weeks later, during Ramadan, in the Middle East, for topics covering an 18-year period that do not even coincide with the period from Plaintiffs' own discovery requests); and

- Unreasonably insisting that Defendants (and, in fact, counsel for non-parties) must either appear for the depositions on the dates Plaintiffs unilaterally set or seek motions for protective orders (e.g., the Malouh deposition on May 1, 2012; the PLO and PA depositions on August 13, 2012, and August 16, 2012, respectively; and the Ahmed Sa'adat deposition on August 2, 2012).

Defendants have made every effort to reach agreement with Plaintiffs regarding the scheduling and conduct of the depositions, including (a) proposing and agreeing to the depositions of the PLO and PA on April 17 and 18, 2012 (which Plaintiffs subsequently cancelled in favor of their since-denied Urgent Motion), (b) twice agreeing to dates in October 2011 and May 2012 for the deposition of Abdel Rahim Malouh (but which were subsequently postponed because Plaintiffs refused to agree to procedures that the Court in its May 7, 2012 Minute Order recognized as reasonable), (c) proposing alternative dates after Ramadan for the three depositions at issue here that would coincide with other deposition discovery in the Middle East and would be well within the fact discovery deadline and (d) agreeing to proffer Rule 30(b)(6) designees for examination despite an unreasonable set of Rule 30(b)(6) topics.

In the face of Plaintiffs' recalcitrance, Defendants are left with no choice but to seek the Court's assistance regarding the rescheduling of the depositions of the PLO, the PA and Abdel Rahim Malouh.  Defendants respectfully submit their proposed dates (September 5, 6 and 9) are reasonable and would result in an efficient deposition process, taking into account the schedule of a non-party counsel (Mr. Malouh's non-PLO counsel) and the travel and work schedules of counsel for the parties.  With respect to the Rule 30(b)(6) depositions in particular, the proposed dates are essential in order to permit Defendants sufficient time to identify the necessary designees, conduct the necessary investigation regarding each category and prepare the designees for testimony, particularly given the travel associated with that process and the translation impediments, both as to witnesses and documents.

It is unreasonable for Plaintiffs to require Defendants to prepare for and travel to Rule 30(b)(6) depositions of the PLO and PA on two- weeks' notice, during Ramadan and in the middle of August, especially when alternative dates are available shortly thereafter and the alleged time "urgency" before the close of fact discovery results from Plaintiffs' tactical decision to wait over eleven weeks after the Court's May 7, 2012 Minute Order to re-notice the depositions of the PLO and the PA.  As to the Malouh deposition, it is equally unreasonable for Plaintiffs to require Mr. Malouh to prepare and sit for a deposition during Ramadan, when his counsel has already indicated he is unavailable, when there are alternative dates soon after Ramadan, and when Plaintiffs' unreasonable actions prevented the Malouh deposition from occurring on two prior occasions (October 2011 and May 2012) when Mr. Malouh was willing to sit for his deposition.

Defendants make one final note.  Plaintiffs, among other unreasonable positions, will undoubtedly argue that this Court must take the time now to resolve the disputes about the scope,

topics, and time periods, in their expanded Rule 30(b)(6) notices.  This is a ploy.  By making such unreasonable demands in the notices, Plaintiffs hope for a *de facto* extension of discovery, as resolution of those issues would be time consuming, especially with no record.  Defendants will not fall for this, and they have offered to put forth witness(es) for Rule 30(b)(6) examination, with Plaintiffs free to complain after those depositions if they feel they have not gotten information to which they are entitled.  Obviously, if Plaintiffs seek to file a motion complaining about the depositions after the fact, the Court will be free to resolve it, but it will be in a context where, if their complaints are unavailing, discovery will be over.  In the unlikely event Plaintiffs have anything to complain about, the Court can give them appropriate relief. However, for now, the only issue on which Defendants seek a ruling is that the depositions scheduled during Ramadan should not go forward, and that they should be rescheduled for the dates referenced herein, during the first week of September.

## CONCLUSION

For the foregoing reasons, Defendants respectfully submit that their Motion should be granted and Defendants' proposed alternative dates for the depositions of Abdel Rahim Malouh, the PLO and the PA should be set by the Court.  A proposed order is submitted herewith.

Respectfully submitted,

Dated:  August 7, 2012

/s/Richard A. Hibey
Richard A. Hibey (No. 74823)
Mark J. Rochon (No. 376042)
Charles F. B. McAleer, Jr. (No. 388681)
Timothy P. O'Toole (No. 469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W., Suite 900
Washington D.C.  20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)

*Attorneys for Defendants The Palestine Liberation Organization and The Palestinian Authority*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on August 7, 2012, a true and genuine copy of the foregoing

was served via ECF on the following:

> Robert J. Tolchin
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> rjt@tolchinlaw.com
>
> David I. Schoen
> 2800 Zelda Road, Suite 100-6
> Montgomery, AL 36106
> dschoen593@aol.com
>
> *Attorneys for Plaintiffs*


                                        /s/Richard A. Hibey
                                        Richard A. Hibey