UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.,

        Plaintiffs,                Civ. No. 02-2280-RJL

    v.

THE SYRIAN ARAB REPUBLIC, et al.,     **[IMMEDIATE HEARING RESPECTFULLY REQUESTED]**\*

        Defendants.

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER REGARDING THE SCHEDULING OF PLAINTIFFS' DEPOSITIONS OF THE PALESTINE LIBERATION ORGANIZATION, THE PALESTINIAN AUTHORITY AND ABDEL RAHIM MALOUH**

Plaintiffs respectfully submit this memorandum in opposition to defendants' Motion for Entry of a Protective Order Regarding the Scheduling of Plaintiffs' Depositions of the Palestine Liberation Organization, the Palestinian Authority and Abdel Rahim Malouh. DE 163.

It is black-letter law that a "party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Alexander v. F.B.I.*, 186 F.R.D. 71, 75 (D.D.C. 1998). *See also* Wright and Miller, 8A *Federal Practice and Procedure* § 2035 (3d ed.) ("The courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements, in order to establish good cause.") (collecting cases).

---

\* Defendants have requested an immediate hearing to resolve the growing number of outstanding discovery disputes in this case. *See* DE 163 at 1. Plaintiffs agree fully that a hearing at the Court's first available date is necessary, in order to resolve those disputes.

1

Defendants' motion does not merit a lengthy response, and can and should be <u>summarily</u> denied, because it does not even attempt to make a "particular and specific demonstration of fact" and is based entirely on "stereotyped and conclusory statements."

The vast majority of defendants' motion is dedicated to an intemperate and baseless tirade about the imaginary history of plaintiffs' maneuvers and schemes to delay discovery (as if plaintiffs have a reason to delay resolution of their own suit for damages), none of which screed is relevant in the slightest to the only issue at hand: i.e., whether defendants are entitled to a protective order regarding the dates of <u>the deposition notices at issue</u>. The few sentences in defendants' motion which purport to address that issue fail to do so:

Defendants' main "ground" in support of their motion is that counsel were purportedly "unavailable" on the dates noticed by plaintiffs and/or that the dates were not convenient – but this is exactly the type of "conclusory" argument which this court has refused to accept. *Alexander*, 186 F.R.D. at 75. Defendants do not even <u>attempt</u> to provide the requisite "specific demonstration of facts" (*id*.) as to why they were unable to attend on those dates. This argument must therefore be rejected. Indeed, LCvR 30.1 expressly provides that: "Service of a notice of deposition seven days in advance of the date set for taking the deposition shall constitute 'reasonable notice' to a party as required by Rule 30(b), Federal Rules of Civil Procedure, unless the deposition is to be taken at a place more than 50 miles from the District of Columbia, in which case 14 days shall constitute reasonable notice." Plaintiffs' notices complied with this notice requirement and were therefore reasonable.

Defendants' bald claims that they were unable to adequately prepare the witnesses within the time allotted are not only fatally non-specific and contrary to LCvR 30.1, but are <u>contradicted</u> <u>by defendants' own recitation of plaintiffs' previous attempts to conduct these depositions</u>.

Since defendants now indignantly insist that they were prepared to conduct these depositions <u>earlier</u> in the discovery period, it is absurd to claim, as defendants do, that did not have adequate time to prepare the witnesses.

Defendants' argument regarding the scheduling of depositions during the month of Ramadan is likewise baseless. If defendants wanted to bar depositions <u>during the entire month of Ramadan</u> they should have sought to include a proviso to that effect in the scheduling order. Moreover, defendants have not even claimed, much less shown, that holding depositions during Ramadan is prohibited by or would violate any tenet of Islam. Indeed, defendants have not even claimed that the witnesses observe Ramadan, or that they are even Muslims.

Furthermore – and dispositively – defendants fail to mention that plaintiffs' counsel expressly offered during the parties' meet and confer attempts to adjust the hours of the depositions to accommodate any witnesses who requested such an adjustment.

Finally, while defendants harp incessantly on their offer to hold these depositions during the first week of September, they "neglect" to mention that by consenting to such a modification plaintiffs would be unable to serve defendants with additional, follow-up requests for production or interrogatories based on what they learn at the depositions more than 30 days before the current September 19, 2012, discovery deadline. Indeed, it appears that defendants' goal in delaying the depositions, and in filing this motion, is to prevent such follow-up discovery.

**WHEREFORE**, defendants' motion should be denied.

Plaintiffs, by their Attorneys,

/s/ Robert J. Tolchin
Robert J. Tolchin (NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rjt.berkman@gmail.com

David I. Schoen (DS0860)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611
DSchoen593@aol.com

Counsel for Plaintiffs