IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*,<br><br>                Plaintiffs,<br>v.<br><br>THE SYRIAN ARAB REPUBLIC, *et al.*,<br><br>                Defendants. | Civil Action No. 1:02cv02280 (RJL) |

**DEFENDANTS' MOTION FOR LEAVE TO FILE NON-DAMAGES EXPERT DISCLOSURES AND REPORTS *IN CAMERA* AND UNDER SEAL**

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, the "Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 26(c)(1)(H) and Local Rule ("LCvR") 5.1(j), respectfully move this Court for an order allowing Defendants to file their expert disclosures and reports regarding liability issues with the Court *in camera* and under seal.  Plaintiffs did not serve their expert disclosures and reports regarding liability issues on the date such reports were due under the Court's Scheduling Order (DE 136), October 19, 2012.  Despite Plaintiffs' failure to timely serve their expert disclosures and reports regarding liability issues, Defendants diligently prepared their own non-damages expert disclosures and reports and seek, in the interest of fairness, to file them under seal with the Court without serving them on Plaintiffs' counsel.  In support thereof, Defendants submit the accompanying Memorandum of Points and Authorities.

**LOCAL RULE 7(m) CERTIFICATION**

Counsel for Defendants hereby certify, pursuant to United States District Court for the District of Columbia LCvR 7(m), that they have conferred with opposing counsel concerning the

relief sought in the Motion by email in a good faith effort to resolve the issues raised in the Motion and have been unable to do so.

WHEREFORE, Defendants respectfully request that the Court grant this motion and enter an order allowing the Defendants to serve their expert disclosures and five expert reports regarding liability issues with the Court *in camera* and under seal.  If the Court denies Plaintiffs' requests for an extension of their deadline for serving liability expert disclosures and reports, Defendants will serve Plaintiffs' counsel with the expert disclosures and five expert reports submitted to the Court with this motion, which will no longer need to be held *in camera* and under seal by the Court  Alternatively, if the Court grants Plaintiffs an extension, Defendants request that the Court return the expert disclosures and five expert reports to counsel for the Defendants so that Defendants can prepare alternative non-damages expert disclosures and reports according to the new time frame ordered by the Court.

A proposed Order is being filed with this Motion.

Dated:  November 19, 2012                                  Respectfully submitted,


/s/ Richard A. Hibey
Richard A. Hibey (No. 74823)
Mark J. Rochon (No. 376042)
Charles F. B. McAleer, Jr. (No. 388681)
Timothy P. O'Toole (No. 469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W., Suite 900
Washington D.C.  20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)

*Attorneys for Defendants The Palestinian Authority and The Palestine Liberation Organization*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on November 19, 2012, a true and genuine copy of the foregoing was served via ECF on the following:

>Robert J. Tolchin
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>rjt@tolchinlaw.com
>
>David I. Schoen
>2800 Zelda Road, Suite 100-6
>Montgomery, AL 36106
>dschoen593@aol.com
>Schoenlawfirm@gmail.com
>
>*Attorneys for Plaintiffs*

>/s/Richard A. Hibey
>Richard A. Hibey

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:02cv02280 (RJL) |
| ) | |
| THE SYRIAN ARAB REPUBLIC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE NON-DAMAGES
EXPERT DISCLOSURES AND REPORTS *IN CAMERA* AND UNDER SEAL**

Defendants The Palestinian Authority ("PA") and The Palestine Liberation Organization ("PLO") (collectively, the "Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Local Rule ("LCvR") 5.1(j), respectfully submit the following Memorandum of Points and Authorities in Support of their Motion for Leave to File Non-Damages Expert Disclosures and Reports *In Camera* and Under Seal, and state as follows:

**BACKGROUND**

The Court's Scheduling Order states that "Plaintiffs shall serve their Rule 26(a)(2) expert disclosures and reports within thirty (30) days after the [September 19, 2012] deadline for completion of fact discovery," that is, on October 19, 2012. *See* DE 136 at 2 (¶ 6). The Scheduling Order further states that "Defendants shall serve their Rule 26(a)(2) expert disclosures and reports within thirty (30) days after service of plaintiffs' Rule 26(a)(2) expert disclosures and reports," which, if Plaintiffs had met their deadline, falls on November 19, 2012. *Id.*  Plaintiffs did not serve their expert disclosures and reports regarding liability issues on October 19, 2012, instead choosing to file two motions to compel (DE 168 and DE 169) on that

same date. Both of Plaintiffs' motions to compel filed on October 19th seek an extension for Plaintiffs to serve their expert disclosures and reports regarding liability issues. *See* DE 168 at 17-19; DE 169 at 5-8. However, as Defendants explain in their oppositions to Plaintiffs' motions (DE 171 and DE 173), Plaintiffs' request for an extension is not supported by the law or the circumstances of this case, even if Plaintiffs were granted the other relief sought in those motions (which Defendants oppose). *See* DE 171 at 13-14; DE 173 at 30-34.[1]

Defendants' counsel attempted to engage Plaintiffs' counsel in a dialogue concerning the relief Defendants seek in this motion and in the other motion Defendants are filing today, but could not obtain Plaintiffs' consent. *See* Memorandum of Points and Authorities in Support of Defendants' Motion for an Indefinite Extension of Their Damages Expert Witness Disclosure Submission Date, at 2-3 (referencing Exhibits 1 through 4).

Despite Plaintiffs' failure to timely serve their expert disclosures and reports regarding liability issues, and despite the fact that Defendants' own expert disclosures and reports are not due until thirty days after Plaintiffs serve their own such disclosures and reports, Defendants nonetheless prepared expert disclosures and five expert reports regarding liability issues and seek leave to file them, *in camera* and under seal, with the Court today. *See* Exhibit A (Defendants The Palestine Liberation Organization and The Palestinian Authority's Disclosure of Non-Damages-Related Expert Testimony); Exhibit B (Non-Damages-Related Expert Report #1); Exhibit C (Non-Damages-Related Expert Report #2); Exhibit D (Non-Damages-Related Expert

---

[1] Plaintiffs also moved for an extension of their liability expert discovery deadline in two subsequent motions, a November 5, 2012 motion to compel, *see* DE 172 at 10-11, and a November 14, 2012 motion for preclusion, DE 175 at 20-21. Though Defendants' oppositions to these two motions are not yet due, Plaintiffs' two additional requests for an extension should fail for similar reasons to those articulated by the Defendants in their oppositions to Plaintiffs' prior requests. *See* DE 171 at 13-14; DE 173 at 30-34.

2

Report #3); Exhibit E (Non-Damages-Related Expert Report #4); and Exhibit F (Non-Damages-Related Expert Report #5) (all Exhibits, A-F, filed **UNDER SEAL**).[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1)(H) permits the Court to order that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the Court, *i.e.*, *in camera* and under seal. The general purpose of Rule 26(c)(1)(H) is to protect the parties from fraud and to "*prevent one party from acquiring an unfair advantage over the other.*" *See* 6-26 Moore's Federal Practice – Civil § 26.105 (emphasis added). This can sometimes be achieved by a simultaneous exchange of sensitive information so that neither party is privy to the other party's information first. *Id.* Pursuant to LCvR 5.1(j), "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *United States v. Hubbard*, 650 F.2d 293, 316-17 (D.C. Cir. 1980) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Accordingly, for "good cause shown," and pursuant to Rule 26(c) and LCvR 5.1(j), the Court may grant a motion to file documents *in camera* and under seal as part of an order "which justice requires to protect a party." Fed. R. Civ. P. 26(c).

## ARGUMENT

Defendants' request in this motion is driven solely by Plaintiffs' failure timely to serve their expert disclosures and reports regarding liability issues. In the interest of justice and fairness, and as anticipated by and articulated in Rule 26(c)(1)(H) and LCvR 5.1(j), Defendants

---

[2] While Non-Damages-Related Expert Report #5, submitted as Exhibit F, principally addresses liability issues, it also touches on aspects of damages claimed under foreign law.

merely seek leave to file their non-damages expert disclosures and five expert reports, due today, *in camera* and under seal until the Court rules on Plaintiffs' requests to extend their deadline for serving liability expert disclosures and reports. If the Court, as Defendants advocate, denies Plaintiffs' requests for an extension, then Defendants will immediately serve Plaintiffs with the expert disclosures and five expert reports submitted to the Court (Exhibits A through F), and they will no longer need to be held by the Court *in camera* and under seal. If the Court instead grants Plaintiffs' requests for an extension, then Defendants would ask that the Court return the non-damages expert disclosures and five expert reports attached to this motion and allow Defendants to submit new expert disclosures and reports thirty days after Plaintiffs submit theirs, as contemplated by ¶ 6 of the Court's Scheduling Order. *See* DE 136 at 2 (¶ 6).

While Rule 26(c)(1)(H) contemplates simultaneous filings under seal, it is designed to "*prevent one party from acquiring an unfair advantage over the other.*" *See* 6-26 Moore's Federal Practice – Civil § 26.105 (emphasis added). If Defendants serve their timely non-damages expert reports on Plaintiffs instead of seeking to file them under seal with the Court today, and Plaintiffs were later granted an extension of their deadline for submitting their own such reports, then the Plaintiffs would gain an unfair advantage simply due to the Defendants' adherence to their own deadline. Moreover, the factors the Court should consider in determining whether to allow a party to file documents under seal weigh in favor of granting Defendants' request.[3] The non-damages expert disclosures and reports submitted by Defendants here would

---

[3] Federal Courts in the District of Columbia have considered the following factors when deciding whether to allow documents to be filed under seal: (1) The need for public access to the documents at issue; (2) The extent of previous public access to the documents at issue; (3) The fact that someone has objected to disclosure, and the identity of that person; (4) The strength of any property or privacy interests asserted; (5) The possibility of prejudice to those opposing disclosure; and (6) The purposes for which the documents were introduced during the judicial proceedings. *See Hubbard*, 650 F.2d at 317-22.

be filed *in camera* and under seal for a limited time and, if they become relevant to the proceedings (which would occur if the Court denies Plaintiffs' requests for an extension of their deadline for serving liability expert disclosures and reports), Defendants will immediately serve them on Plaintiffs and they will no longer need to be held by the Court *in camera* and under seal. Plaintiffs and their counsel would have no need to review the reports unless their extension requests are denied, and if Plaintiffs are granted an extension they will receive Defendants' non-damages expert disclosures and reports in due course. In short, there is no public policy argument against granting Defendants' request to submit their non-damages expert disclosures and five expert reports *in camera* and under seal at this time.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Leave to File Non-Damages Expert Disclosures and Reports *In Camera* and Under Seal should be granted. A proposed Order is attached.

Dated: November 19, 2012                           Respectfully submitted,

/s/ Richard A. Hibey
Richard A. Hibey (No. 74823)
Mark J. Rochon (No. 376042)
Charles F. B. McAleer, Jr. (No. 388681)
Timothy P. O'Toole (No. 469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W., Suite 900
Washington D.C. 20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)

*Attorneys for Defendants The Palestinian Authority and The Palestine Liberation Organization*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, on November 19, 2012, a true and genuine copy of the foregoing, absent Exhibits A through F, was served via ECF on the following:

>Robert J. Tolchin
>The Berkman Law Office, LLC
>111 Livingston Street – Suite 1928
>Brooklyn, NY 11201
>rjt@tolchinlaw.com
>
>David I. Schoen
>2800 Zelda Road, Suite 100-6
>Montgomery, AL 36106
>dschoen593@aol.com
>Schoenlawfirm@gmail.com
>
>*Attorneys for Plaintiffs*

                                   /s/ Richard A. Hibey
                                   Richard A. Hibey