```
 1                 UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
 2                       MIAMI DIVISION
 3           Case No. 04-Civ-20225-SEITZ/O'SULLIVAN
 4
    MOSHE SAPERSTEIN, et al,
 5
 6
                  Plaintiffs,
 7
    vs.                                    MIAMI, FLORIDA
 8                                         APRIL 29, 2010
 9  THE PALESTINIAN AUTHORITY;
    THE PALESTINE LIBERATION
10  ORGANIZATION,
11
                  Defendants.
12
13           TRANSCRIPT OF INFORMAL DISCOVERY HEARING
             BEFORE THE HONORABLE JOHN J. O'SULLIVAN,
14                UNITED STATES MAGISTRATE JUDGE
15  APPEARANCES:
16
    FOR THE PLAINTIFFS:
17
18                            BERKMAN LAW OFFICE, LLC
                              111 Livingston Street
19                            Suite 1928
                              Brooklyn, NY 11201
20                            BY: ROBERT J. TOLCHIN, ESQ.
21
                              BY: ISAAC M. JAROSLAWICZ, ESQ.
22                            1177 Kane Concourse
                              Suite 222
23                            Bay Harbor Islands, FL  33154
24
    REPORTED BY:              JERALD M. MEYERS
25                            TELEPHONE: 954-431-4757
```

```
 1  sufficient?
 2        MR. TOLCHIN:  An objection is not sufficient.  A party
 3  opposing a deposition cannot file objections and must seek a
 4  protective order and cannot put or serve an objection and put
 5  the onus on the other side to move to compel.
 6        I have a bunch of citations here.  And what is
 7  astonishing about these citations is I will tell you where I
 8  lifted them from; a letter to Mr. McAleer in another case dated
 9  June 24, 2009 where he did the same maneuver of serving
10  objections, and he received this letter saying, "You cannot do
11  that.  Here are the cases that say you have to move for a
12  protective order."
13        So when he says he believed that this is the proper
14  procedure, and he doesn't know, that's just documented not to
15  be so.
16        MR. McALEER:  It appears that counsel was just holding
17  up a letter --
18        MR. TOLCHIN:  Would you like to look at it?
19        MR. McALEER:  -- from his colleague Mr. David
20  Strackman.
21        MR. TOLCHIN:  Absolutely.
22        MR. McALEER:  Yes.
23        MR. TOLCHIN:  Do you want to look at it?
24        MR. McALEER:  No, thank you.  I don't need to.  Would
25  you like to see it, Your Honor?
```

1              THE COURT:  No.

2              MR. TOLCHIN:  The citation is New England Carpenters

3  242 Federal Rules Decisions.  I only have the pin cite at 165.

4              "What is not proper practice is to refuse to comply

5  with the notice; put the burden on the party noticing the

6  deposition to file a motion to compel and then seek to justify

7  non-compliance in opposition to the motion to compel.

8              Oh.  Here is the rule cite.  I am sorry.  It is 242

9  F.R.D. 164, District of Massachusetts, 2007.

10             THE COURT:  Okay.

11             MR. TOLCHIN:  And there are multiple cases all saying

12  essentially the same thing.

13             THE COURT:  Where is that case from?

14             MR. TOLCHIN:  That's from Massachusetts.

15             THE COURT:  All right.  What do you say about that,

16  Mr. McAleer?

17             MR. McAleer:  Your Honor, I haven't seen Mr. Tolchin's

18  cases.  I disagree.

19             THE COURT:  Well, he says there is a letter that was

20  written to you in another case that put you on notice about

21  this stuff.

22             Obviously, you are a smart man.  You must have been,

23  you know, at least aware that it was an issue.  You knew that

24  this issue was coming up today.

25             Did you do any research to find any law to the

1  contrary to what Mr. Tolchin is saying that says that the
2  burden is on him to go forward and get a motion to compel
3  rather than you get a protective order?
4          MR. McAleer:  Well, Your Honor, in the context of this
5  notice, looking at category 1 which talks about transfers out
6  from the PNF during this time period, the objection that we
7  served was, and it is reflected in item C, was to the extent
8  that he was construing it more broadly than this court's
9  rulings had allowed, and we were objecting.
10         THE COURT:  Okay.
11         MR. McALEER:  Now, one has to be in the context of the
12  deposition to understand did I feel that that created the
13  circumstances that obligated me to file a motion for protective
14  order or to seek leave to file a motion for protective order?
15  No.
16         THE COURT:  Okay.  All you have to do is set it down
17  for a discovery hearing.  All right.  I am ready to rule.
18         MR. McALEER:  But, Your Honor, may I be heard on
19  the --
20         THE COURT:  I am ready to rule, Mr. McAleer.  I am
21  sorry.  I heard enough.
22         MR. McALEER:  But I haven't been able to address the
23  substance of the issue.
24         THE COURT:  There is no substance.  You should have
25  filed a motion for a protective order before the deposition is

1  what I am finding.  You did not.  Therefore, you waived any
2  objection to this, and I am not going to rule on your
3  objection.  I will tell you, though --
4              MR. McALEER:  But the witness testified --
5              THE COURT:  I will tell you that looking at this, you
6  know, in your interpretation of my prior ruling would not
7  relate to a deposition because I have narrowed that prior
8  ruling due to the burden of producing all of those documents,
9  and producing every document that was, you know, from zero to
10 $250, and that would not have been my ruling, anyway, on a
11 deposition.  On the deposition, the person can be prepared to
12 testify in regards to any, you know, transfers of money.
13             MR. McALEER:  But Prime Minister Fayyad testified
14 fully on category 1.
15             THE COURT:  Oh.  Well, I mean, oh, you are saying
16 that.  I thought you meant, so why are you even arguing this
17 thing?  If you think he testified to it, why are you arguing
18 about why you made an objection?
19             MR. McALEER:  The court asked if I served objections.
20             THE COURT:  Oh, okay. I am sorry.  If you think that
21 he responded, then that's fine.  You can make that argument.
22             I thought you were making an argument that I should
23 determine the relevance of category number 1.
24             MR. McALEER:  No, Your Honor.
25             THE COURT:  Okay.  Go ahead.