UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.,

        Plaintiffs,                Civ. No. 02-2280-RJL

    v.

THE SYRIAN ARAB REPUBLIC, et al.,

        Defendants.

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR AN INDEFINITE EXTENSION OF THEIR DAMAGES EXPERT WITNESS DISCLOSURE SUBMISSION DATE

The plaintiffs respectfully submit this response to defendants' Motion for an Indefinite Extension of Their Damages Expert Witness Disclosure Submission Date [DE 178]. For the reasons set forth below, plaintiffs consent to the Motion because it preserves the status quo.

While plaintiffs do not agree with defendants' characterization of events in their Motion[1], plaintiffs agree to the relief requested therein. Indeed, by requesting such relief, defendants implicitly recognize that there is a need for the relief plaintiffs have requested in their recent motions [DE 168, 169, 172, 175, 181], including extension of the fact and expert discovery deadlines, and thus a need to preserve the status quo for all parties. If the Court adjourns

---

[1] While plaintiffs have generally noted for the record their disagreement with defendants' portrayal of events, and while it is unnecessary to expand thereon since plaintiffs consent to the relief sought, plaintiffs are constrained to point out that defendants' claims that plaintiffs "refused to sit for … Rule 35 examinations" [DE 178 at 1] and "refused to provide, disclose or produce damages-related materials and information" [DE 178 at 2] are flat out false. The facts are that (1) defendants never scheduled any Rule 35 exams and (2) defendants requested plaintiffs' medical records only on August 3, 2012, some 6 weeks before the end of discovery (and about 2 weeks before the final deadline to serve such requests) and plaintiffs have produced copies of all their medical records.

plaintiffs' expert disclosures deadlines, as, respectfully, it should, it would be appropriate for defendants' expert disclosures deadlines to be correspondingly extended.

Plaintiffs note that this Motion could have been avoided if defendants had engaged in a proper meet and confer. Instead, defense counsel, Charles McAleer, Jr., called the office of David Schoen, plaintiffs' counsel, at 4:23 in the afternoon on Friday, November 16, 2012, the beginning of the Jewish Sabbath when it is prohibited to speak on the phone. Not being able to reach Mr. Schoen, Mr. McAleer left a voicemail message concerning his intent to file the Motion the following Monday, November 19. Plaintiffs did not have sufficient details about the content of the Motion to take a position, and by the time Mr. Schoen received that message on Sunday, November 18, 2012, it was not possible to arrange a proper meet and confer.

Had plaintiffs been timely informed by defendants' counsel of the specific relief being requested by defendants in the Motion, they would have consented in advance to the relief.

Plaintiffs, by their Attorneys,

/s/ Robert J. Tolchin
Robert J. Tolchin (NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rjt.berkman@gmail.com

David I. Schoen (DS0860)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
(334) 395-6611
DSchoen593@aol.com

Counsel for Plaintiffs