**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHABTAI SCOTT SHATSKY, et al.,

    Plaintiffs,      Civ. No. 02-2280-RJL

   v.

THE SYRIAN ARAB REPUBLIC, et al.,

    Defendants.

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL
PRODUCTION OF DOCUMENTS HELD BY DEFENDANTS' INSTITUTE FOR THE
SUPPORT OF "MARTYRS" (SUICIDE TERRORISTS), AND FOR RELATED RELIEF**

**<u>Introduction</u>**

   Defendants are clearly adherents of the maxim that "a good offense is the best defense."

Of their 13-page opposition, just over 1 page (339 words to be exact) addresses the merits of

plaintiffs' motion. DE 185 at 10-11. The balance of the opposition consists essentially of attacks

on plaintiffs for their purported sins in a slew of irrelevant contexts, ranging from other motions

filed in this case, to other cases entirely. Obviously, defendants intend this tactic to distract the

Court from the actual issues. This Court should not, and the plaintiffs will not, be so distracted.

Therefore, this reply will first address the few substantive arguments raised by defendants, and

only then, and only as necessary, defendants' other, non-merits arguments and assertions.

   As shown below, plaintiffs' motion should be granted on the merits, and defendants'

other arguments (including their claim that plaintiffs did not meet and confer) are baseless.

## ARGUMENT

### A.  Defendants Misstate the Respective Burdens on the Parties

Defendants assert that plaintiffs' motion should be denied because: "Plaintiffs have failed to sustain their burden of showing a discovery violation by Defendants." DE 185 at 10. This argument is mistaken, and misunderstands the operation of Rule 37. That rule "envisions a two-step process. A party first obtains an order compelling discovery under Rule 37(a); if the other side fails to comply with that order, the party then moves for sanctions under Rule 37(b) for the other side's failure to comply with the court's order." *Bruggemann v. Amacore Group, Inc.*, 2011 WL 1899251 at *3 (M.D.Fla. 2011). *See also e.g. Black Panther Party v. Smith*, 661 F.2d 1243, 1251 (D.C. Cir. 1981) (*rev'd on other grounds*) ("[A]ppellees were first required to move for an order compelling discovery under Rule 37(a). If appellants refused to obey this order, then sanctions could be sought under Rule 37(b).").

Indeed, a party *cannot* seek relief for a "discovery violation" under Rule 37(b) unless it first obtains an order to compel under Rule 37(a), and that order is violated. "Having failed to seek an order compelling production of the … documents, Plaintiff cannot now seek sanctions pursuant to Rule 37 … As Plaintiff never filed a motion to compel production pursuant to Rule 37(a)(2)(B), Rule 37(b)(2) does not afford Plaintiff any relief." *Naiditch v. Banque De Gestion*, 1995 WL 117872 at * 4 (N.D.Ill. 1995). *See also e.g. Carnathan v. Ohio Nat. Life*, 2008 WL 4000392 at *1 (M.D.Pa. 2008) (Rule 37(b) sanction for discovery violation "can only be sought after an order to provide the information is granted and the withholding party fails to obey it.").

Therefore, plaintiffs are not required to show any "discovery violation" in order to obtain the relief sought in this motion. Rather, where, as here, a party moves under Rule 37(a) simply to *compel production* of documents, the only showing needed is that the documents are *relevant*.

"The party that brings the motion to compel bears the initial burden of explaining how the requested information is relevant. The burden then shifts to the non-moving party to explain why discovery should not be permitted." *Navajo Nation v. Peabody Holding*, 255 F.R.D. 37, 46 (D.D.C. 2009) (citations and quotation marks omitted).

Thus, defendants misstate and inflate the burden on plaintiffs, and ignore their own burden: under the Federal Rules, it was plaintiffs' job to show only that the documents sought in their requests are *relevant*; and it was defendants' burden – if they viewed the requests as somehow objectionable (e.g., as overbroad, burdensome, etc.) to *assert* and convince the Court of any such objections. "[T]he party resisting discovery has the burden to show how requested discovery is objectionable. That burden requires the objecting party *to show in its response to a motion to compel* how each request for production is objectionable." *Quality Time, Inc. v. West Bend Mut. Ins. Co.*, 2012 WL 5499555 at *2 (D.Kan. 2012) (footnote omitted) (emphasis added).

**B.  Plaintiffs Have Met Their Burden; Defendants Have Not**

Plaintiffs' motion seeks to compel production of "all documents referencing the February 16, 2002, suicide bombing in this case, and all documents referencing suicide bomber Sadeq Hafez, within the possession, custody, or control of defendants' 'Institute for the Care of Martyrs' Families and the Injured.'" DE 172 at 1.  Such documents are responsive to plaintiffs' first and fourth requests for production and, as explained in their motion (and as is obvious), these documents are highly relevant because they reflect defendants' state of mind (i.e. they show that defendants encourage and support suicide terrorism) and are evidence that defendants' provision of benefits to families of suicide terrorists such as Hafez incentivized the bombing and constitute ratification of the bombing by the defendants. *Id*. at 3-10. (citing *Linde v. Arab Bank*,

384 F.Supp.2d 571, 584-5 (E.D.N.Y. 2005) (Payment of benefits to families of suicide terrorists incentivized attacks and so stated ATA claim against bank).

Plaintiffs have thus met their burden to show relevance; indeed, defendants (wisely) do not even challenge, and so concede, the relevance of the documents sought.

For their part, defendants have not met, or even *attempted* to meet, their burden "to show in [their] response to [the] motion to compel how each request for production is objectionable." *Quality Time*, 2012 WL 5499555 at *2. Therefore, defendants have waived any such objections. "When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D.Kan. 1999).

Accordingly, plaintiffs are entitled to the relief sought.

**C.  Defendants' "Factual" Claims Are Evasive and Baseless**

Lacking any legal basis to oppose plaintiffs' motion, defendants attempt to mount a factual defense, claiming that they are "unaware" of having the documents sought. DE 185 at 10. In support of this claim, defendants point to a declaration submitted by the head of their Martyr's Institute, Ms. al-Wazeer, in the *Sokolow v. PLO* case. Defendants' reliance on that declaration (which is part of Exhibit F to their opposition) fails for two dispositive reasons:

*First*, the declaration is invalid because it states that Ms. al-Wazeer is not fluent in English. *Id*. While Ms. al-Wazeer (or, more accurately, whoever wrote the declaration and asked her to sign it) claims that she was shown an Arabic translation (which is not provided), that statement is meaningless, both because Ms. al-Wazeer cannot understand it in the first place, and because she has cannot know if any translation was accurate. Thus, the declaration is nugatory.

*Second*, and more importantly, the al-Wazeer declaration addresses *only* the list of Gaza-based terrorists referenced in Appendix H of Dr. Banat's dissertation (DE 172 at Exhibit C, p. 385), and says *nothing* whatsoever about Table no. 79 of Banat dissertation which, as Dr. Banat explicitly notes, contains the "names of *all* Palestinian suicide martyrs ... in the **West Bank** and Gaza Strip" which list of names he "***obtained from***" defendants' Martyrs Institute. *See* DE 172 at Exhibit C at 200 (confirming that the information in Table 79 was received from defendants' martyrs' Institute) and at 330 (Table 79, identifying Hafez as the bomber and a PFLP operative). Thus even if it could be credited, the al-Wazeer declaration is simply off-topic.

The bottom line is that Dr. Banat explicitly states that he received documents from defendants relating to Sadeq Hafez (and other West Bank suicide terrorists) and defendants have failed to address, much less refute, that statement. Indeed, the fact that defendants have submitted a declaration addressing only the list referenced in Appendix H of the dissertation but *ignoring* the materials "obtained from" defendants which Dr. Banat states he used to create Table no. 79 of the dissertation – which was the gravamen of plaintiffs' motion – says it all.

Plaintiffs are not required to "take defendants' word for it" that they do not have the materials that Dr. Banat confirms he received from them and used to create Table 79, particularly since defendants have carefully avoided providing a declaration about *those* materials. "ATI, as SGI's adversary in this litigation, was not obliged to take the ... pollyannaish approach of taking SGI at its word that it no longer had and could not find the missing information." *Silicon Graphics, Inc. v. ATI Technologies, Inc.*, 2008 WL 2788832 at *1 (W.D.Wis. 2008). *See also e.g. Adams v. Cooper Industries, Inc.*, 2007 WL 805459 at *2 n. 1 (E.D.Ky. 2007) ("[T]he court has already rejected arguments by both parties that their opponents should just take them at their

word … assertions that the plaintiffs are not entitled to discovery of the Wausau release because it is not relevant exhibit a similar 'take our word for it' mentality.").

Indeed, until now, the scope and extent of defendants' efforts (if any) to search for documents was a function solely of their own good will (to be charitable), or of what they believed they could get away with (to be realistic). An order under Rule 37(a) compelling production will change that: it cannot and will not require defendants to produce what they do not have, but it will force defendants to make a serious search, and put them on notice that if they fail to do so they may face the penalties provided in Rule 37(b).

Simply put, it will put paid to defendants' "'take our word for it' mentality." *Adams, id.*

Accordingly, the motion should be granted.

### D. Plaintiffs' Met Their "Meet and Confer" Obligations

Defendants' claim that plaintiffs failed to comply with their meet and confer obligations is both baseless and made in bad faith:

It is *baseless* because the record shows, as set forth in plaintiffs' motion and the exhibits thereto, that for nearly two months, from September 10, 2012, when they first discovered the Banat dissertation, until November 1, 2012, plaintiffs attempted to obtain the documents without judicial compulsion, but to no avail. And on November 1, 2012, defendants' counsel stated expressly that "Defendants would certainly oppose such a motion." DE 172 at Ex. G.

Thus, plaintiffs fulfilled their duty – indeed, went beyond the call of duty – to persuade defendants to provide the materials without involving the Court.

Moreover, it is instructive to compare plaintiffs' seven weeks of efforts here with defendants' approach to their "meet and confer" duties (i.e., leaving a voice message for plaintiffs' counsel one business day before filing), as detailed in plaintiffs' responses to

defendants' recent motions (DE 192-193) incorporated herein by reference. The point is not that because defendants did not comply with their obligations plaintiffs' conduct is irrelevant; rather the point is one of *a fortiori* logic: i.e., defendants cannot be heard to argue that plaintiffs' meet and confer efforts were inadequate, when those efforts infinitely exceeded defendants' own efforts which, defendants will be the first to assert, were sufficient.

Defendants' claims about plaintiffs' meet and confer efforts are in bad-faith because defendants are simultaneously attacking plaintiffs for bringing their motion after the close of discovery. According to defendants, plaintiffs are guilty because they did not keep on conferring with defendants about these materials for more than seven weeks *(ad infinitum*, apparently), and plaintiffs are also guilty because they did not bring their motion earlier. The plain fact is that defendants strung plaintiffs out as long as possible, either in the hope that plaintiffs would drop the issue or, as has occurred, that defendants would be able to argue that plaintiffs were dilatory. Defendants' entire approach here reeks of cynicism and bad-faith.

Indeed, there is something surreal about defendants' entire "meet and confer" argument: defendants have completely opposed plaintiffs' motion; which proves clearly that any further "meeting and conferring" would have served no purpose but to generate further delay.

Therefore, defendants' arguments in this vein should be rejected.

### E.  Plaintiffs' Request for Deadline Enlargements and Costs Should Be Granted

The documents sought are responsive to discovery requests served in March, 2012. Thus, if plaintiffs' motion is granted and defendants finally produce these documents, they will be more than six months late. It is elementary that a party is entitled to have his expert witnesses review documents and information obtained during the fact discovery period, the scheduling order in this case reflects that right and there is no reason to deny plaintiffs this right. It follows

that if the documents are now produced, extravagantly late, the deadlines should be modified. For the same reason, the costs requested should be imposed. Plaintiffs should not have to police defendants in the first place, and they certainly should not have to absorb the cost of doing so. Costs are also in order in light of the vicious, vitriolic tone of defendants' opposition, which is dominated by extraneous matters totally unrelated to the issues raised in plaintiffs' motion.

**WHEREFORE**, the instant motion should be granted.

Plaintiffs, by their Attorneys,

/s/ Robert J. Tolchin
Robert J. Tolchin (NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rjt.berkman@gmail.com

David I. Schoen (DS0860)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611
DSchoen593@aol.com

Counsel for Plaintiffs