# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.,

        Plaintiffs,

                                        Civ. No. 02-2280(RJL)

    v.

THE SYRIAN ARAB REPUBLIC, et al.,

        Defendants.

## PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION (SEEKING THE DEPOSITION OF IMPRISONED PFLP TERRORIST JAMAL HINDI)

For the reasons set forth in the memorandum attached hereto, the plaintiffs hereby respectfully move this Court to (1) issue the Letter of Request for Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (seeking the deposition of imprisoned PFLP terrorist Jamal Hindi) attached hereto as Appendix 1; and (2) enlarge plaintiffs' expert disclosure deadline until after the deposition of Jamal Hindi requested herein.

Counsel for plaintiffs hereby certify, pursuant to LCvR 7(m), that they have conferred with opposing counsel concerning the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

Plaintiffs, by their Attorneys,

/s/ Robert J. Tolchin
Robert J. Tolchin (NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rjt.berkman@gmail.com

David I. Schoen (DS0860)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611
DSchoen593@aol.com

## **<u>CERTIFICATION</u>**

I certify that on December 7, 2012, I served the within via ECF on the counsel below:

Richard A. Hibey
Mark J. Rochon
Charles F.B. McAleer, Jr.
Laura G. Ferguson
Timothy O'Toole
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005

/s/ Robert J. Tolchin
Robert J. Tolchin

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, et al.

                Plaintiffs,

                                      Civ. No. 02-2280(RJL)

    vs.

THE SYRIAN ARAB REPUBLIC, et al.

                Defendants.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER OF REQUEST FOR JUDICIAL ASSISTANCE PURSUANT TO THE HAGUE CONVENTION (SEEKING THE DEPOSITION OF IMPRISONED PFLP TERRORIST JAMAL HINDI)

### Relevant Background

This is a civil action under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, brought by American citizens, and the family members and the estates of American citizens – including two teenaged girls – who were murdered or injured by a suicide bombing carried out in a pizzeria on February 16, 2002. The bombing was carried out by a cell of the PFLP terrorist organization based in the town of Qalqilya. Documents produced by defendants show that they funded the PFLP cell's headquarters. The suicide bomber was a young PFLP operative named Sadeq Hafez.

On September 12, 2012, at the deposition of one of defendants' Rule 30(b)(6) designees, Ibrahim Dahbour, the deputy head of defendant Palestinian Authority's General Intelligence Service ("GIS") in Qalqilya, the defendants produced a report prepared by the GIS regarding the suicide bombing and Sadeq Hafez (the "GIS Qalqilya Memorandum"). That GIS report states that Sadeq Hafez had two close associates in the PFLP: Raed Nazal and Jamal Hindi.

1

Defendants claimed that the GIS Qalqilya Memorandum was disclosed inadvertently and is privileged, and originally demanded that plaintiffs sequester and make no use of it. However, defendants themselves freely disclosed this aspect of the GIS Qaqlilya Memorandum, when they filed on ECF an excerpt from Dahbour's testimony confirming Sadeq Hafez's relationship with Raed Nazal and Jamal Hindi. *See* DE 170-6 at 141:22-24.[1]

Raed Nazal is dead. But plaintiffs have now confirmed that Jamal Hindi is alive and well and serving time in an Israeli prison, with approximately ten years left on his sentence.

As the only known living PFLP associate of the suicide bomber, Hindi is obviously a person with extremely relevant knowledge, and plaintiffs should be allowed to depose him.

## ARGUMENT

### A.  The Hague Convention Provides a Procedure for Plaintiffs to Obtain and Take the Deposition of Jamal Hindi

Because Jamal Hindi has ten years remaining on his prison sentence which he is serving in Israel, his deposition can be sought via a request to Israeli authorities pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.

The Hague Convention, to which both the United States and Israel are signatories, permits a judicial authority in one contracting state to request the production of evidence or taking of testimony located in another contracting state. The Hague Convention "provides for the taking of evidence abroad, without recourse to consular or diplomatic channels, by means of 'letters of request.'" *Minebea Co., Ltd. v. Papst*, 444 F. Supp. 2d 68, 82 n. 8 (D.D.C. 2006).

---

[1]There are additional details about the relationship between Hafez and Hindi which, out of an abundance of caution, plaintiffs will not reveal pending the ruling on defendants' privilege claim with respect to the GIS Qalqilya Memorandum. As plaintiffs show in their opposition to defendants' motion for return of the GIS Qalqilya Memorandum, the document is not privileged and, in any event, defendants waived any privilege inter alia by permitted questioning about the document and allowing Dahbour to read it into the record.

Specifically, "[i]n civil or commercial matters a judicial authority of a Contracting State may ... request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act." Convention, art. 1.

It is common for federal courts hearing civil actions under the ATA to issue letters of request to the State of Israel seeking the depositions of terrorists in Israeli custody. Indeed, such a request was issued in this case for the deposition of imprisoned PFLP leader Ahmed Sa'adat (DE 147), which took place in Israel on September 9, 2012. Similarly, Senior Judge Kessler issued such a request on May 6, 2011 in *Gilmore v. Palestinian Authority*, Civ. No. 01-00853 (D.D.C.) (GK), DE 224. And on September 28, 2012, Magistrate Judge Facciola issued an analogous request for depositions of terrorists imprisoned in Israel in the related case of *Klieman v. Palestinian Authority*, Civ. No. 04-01173 (D.D.C.)(PLF)(JMF), DE 183.

Notably, Israeli authorities have <u>already</u> authorized the request issued in *Klieman* on September 28, 2012, and those prisoner depositions have been scheduled for December 19-20, 2012, in the Jerusalem Magistrates Court.

The plaintiffs have prepared, and attached hereto as **Appendix 1**, a proposed Letter of Request pursuant to the Hague Convention, which requests that the State of Israel cause Jamal Hindi to appear to be deposed by the parties' counsel. The proposed Letter of Request follows the form of similar letters of request issued by this and other courts in other ATA actions.

### B.  The Expert Disclosure Deadline Should be Extended Accordingly

Under the scheduling order in force in this case, plaintiffs' expert disclosures were due on October 19, 2012. *See* DE 136 at ¶¶ 5-6. However, because plaintiffs had no knowledge of any relationship between the bomber, Sadeq Hafez, and the PFLP's Jamal Hindi, until defendants' disclosure of the GIS Qalqilya Memorandum, and because plaintiffs were restricted from using

that information – due to defendants' sequestration demand – until defendants themselves recently disclosed the relationship publicly in their motion for the document's return (DE 170), plaintiffs were not able to seek Hindi's deposition prior to the expert disclosure deadline.[2]

Notably, had defendants not demanded sequestration of the entire GIS Qaqlilya Memorandum on September 12, 2012 – which was clearly improper, as shown by their subsequent public disclosure of some of the information contained therein – plaintiffs would have been able to seek the deposition prior to the expert deadline and, indeed, prior to the close of fact discovery on September 19, 2012. Defendants should therefore not be heard to complain that plaintiffs' motion is untimely.

Needless to say, any information obtained at Hindi's deposition will be significant for plaintiffs' expert witnesses who will provide testimony concerning, *inter alia*, the Qalqilya PFLP cell of which both Hafez and Hindi were members, and whose headquarters the defendants funded. Thus, plaintiffs are also seeking an extension of their expert disclosure deadline. As the Court is aware, plaintiffs have many other outstanding motions relating to defendants' failure to provide needed discovery that also require extensions of the deadlines.[3]

---

[2] After defendants' public disclosure, plaintiffs then needed to confirm that Hindi is still alive and in prison, and to independently obtain his identify number, all of which took a few weeks.

[3] It is well settled that an opposing party's failure or refusal to cooperate with discovery constitutes grounds to enlarge the deadline for expert disclosures. *See e.g. Cedar Rapids Lodge & Suites, LLC v. JFS Development, Inc.*, 2010 WL 5070484 at *3-4 (N.D.Iowa Dec. 6, 2010) (Agreeing that "until [fact] discovery is obtained from all Defendants, it is not possible for an expert to opine regarding whether [defendant] breached its obligations" and adjourning Plaintiffs' expert disclosure deadline because "[a]s a consequence of Defendants' failure to provide discovery, Plaintiffs were unable to disclose their expert witnesses, complete with the experts' opinions, by the … deadline."). *See also Kinetic Concepts, Inc. v. Convatec Inc.*, 2010 WL 1418312 at *4 (M.D.N.C. April 2, 2010) ("Delays as to fact discovery likely caused a cascading effect on the completion of expert discovery (which often cannot go forward in a productive way when fact discovery remains outstanding).").

Plaintiffs have acted in good faith in seeking the relief requested herein and in seeking to enlarge the time for their expert disclosures, and should not be penalized for doing so. Accordingly, in the event that Court declines to grant the relief requested herein, it should adjourn plaintiffs' expert disclosure deadline until 30 days after the disposition of this motion.

**WHEREFORE**, the instant motion should be granted.

Plaintiffs, by their Attorneys,

/s/ Robert J. Tolchin
Robert J. Tolchin (NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rjt.berkman@gmail.com

David I. Schoen (DS0860)
David I. Schoen, Attorney at Law
2800 Zelda Road, Suite 100-6
Montgomery, Alabama  36106
(334) 395-6611
DSchoen593@aol.com

## CERTIFICATION

I certify that on December 7, 2012, I served the within via ECF on the counsel below:

Richard A. Hibey
Mark J. Rochon
Charles F.B. McAleer, Jr.
Laura G. Ferguson
Timothy O'Toole
MILLER & CHEVALIER CHARTERED
655 15th Street, NW
Washington, DC 20005


/s/ Robert J. Tolchin