# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Shabtai Scott Shatsky, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 02-2280 |
| Syrian Arab Republic et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | District of Columbia ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Arab Bank, PLC

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Appendix A

| Place: The Berkman Law Office<br>111 Livingston Street, Suite 1928<br>Brooklyn, New York 11201 | Date and Time:<br><br>06/15/2012 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 06/04/2012

*CLERK OF COURT*

OR

/s/ Robert J. Tolchin

*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Shabtai Scott Shatsky, et al.
_____ , who issues or requests this subpoena, are:

Robert J. Tolchin, 111 Livingston Street, Suite 1928, Brooklyn, New York 11201, rjt.berkman@gmail.com, (718) 855-3627

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Appendix A

Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Arab Bank PLC ("Arab Bank") is required, in accordance with the definitions and instructions set forth in the Federal Rules of Civil Procedure, the Local Rules of this Court, and herein below, to produce authentic, complete and unedited copies of the following documents:

1. All documents concerning the identities of the owners, beneficiaries and signatories of all PLO Accounts during the Relevant Period.

2. All documents concerning any opening and/or closing of PLO Accounts during the Relevant Period.

3. All documents concerning all activities and transactions in the PLO Accounts during the Relevant Period including without limitation: (i) all documents concerning all deposits into and credits to the PLO Accounts, concerning the sources and origins of such deposits and credits, concerning the means by which such deposits and credits were made (e.g. cash, check, wire, etc.) and concerning the identities of the persons who made such deposits and credits; and (ii) all documents concerning all withdrawals from and debits to the PLO Accounts, concerning the identities of the recipients and beneficiaries of such withdrawals and debits and concerning the means by which such withdrawals and debits were made (e.g. cash, check, wire, etc.).

4. All communications and all other documents conveyed or sent between the Arab Bank (including any officer, employee, attorney or agent of the Arab Bank) and the Palestinian Authority and/or the Palestine Liberation Organization (including any officer, employee, attorney or agent of the Palestinian Authority and/or the Palestine Liberation Organization) concerning the instant subpoena and/or concerning the matter of *Shatsky, et al. v. The Syrian Arab Republic, et al.*, Civ. No. 02-2280 (D.D.C.).

## DEFINITIONS

The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure and in the Local Rules of this Court are hereby incorporated into and apply to this request for production.

1. "Relevant Period" means the period from January 1, 1994 until today.

2. "PLO Accounts" means and includes any and all accounts at any and all branches or subsidiaries of Arab Bank that belonged to and/or were in the name of the Palestine Liberation Organization and/or the Palestine National Fund at any time during the Relevant Period, including without limitation accounts nos. 41408 and 111444.

## INSTRUCTIONS

1. In answering and responding to these requests, you shall produce all of the materials requested, wherever located, which are in your possession, custody or control.

2. If you withhold any of the requested documents under a claim of privilege, you shall produce a written privilege log drafted in accordance with Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of this Court.

3. The requested documents are to be produced in their entirety without redaction. If a portion of the documents is withheld under claim of privilege, any non-privileged portion of the documents must be produced, with the portion claimed to be privileged redacted.

4. If in answering these requests you claim any ambiguity in a request or a definition or instruction applicable thereto, identify in your response the language you consider ambiguous and state the interpretation you are using in responding.

5. In the event that multiple copies of the requested documents exist, produce every non-identical copy.

6. If any requested document has been lost, discarded, destroyed, or is otherwise unavailable, identify the document as completely as possible. If the document has been lost, include the last known location of the document and the person who last had possession, custody or control of the document. If the document has been discarded or destroyed, include the date of such action, the person authorizing such action, the person who destroyed or disposed of the document, and the reason for such action.

7. "Electronically stored information" is incorporated into all requests for documents and shall be produced in accordance with Federal Rules of Civil Procedure 26 and 34.