Exhibit B



**DLA PIPER**

DLA Piper LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Steven J. Young
steven.young@dlapiper.com
T 212.335.4929
F 212.884.8453

**BY FEDEX**

June 7, 2012

Robert J. Tolchin, Esq.
The Berkman Law Office
111 Livingston Street, Suite 1928
Brooklyn, NY 11201

Re:   Shabtai Scott Shatsky, et al. v. Syrian Arab Republic, et al.
      Civ. Action No. 02-2280 (RJL); Rule 45 Subpoena of Arab Bank plc

Dear Mr. Tolchin:

On behalf of Arab Bank plc ("Arab Bank" or the "Bank"), I write with regard to a Rule 45 subpoena addressed to "Arab Bank, PLC," dated June 4, 2012 (the "Subpoena"), issued in the above-referenced action (the "*Shatsky* Action" or the "Action")."

From our review of the docket, it appears that the gravamen of the *Shatsky* Action is a claim for damages for injuries alleged to be the result of a bombing that occurred on February 16, 2002. If the gravamen of the Action is indeed a claim for damages in connection with an incident alleged to have occurred in February 2002, we seriously question why the Subpoena calls for the production of Bank records during a "Relevant Period" defined as "the period from January 1, 1994 until today." If our reading of the allegations is correct, the Subpoena, which purports to call for a search of documents covering a span of more than 18 years—including a span of more than 10 years *after* the incident at issue, is vastly overboard and seeks to impose an unreasonable and undue burden upon an international corporation which is not a party to the Action.

Equally unreasonable and burdensome, and impermissibly vague, is the Subpoena's request for the production of "all documents concerning" each of the categories of documents requested. Does the Subpoena purport to require the Bank to search, across an 18 year period of time, all memos and emails and notes and any other documents that may in some indeterminate manner "concern" the types of documents requested? If so, the Bank strongly objects to any such production request as being unreasonably vague, unduly burdensome and, indeed, impossible.

Similarly overboard, and indeed virtually unlimited in its apparent scope, is the request for production of "all communications" and "all other documents," "concerning" the fourth requested category of documents, exchanged between any "officer, employee, attorney or agent" of the Bank and any "officer, employee, attorney or agent" of the Palestinian Authority ("PA") or Palestinian Liberation Organization ("PLO"). The Bank is a leading global financial institution, with branches located throughout the world, in approximately 30 different countries, comprising more than ten thousand employees. It cannot reasonably be expected to conduct any such world-wide search, other objections aside. Even if such search were possible, which it is not, with respect to this or the other categories of the Subpoena, the



Robert J. Tolchin, Esq.
June 7, 2012
Page Two

production of documents from jurisdictions outside the United States would be subject to objection if those documents were within the reach of the respective bank confidentiality provisions of each such jurisdiction, as such laws and regulations strictly prohibit the production of documents subject to their reach absent the consent of all customers at issue and/or of controlling foreign authorities.

Finally, and without waiver of the aforesaid objections and subject thereto, the Bank cannot reasonably be requested to produce any documents, including documents located in New York if any, that reveal confidential financial information absent the entry of a strict confidentiality order that would bind all parties to the Action from any inappropriate disclosure of such information.

I look forward to your response to the various objections raised herein and stand ready to discuss in good faith each such objection if you nonetheless wish to pursue this Subpoena.

Very truly yours,

**DLA Piper LLP (US)**

Steven J. Young
Of Counsel