**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ──────────────────────── ) | |
| SHABTAI SCOTT SHATSKY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 1:02cv02280 (RJL) |
| ) | **[Expedited Briefing and Hearing Requested]** |
| THE SYRIAN ARAB REPUBLIC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ──────────────────────── ) | |

## DEFENDANTS' MOTION TO ENFORCE THIS COURT'S ORDER OF JUNE 6, 2013

Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively, "Defendants"), by counsel, hereby move for an order enforcing this Court's Order of June 6, 2013 and ordering Plaintiffs to dismiss their motion to compel discovery regarding a subpoena issued to non-party Arab Bank, PLC through the United States District Court for the Eastern District of New York. Because Plaintiffs have defied this Court's Order through continuing to pursue this discovery beyond the cut-off that this Court has clearly articulated and repeatedly enforced, Defendants seek expedited briefing and a hearing as well.

## INTRODUCTION AND RELEVANT BACKGROUND

Fact discovery closed more than a year ago, in September 2012. Eight months after discovery had closed, Plaintiffs moved for an order seeking this Court's assistance in the enforcement of a subpoena they had served on the Arab Bank, PLC in and through the Eastern District of New York, which purportedly sought discovery in connection with this lawsuit. DE 243 (seeking Court assistance in subpoena proceedings in *Shatsky v. The Syrian Arab Republic, et al.*, 1:12-mc-546 (E.D.N.Y.) ("*Shatsky EDNY*")). The gist of Plaintiffs' motion was that although discovery was generally closed, their New York subpoena predated the close of

discovery and therefore could still be enforced; in fact, the first sentence in Plaintiffs' motion suggested they were entitled to an order in their favor because the Arab Bank subpoena had supposedly been served "well within the time for doing so in discovery."  DE 243-1 at 1.

Defendants opposed the motion on several grounds.  First, Plaintiffs, who claimed to have learned of the possible existence of Arab Bank accounts in another case against the PA and PLO in 2010 (which plaintiffs ultimately had to dismiss with prejudice), inexplicably waited nine months into the fact discovery period to issue the subpoena to the Arab Bank and another two months before filing a motion to compel, knowing there was insufficient time to complete the subpoena process before the fact discovery deadline.  Indeed, Plaintiffs never propounded written discovery from the PA and PLO specifically directed to any alleged bank accounts held by the PA or PLO at the Arab Bank, let alone during the relevant period.  Second, the subpoena was entirely defective, as the District Court Judge in the Eastern District had found in a February 2013 hearing because, among other things, it (a) did not relate to any specific allegations in this case, (b) covered an 18-year period, and (c) sought all records relating to any responsive bank account during that period.  DE 244 at 3-11.  Additionally, Defendants' opposition also reminded the Court that Plaintiffs, who had filed serial discovery motions in this case during the weeks following the fact discovery deadline, **never** mentioned the Arab Bank subpoena (or Plaintiffs' pending motion to compel in the Eastern District of New York) at two discovery-related hearings (on December 7, 2012 and January 29, 2013) or in their omnibus motion to compel on December 14, 2012 , despite the Court's multiple requests for Plaintiffs to identify each item of allegedly

outstanding discovery they were seeking after the fact discovery cut-off.[1]  DE 244 at 3-4.  As

Defendants argued:

> It is clear, as the parties now contemplate a schedule for briefing
> summary judgment, that Plaintiffs had "ample opportunity" to
> conduct discovery in this case, *see* Fed. R. Civ. P. 26(b)(2)(C)(ii),
> and have obtained all of the information to which they were
> conceivably entitled.  Therefore, the Court should deny Plaintiffs'
> untimely and groundless motion.

DE 244 at 2.

On June 6, 2013, this Court entered an Order denying Plaintiffs' motion, the clear basis

of which was that Plaintiffs had been given an ample and fair opportunity to conduct fact

discovery, had obtained through discovery all of the information to which they were conceivably

entitled, and could not continue to pursue discovery proceedings even if, as Plaintiffs had

expressly argued, they had been filed before the close of the fact discovery deadline here.

Approximately two weeks after this Court's entry of the June 6, 2013 Order, the parties jointly

moved for summary judgment briefing schedule, DE 246, which this Court granted.  That

---

[1] During a hearing on December 7, 2012, the Court made clear that Plaintiffs needed to identify
every remaining discovery item that they wanted and that Plaintiffs had to demonstrate
entitlement to each such item in a motion to be filed on December 14, 2012. *See, e.g.*, 12/7/2012
Hearing Tr. at 44:14-21; *see also id.* at 17:5-6 ("Who else do you need to depose?"), 20:3-4
("What else do you have . . . [?]"), 28:15 ("Any other deposition you need?").  The Court further
explained that the "burden is on the moving parties who want to extend [discovery] for specific
limited purposes to convince the Court to extend it." *Id.* at 44:17-19.  At no point during the
December 7 hearing did Plaintiffs ever mention the outstanding subpoena to the Arab Bank.  In
addition, Plaintiffs, having been instructed by the Court that the burden is on them to convince
the Court to extend the fact discovery period for each piece of additional discovery that they
believed they needed, failed to mention the Arab Bank subpoena in their voluminous sixth
motion to compel filed on December 14, 2012 (DE 202).  When the Court again questioned
Plaintiffs' counsel, Mr. Robert Tolchin, about any outstanding discovery matters at a January 29,
2013 status hearing, Plaintiffs again failed to mention anything about the Arab Bank subpoena or
Plaintiffs' pending motion to compel in the Eastern District of New York, even though Mr.
Tolchin knew on January 14, 2013 that the District Court Judge in the Eastern District of New
York had scheduled a hearing for February 19, 2013.

briefing schedule is currently underway, with Defendants having moved for summary judgment

pursuant on August 12, 2013, and Plaintiffs' opposition being due on November 11, 2013.

Nonetheless, despite the Court's June 6, 2013 Order and the parties' joint representation

to this Court on June 17, 2013 that the case was ready for summary judgment briefing schedule,

it has come to Defendants' attention that Plaintiffs continue to pursue the Arab Bank discovery

proceedings in the Eastern District of New York.   At a recent hearing in that case, when asked

by the Court whether such proceedings should continue in light of this Court's June 6, 2013

Order, Plaintiffs' counsel, Robert Tolchin, represented to a Magistrate Judge in the Eastern

District of New York:

> I don't know what Judge Leon's reason is.  The Palestinians gave
> multiple reasons that they propose why the judge should deny the
> motion, and the judge may have gone with those reasons or he may
> have come up with one of his own.  But among those reasons is
> that discovery was closed, and the difference is that this
> application well predates the close of discovery . . . .

Exhibit 1 (10/7/13 Hearing Tr. at 6:6-14, *Shatsky v. The Syrian Arab Republic, et al.*, 1:12-mc-

546 (E.D.N.Y.)).

Later in the hearing, Mr. Tolchin discussed his view of this Court's June 6, 2013 Order in

the following terms:

> Judge Leon may also have looked at [the motion] and said, look,
> this is Judge Brody in Brooklyn trying to put the hard work on me .
> . . Let her decide this.  I don't want to get involved in with the
> bank secrecy business.

*Id.* at 11:13-21.

In other words, having asked this Court to bless the discovery in the New York action

because it was supposedly conducted "well within the time for doing so in discovery," DE 243-1

at 1, and having been clearly and firmly told that discovery had been completed and that they had

obtained all of the information to which they were conceivably entitled, Plaintiffs, who never

4

resolved the February 19, 2013 finding by the District Court Judge that the pending subpoena was overly broad and unduly burdensome, have continued to pursue the same discovery before the New York court, and have postulated reasons before that court as to why this Court's Order might not really mean what Plaintiffs know it does mean.  These reasons include speculation by Mr. Tolchin that this Court was upset that "Judge Brody in Brooklyn was trying to put the hard work" on the Court, but that the Court did not want to get involved with complicated bank secrecy matters.  And this tactic has apparently gained some traction, as the Magistrate Judge has ordered further briefing on whether the New York subpoena, even if it had been modified by Plaintiffs to address Judge Brody's February 19, 2013 finding, can be pursued in a manner consistent with bank secrecy laws.  But such briefing appears beside the point, since discovery in **this** matter – the underlying lawsuit – is closed and the parties are half-way through summary judgment briefing.  This Court's June 6 Order said as much and should have been honored by Plaintiffs.  Because the Plaintiffs did not honor it, Defendants now move for an order from this Court enforcing this Court's June 6, Order by directing Plaintiffs to dismiss their related New York discovery action.  And to ensure that this happens expeditiously, Defendants seek expedited briefing and argument on the motion.

<u>**ARGUMENT**</u>

There is no other way to read this Court's June 6, 2013 Order than as one that brings discovery to a close, even with respect to non-party subpoenas.  This is unexceptional, as "[d]iscovery must have an end point," and "the decision to cut off discovery is committed to the management skills of the district court."  *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011), *quoting in part, K.F.P. v. Dane County,* 110 F.3d 516, 520 (7th Cir. 1997).  It is particularly so when, as here, the party who had issued and served the subpoena in a non-forum district

effectively sandbagged the forum court, which had repeatedly sought identification of all outstanding fact discovery matters.  The recent actions of Plaintiffs – continuing to pursue the very discovery the Court has denied – are flatly inconsistent with this Court's Order.

This Court undoubtedly has the authority to take all actions necessary to enforce its orders.  *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (discussing trial court's "authority to enforce its orders and ensure prompt disposition of legal actions.").  In a situation like this one, where a party before this Court is taking action in another district inconsistent with this Court's rulings here, this power includes the ability to issue an order precluding Plaintiffs from obtaining discovery from a subpoena issued by another court.  *Joseph v. LineHaul Logistics, Inc.*, CV 11-114-M-JCL, 2012 U.S. Dist. LEXIS 124594, at *9-10 (D. Mont. Aug. 31, 2012); *see also Chevron Corp. v. Donziger*, 11 Civ. 0691 (LAK), 2012 U.S. Dist. LEXIS 179614, at *10 (S.D.N.Y. Dec. 19, 2012) (noting that "a party may seek . . . to preclude another party from obtaining discovery from a non-party via subpoena issued by another court") (quotations and citations omitted); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001) (entering an order preventing a party from pursuing third-party discovery and holding that Rule 45(c) "does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery"); *Fincher v. Keller Indus., Inc.*, 129 F.R.D. 123, 125 (M.D.N.C. 1990) (A party's "discovery rights [in other districts] can rise no higher than their level in the district of trial.").

The Court has, and should use, the authority to order Plaintiffs to dismiss their New York discovery proceedings against the Arab Bank.  Such proceedings flout this Court's June 6 Order, and are forcing the expenditure of needless resources on discovery that should have ended more than a year ago.

## CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion and enforce this Court's Order of June 6, 2013 by expressly ordering Plaintiffs to dismiss with prejudice their discovery proceedings in New York.  Because of Plaintiffs' improper and continued pursuit of those proceedings, additional deadlines in the New York proceedings are approaching.  Accordingly, expedited briefing and a hearing are also warranted.  Proposed Orders setting an expedited briefing schedule and hearing, as well as awarding Defendants the relief requested herein, are being filed with this Motion.

Dated:  October 15, 2013                    Respectfully submitted,

                                            /s/ Richard A. Hibey
                                            Richard A. Hibey (No. 74823)
                                            Mark J. Rochon (No. 376042)
                                            Charles F. B. McAleer, Jr. (No. 388681)
                                            Timothy P. O'Toole (No. 469800)
                                            MILLER & CHEVALIER CHARTERED
                                            655 15th St., N.W., Suite 900
                                            Washington D.C.  20005-6701
                                            (202) 626-5800 (telephone)
                                            (202) 626-5801 (facsimile)

                                            *Attorneys for Defendants The Palestinian Authority
                                            and The Palestine Liberation Organization*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on October 15, 2013, a true and genuine copy of the

foregoing was served via ECF on the following:

> Robert J. Tolchin
> The Berkman Law Office, LLC
> 111 Livingston Street – Suite 1928
> Brooklyn, NY 11201
> rjt@tolchinlaw.com
>
> Norman Steiner
> 233 Broadway, Suite 900
> New York, NY 10279
> nsteineresq@gmail.com
>
> Abbe David Lowell
> Chadbourne & Parke LLP
> Suite 300
> 1200 New Hampshire Ave., N.W.,
> Washington, D.C. 20036
> adlowell@chadbourne.com
>
> *Attorneys for Plaintiffs*

/s/Richard A. Hibey
Richard A. Hibey