# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, *et al.*,          )
                                          )
                         Plaintiffs,      )
                                          )
v.                                        )     Civil Action No. 1:02cv02280 (RJL)
                                          )
THE SYRIAN ARAB REPUBLIC, *et al.*,       )
                                          )
                         Defendants.      )
                                          )

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUEST TO PRODUCE DOCUMENTS AND THINGS

Defendants The Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") (collectively "Defendants"), by their counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby respectfully submit their Objections and, where applicable, Responses to "Plaintiffs' First Request to Produce Documents and Things," dated March 9, 2012 ("Request" or "Requests") and state as follows:

## PRELIMINARY STATEMENT

1.      Defendants' investigation and development of all facts and documents relating to this case is on-going.  The objections and responses by Defendants to the Requests, therefore, are based only upon such information and documents as are currently known to Defendants.  These objections and responses are made subject to, without prejudice to, and are not in waiver of, Defendants' right to rely on other facts or documents at trial or to supplement their objections and responses hereto.

2.      The exact wording of any objections or responses contained herein may be that of Defendants' counsel and does not necessarily purport to be that of Defendants.

1234976.1

3.     To the extent that any of the Requests seek the disclosure of information or documents protected from disclosure by any applicable privilege (including, but not limited to, the attorney-client privilege, the work product doctrine, the joint defense privilege, the common interest doctrine, state secrets, or other statutory or common law privileges), Defendants object to such Requests and will identify the information or documents in the manner and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.     Any document production by Defendants in response to the Requests shall not be deemed a waiver of any objection Defendants may wish to interpose at any proceeding, hearing, or trial with respect to the matters disclosed thereby or with respect to the relevancy, materiality, competency, or admissibility of the information referenced or contained in the document(s) produced.  Any document production is without prejudice to, or waiver of, any objection Defendants may make to any future use of such document.  In making any document production, Defendants are not conceding that particular documents are those of the PA or PLO.  Further, Defendants make the objections herein without in any way implying that they consider the Requests, any responses, or any productions in response to the Requests to be relevant or material to this case.

5.     A response to a Request stating objections and/or indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents or that the referenced information or documents exist or fall within the possession, custody, or control of the Defendants.  Nor shall a response to a Request stating objections and/or indicating that documents will be produced be deemed or construed to mean that Defendants concede the truth or existence of any purported facts described in the Request or in the definitions or instructions applicable to the Request, or that the Defendants agree with the

1234976.1

characterizations of the conduct, activities, or relationships contained in the Request or in the definitions or instructions applicable to the Request.

6. Publically available documents including, but not limited to, documents equally accessible and available to Plaintiffs from other sources will not be produced, except for such documents, if any, produced as part of Defendants' disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

7. Defendants will amend or supplement their responses to these Requests in the manner and to the extent required by Fed. R. Civ. P. 26(e).

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent that the definitions or instructions set forth therein seek to impose requirements for production beyond those contained in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to the Requests to the extent that they seek information protected from disclosure by the attorney-client privilege, the work-product doctrine, the joint defense privilege, the common interest doctrine, state secrets, deliberative process, or any other applicable statutory or common law privilege. With respect to those Requests to which Defendants do not specifically object and which seek the identification or disclosure of privileged information or documents, Defendants will identify such information and documents in the manner and to the extent required under Federal Rule of Civil Procedure 26(b)(5) and the Local Rules of this Court. Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

1234976.1

3.     Defendants object to the Requests to the extent that they seek information and documents that are not relevant to this action and are not reasonably calculated to lead to the discovery of admissible evidence.

4.     Defendants object to the Requests to the extent that they seek information or documents from the Defendants' agents, officers, or employees, including to the extent that information or documents are unrelated to their employment or agency relationship with the Defendants.

5.     Defendants object to the Requests to the extent that they are oppressive, overly burdensome, and/or would involve undue financial expense to Defendants.  In addition, Defendants object to Requests that seek "all" documents when fully responsive and/or relevant information may be supplied with less than "all" documents.

6.     Defendants object to the Requests to the extent they seek the identification, disclosure, or production of information or documents that are not within Defendants' possession, custody, or control, or to the extent to which the Requests were intended or could be construed to impose a requirement and/or burden on Defendants beyond the requirements of the Federal Rules of Civil Procedure, to search for and/or produce documents or information possessed by a separate, non-party entity.

7.     Defendants object to the Requests to the extent that they are vague or ambiguous or fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants.  Accordingly, Defendants make no representation that the responses to be provided necessarily include the information intended by the Plaintiffs.

8.     Defendants object to the Requests to the extent that the information and documents requested are equally accessible and available to Plaintiffs from other sources

1234976.1

(including as a matter of public record) and that the production of such information by Defendants would entail unreasonable burden and expense to Defendants.

9.    Defendants object to the Requests to the extent they seek the production of any confidential, proprietary, intelligence, trade secret or other protected information or documents prior to, or in the absence of, an appropriate protective order or confidentiality agreement placing proper limitations and restrictions on the post-production use or disclosure of such information or documents by Plaintiffs.

10.    By responding to and/or producing documents in response to the Requests, Defendants are not conceding that they agree with the definition and/or characterization of any terms used by Plaintiffs in propounding those Requests. Nor do Defendants concede, by stating objections to the identification, disclosure or production of information or documents in response to the Requests, that such information or documents exist.

11.    Defendants object to the Requests to the extent that they are not appropriately limited in time.

12.    Defendants object to the Requests to the extent they seek the production of any documents or things already produced to Plaintiffs and/or put into the record of this case.

13.    Defendants object to the Requests to the extent that they request Defendants to translate documents.

14.    Defendants object to the date, time and location of the production, as described in the Requests. The date, time and location for the production are unreasonable under the circumstances. Defendants will make any production of non-privileged, responsive documents described in their Responses below on a reasonable date and time and in a reasonable manner and location.

1234976.1

15.    Defendants incorporate by reference every general objection set forth above into the specific responses set forth below.  The failure to include any general objection in any specific response does not waive any general objection to the Request.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1:

All documents that relate to and/or reference the February 16, 2002, bombing from which this action arises.

### OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 1 on the grounds that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to its unlimited time frame and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents that relate to and/or reference the February 16, 2002, bombing"); (b) as potentially construed, the words and phrases "relate to" and "reference" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (c) the Request seeks information beyond that reasonably known or reasonably knowable by Defendants; and (d) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

### RESPONSE:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession,

1234976.1

custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

## REQUEST NO. 2:

All documents that relate to, reflect and/or evidence all positions and jobs held by Sadek Abdel Hafez in the PA and/or PLO and all work and employment performed by Sadek Abdel Hafez for the PA and/or PLO, between September 1, 2000 and February 16, 2002, including without limitation all documents that relate to, reflect and/or evidence: (i) the titles, nature, purposes, responsibilities and duties of all such positions, jobs, work and employment; (ii) the rank or ranks held by Sadek Abdel Hafez in all such positions, jobs, work and employment; and (iii) the time periods during which Sadek Abdel Hafez held and provided such positions, jobs, work and employment.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 2 on the grounds that:  (a) the Request is overly broad and unduly burdensome, particularly with respect to the scope of information it requests (*e.g.*, its request for "all documents that relate to, reflect and/or evidence all positions and jobs held" and "all work and employment performed"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," "evidence," "positions," "jobs," "work," "employment," "performed," "titles, nature, purposes, responsibilities and duties," and "rank or ranks" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

1234976.1

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 3:**

All documents that relate to, reflect and/or evidence all payments made by the PA and/or PLO to Sadek Abdel Hafez between September 1, 2000 and February 16, 2002.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 3 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents that relate to, reflect and/or evidence all payments"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," and "evidence" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 4:**

All documents that relate to, reflect and/or evidence all payments made to and all benefits provided to Sadek Abdel Hafez's relatives by the PA and/or PLO at any time after February 16, 2002, in relation to, as a result of and/or due to Sadek Abdel Hafez's death.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 4 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents that relate to, reflect and/or evidence all payments"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," "evidence," "relatives," "in relation to," "as a result of" and "due to" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (d) as potentially construed, the Request seeks

1234976.1

documents protected by the attorney-client privilege, the work-product doctrine and other

applicable privileges or protections.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend

to produce any documents in response to this Request unless and until the Plaintiffs modify,

amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and

confer concerning Defendants' Objections to Request No. 4.

**REQUEST NO. 5:**

All documents that relate to, reflect and/or evidence all provision of material support or
resources by the PA and/or the PLO to the Popular Front for the Liberation of Palestine
("PFLP") between February 16, 1998 and February 16, 2002.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 5 on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack

of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all

documents that relate to, reflect and/or evidence all provision of material support or resources");

(b) the Request seeks production of documents that are irrelevant to any party's claims or

defenses, and the Request is not reasonably calculated to lead to the discovery of admissible

evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," "material

support or resources" and "evidence" are vague and ambiguous and fail to describe the

information or documents sought with sufficient particularity to allow for a meaningful response

by Defendants; (d) the use of the phrase "provision of material support or resources" and

1234976.1

incorporation of its legal meaning in 18 U.S.C. § 2339A improperly requires a legal conclusion and attempts to convert these Requests into Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

## RESPONSE:

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 5.

## REQUEST NO. 6:

All documents that relate to, reflect and/or evidence all bank accounts that were owned or controlled by, or operated for the benefit of, the PFLP, between February 16, 1998 and February 16, 2002.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 6 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents that relate to, reflect and/or evidence all bank accounts"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," "evidence," "controlled by," and "operated for the benefit of" are vague and ambiguous and fail to describe the information or

1234976.1

documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the Request seeks information beyond that reasonably known or reasonably knowable by Defendants; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 6.

**REQUEST NO. 7:**

All documents that relate to, reflect and/or evidence the sources of the PFLP's funding between February 16, 1998 and February 16, 2002.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendants specifically object to Request No. 7 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents that relate to, reflect and/or evidence the sources of the PFLP's funding"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," "evidence," "sources," and "funding" are vague and ambiguous and fail to describe the information or documents sought

1234976.1

with sufficient particularity to allow for a meaningful response by Defendants; (d) the Request

seeks information beyond that reasonably known or reasonably knowable by Defendants; and (e)

as potentially construed, the Request seeks documents protected by the attorney-client privilege,

the work-product doctrine and other applicable privileges or protections.

## RESPONSE:

On the basis of the foregoing General and Specific Objections, Defendants do not intend

to produce any documents in response to this Request unless and until the Plaintiffs modify,

amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and

confer concerning Defendants' Objections to Request No. 7.

## REQUEST NO. 8:

All documents generated prior to February 16, 2002, that relate to or reference the
incorporation, registration, organizational structure, leadership, officers and directors of the Al-
Hadaf Center for Studies and Media.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing

General Objections.  In addition, Defendants specifically object to Request No. 8 on the grounds

that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its

unlimited time frame and lack of any reasonable restrictions as to the scope of information it

requests (*e.g.*, its request for "all documents generated prior to February 16, 2002, that relate to

or reference the incorporation, registration, organizational structure, leadership, officers and

directors of the Al-Hadaf Center for Studies and Media"); (b) the Request seeks production of

documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably

calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words

and phrases "relate to," "reference," "incorporation," "registration," "organizational structure" and "leadership" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the Request seeks information beyond that reasonably known or reasonably knowable by Defendants; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

## RESPONSE:

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 8.

## REQUEST NO. 9:

All documents generated prior to February 16, 2002, that relate to or reference the incorporation, registration, organizational structure, leadership, officers and directors Union of Palestinian Women's Committees.

## OBJECTIONS:

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 9 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its unlimited time frame and lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents generated prior to February 16, 2002, that relate to or reference the incorporation, registration, organizational structure, leadership, officers and

1234976.1

directors [of the] Union of Palestinian Women's Committees"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reference," "incorporation," "registration," "organizational structure" and "leadership" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the Request seeks information beyond that reasonably known or reasonably knowable by Defendants; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 9.

**REQUEST NO. 10:**

All documents that relate to, reflect and/or evidence all provision of material support or resources by the PA and/or the PLO to the Al-Hadaf Center for Studies and Media, between February 16, 1998 and February 16, 2002.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 10 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to

1234976.1

its lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents that relate to, reflect and/or evidence all provision of material support or resources"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," "material support or resources" and "evidence" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the use of the phrase "provision of material support or resources" and incorporation of its legal meaning in 18 U.S.C. § 2339A improperly requires a legal conclusion and attempts to convert these Requests into Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 10.

**REQUEST NO. 11:**

All documents that relate to, reflect and/or evidence all provision of material support or resources by the PA and/or the PLO to the Union of Palestinian Women's Committees, between February 16, 1998 and February 16, 2002.

1234976.1

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 11 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents that relate to, reflect and/or evidence all provision of material support or resources"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "relate to," "reflect," "material support or resources" and "evidence" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; (d) the use of the phrase "provision of material support or resources" and incorporation of its legal meaning in 18 U.S.C. § 2339A improperly requires a legal conclusion and attempts to convert these Requests into Requests for Admission concerning a contested legal issue; and (e) as potentially construed, the Request seeks documents protected by the attorney-client privilege, the work-product doctrine and other applicable privileges or protections.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendants do not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendants' pending objections.

Defendants are available at a mutually agreeable date and time to conduct a meet and confer concerning Defendants' Objections to Request No. 11.

1234976.1

**REQUEST NO. 12:**

All documents relating to any alleged facts underlying the Fourth Affirmative Defense asserted by the Defendants in the Answer filed by them in this action.

**OBJECTIONS:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendants specifically object to Request No. 12 on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the phrase "relating to any alleged facts" is vague and ambiguous and fails to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendants; and (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine.

**RESPONSE:**

Defendants hereby incorporate by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, Defendants will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within their possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 13:**

All documents that relate to, reflect and/or evidence any alleged facts underlying any claim by the PA that it is an "unincorporated association" within the meaning of that term as used on page 36 of the Memorandum in Support of Defendants' Motion to Vacate Clerk's Entry of Default filed by the PA in this action (DE 77).

1234976.1

**OBJECTIONS:**

Defendant PA hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendant PA specifically objects to Request No. 13 on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the words and phrases "relate to," "reflect," and "evidence" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendant PA; and (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine.

**RESPONSE:**

Defendant PA hereby incorporates by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, Defendant PA will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within its possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 14:**

All documents that relate to, reflect and/or evidence any alleged facts underlying any claim by the PLO that it is an "unincorporated association" within the meaning of that term as used on page 36 of the Memorandum in Support of Defendants' Motion to Vacate Clerk's Entry of Default filed by the PA in this action (DE 77).

**OBJECTIONS:**

Defendant PLO hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendant PLO specifically objects to Request No. 14 on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the words and phrases "relate to," "reflect," and "evidence" are vague and ambiguous

1234976.1

and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendant PLO; and (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine.

**RESPONSE:**

Defendant PLO hereby incorporates by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within its possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 15:**

All documents that relate to, reflect and/or evidence the capacity of the PA to sue or be sued.

**OBJECTIONS:**

Defendant PA hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendant PA specifically objects to Request No. 15 on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the words and phrases "relate to," "reflect," and "evidence" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendant PA; and (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine.

**RESPONSE:**

Defendant PA hereby incorporates by reference, as if fully set forth herein, the foregoing General and Specific Objections.  Subject to and without waiving the foregoing General and

1234976.1

Specific Objections, Defendant PA will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within its possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

**REQUEST NO. 16:**

All documents that relate to, reflect and/or evidence the capacity of the PLO to sue or be sued.

**OBJECTIONS:**

Defendant PLO hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections. In addition, Defendant PLO specifically objects to Request No. 16 on the grounds that: (a) the Request is overly broad and unduly burdensome; (b) as potentially construed, the words and phrases "relate to," "reflect," and "evidence" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendant PLO; and (c) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine.

**RESPONSE:**

Defendant PLO hereby incorporates by reference, as if fully set forth herein, the foregoing General and Specific Objections. Subject to and without waiving the foregoing General and Specific Objections, Defendant PLO will produce, on a reasonable date and time and in a reasonable manner and location, non-privileged documents or things, if any, within its possession, custody, or control that are responsive to a reasonable interpretation and scope of this Request in the context of the allegations, claims, and defenses in this action.

1234976.1

## REQUEST NO. 17:

All documents filed or served by the PA in any suit, petition or other legal proceeding that was initiated by the PA in any court between February 16, 2002, and today.

## OBJECTIONS:

Defendant PA hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendant PA specifically objects to Request No. 17 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents filed or served by the PA in any suit, petition or other legal proceeding that was initiated by the PA in any court"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "suit," "petition," and "other legal proceeding" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendant PA; and (d) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine.

## RESPONSE:

On the basis of the foregoing General and Specific Objections, Defendant PA does not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendant PA's pending objections.

Defendant PA is available at a mutually agreeable date and time to conduct a meet and confer concerning Defendant PA's Objections to Request No. 17.

1234976.1

**REQUEST NO. 18:**

All documents filed or served by the PLO in any suit, petition or other legal proceeding that was initiated by the PLO in any court between February 16, 2002, and today.

**OBJECTIONS:**

Defendant PLO hereby incorporate by reference, as if fully set forth herein, the foregoing General Objections.  In addition, Defendant PLO specifically objects to Request No. 18 on the grounds that: (a) the Request is overly broad and unduly burdensome, particularly with respect to its more than 10-year timeframe and the lack of any reasonable restrictions as to the scope of information it requests (*e.g.*, its request for "all documents filed or served by the PLO in any suit, petition or other legal proceeding that was initiated by the PLO in any court"); (b) the Request seeks production of documents that are irrelevant to any party's claims or defenses, and the Request is not reasonably calculated to lead to the discovery of admissible evidence; (c) as potentially construed, the words and phrases "suit," "petition," and "other legal proceeding" are vague and ambiguous and fail to describe the information or documents sought with sufficient particularity to allow for a meaningful response by Defendant PLO; and (d) the Request seeks disclosure of information protected by the attorney-client privilege and work product doctrine.

**RESPONSE:**

On the basis of the foregoing General and Specific Objections, Defendant PLO does not intend to produce any documents in response to this Request unless and until the Plaintiffs modify, amend or limit this Request in order to address and cure Defendant PLO's pending objections.

Defendant PLO is available at a mutually agreeable date and time to conduct a meet and confer concerning Defendant PLO's Objections to Request No. 18.

1234976.1

Dated:  April 12, 2011                    Respectfully submitted,

Richard A. Hibey (No. 74823)
Mark J. Rochon (No. 376042)
Charles F. B. McAleer, Jr. (No. 388681)
Timothy P. O'Toole (No. 469800)
MILLER & CHEVALIER CHARTERED
655 15th St., N.W., Suite 900
Washington D.C.  20005-6701
(202) 626-5800 (telephone)
(202) 626-5801 (facsimile)

*Attorneys for Defendant The Palestine Liberation Organization*

1234976.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2012, a true and genuine copy of the foregoing

was served via certified mail on the following:

Robert J. Tolchin
The Berkman Law Office, LLC
111 Livingston Street – Suite 1928
Brooklyn, NY 11201
rjt@tolchinlaw.com

*Attorneys for Plaintiffs*

Richard A. Hibey

1234976.1