UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SHABTAI SCOTT SHATSKY, *et al*.,

                        Plaintiffs,

            -against-

THE SYRIAN ARAB REPUBLIC, *et al*.,

                       Defendants.

Civil Action No. 02-cv-02280 (RJL)

---

**REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFFS' SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

On September 25, 2014, Defendants filed a response to Plaintiffs' second notice of supplemental authority and attached as their own supplemental authority the Second Circuit's decision in *Gucci Am., Inc. v. Bank of China*, Nos. 11-3934-cv & 12-4557-cv, 2014 WL 4629049 (2d Cir. Sept. 17, 2014). (DE 295, 295-1) Plaintiffs hereby submit a brief response to Defendants' submission and argument regarding the *Gucci* decision.

*Gucci* involved an entirely different context than is involved in the instant case. *Gucci* addressed the court's personal jurisdiction over a <u>non-party</u> to enforce compliance with the court's orders. *Gucci*'s non-party context did not implicate the waiver principles and case law applicable to a party's conduct during the course of litigation. Here, Defendants waived their personal jurisdiction argument by failing to press for a ruling on the issue when they moved to dismiss in 2003; failing to respond to Plaintiffs' 2003 detailed factual presentation of the bases for personal jurisdiction over Defendants; making a "firm, personal commitment," in an attempt

1

to obtain relief from default, that they intended to litigate on the merits of Plaintiffs' claims; and aggressively litigating the merits of Plaintiffs' claims even after the Supreme Court's decision in *Goodyear*, including seeking summary judgment on the merits of Plaintiffs' claims without raising personal jurisdiction.  *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Reconsideration of the Court's February 7, 2005 Interlocutory Order at 14-21 (DE 284 at 23-30); Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion for Reconsideration of the Court's February 7, 2005 Interlocutory Order on Personal Jurisdiction at 1-7 (DE 291 at 2-8).

Moreover, unlike the Bank of China, the PLO and PA were very aware that *Goodyear* established the "at home" standard.  Defendants in this case actually relied on *Goodyear* in a brief they filed with the Supreme Court in August 2011, *Mohamed v. Rajoub*, __ U.S. __, 132 S. Ct. 1702 (2012), No. 11-88, *brief at* 2011 WL 3664462, at *17 (Aug. 19, 2011), and in a June 5, 2013 motion to dismiss in *Livnat v. Palestinian Authority*, No. 1:13-cv-498-GBL-TCB (E.D. Va. 2013) (Docket Entry 6).  Plaintiffs respectfully disagree with the Second Circuit's ruling that *Daimler* established a new standard for the court's exercise of general personal jurisdiction.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, __ U.S. __ 131 S. Ct. 2846, 2853-54 (2011).

*Gucci* is further distinguishable from the instant case in that *Gucci* involved a commercial dispute whereas the instant case involves claims under the Anti-Terrorism Act (the "ATA"), 18 U.S.C. § 2331, *et seq.*  Congress, with the Executive's active participation, expressly targeted for

2

U.S. court jurisdiction acts of terrorism occurring abroad.  The ATA was specifically designed to "remove the *jurisdictional* hurdles in the courts confronting victims and [] empower[] victims with all the weapons available in civil litigation."  Hrg. Before the Subcomm. on Intellectual Prop. and Judicial Admin. of the Comm. on the Judiciary, House of Representatives, 102d Congress, Second Session on H.R. 222, Antiterrorism Act of 1991, 10 (1992) (letter from Sen. Chuck Grassley).   This reference was not confined to subject matter jurisdiction.  To rule there is no personal jurisdiction over Defendants in this case would run counter to Congress's intent in enacting the ATA and would effectively vitiate at least portions of the act.

Finally, *Gucci* is unlike the instant case in that *Gucci* did not involve an entity whose status as a "person" under the Due Process Clause was at issue.  Whereas there was no dispute the Bank of China is a person under the Due Process Clause, Defendants here are not persons entitled to the protections of the Due Process Clause.  *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion for Reconsideration of the Court's February 7, 2005 Interlocutory Order at 22-29 (DE 284 at 31-38); Plaintiffs' Supplemental Memorandum in Opposition to Defendants' Motion for Reconsideration of the Court's February 7, 2005 Interlocutory Order on Personal Jurisdiction at 7- 8 (DE 291 at 8-9).

The Second Circuit's decision in *Gucci*, which addressed a very different scenario from the one currently before this Court, does nothing to change the fact that Defendants' motion for

reconsideration of this Court's personal jurisdiction decision is untimely, waived, unfounded, and not supported by the law.  It should be denied.

Dated:   October 2, 2014

                                       Respectfully submitted,

                            By    /s/ Abbe David Lowell
                                Abbe David Lowell (#358651)
                                Joy L. Langford (#451728)
                                CHADBOURNE & PARKE LLP
                                1200 New Hampshire Avenue, N.W.
                                Washington, D.C. 20036
                                Tel: 202-974-5605
                                Fax: 202-974-6705
                                adlowell@chadbourne.com
                                *Counsel for Plaintiffs*

                                Robert J. Tolchin (NY 0088)
                                111 Livingston Street, Suite 1928
                                Brooklyn, New York 11201
                                Tel: 718-855-3627
                                rjtberkman@gmail.com
                                *Counsel for Plaintiffs*

CPAM: 6992974.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of October 2014, I caused a true and correct copy of the foregoing Reply to Defendants' Response to Plaintiffs' Second Notice of Supplemental Authority to be filed and served electronically via CM/ECF to:

>Charles F. G. McAleer, Jr.
>MILLER & CHEVALIER CHARTERED
>655 Fifteenth Street, N.W.
>Suite 900
>Washington, D.C. 20005-5799
>cmcaleer@milchev.com
>
>Richard A. Hibey
>MILLER & CHEVALIER CHARTERED
>655 Fifteenth Street, N.W.
>Suite 900
>Washington, D.C. 20005-5799
>rhibey@milchev.com
>
>Mark J. Rochon
>MILLER & CHEVALIER CHARTERED
>655 Fifteenth Street, N.W.
>Suite 900
>Washington, D.C. 20005-5799
>mrochon@milchev.com
>
>Laura G. Ferguson
>MILLER & CHEVALIER CHARTERED
>655 Fifteenth Street, N.W.
>Suite 900
>Washington, D.C. 20005-5799
>lferguson@milchev.com

CPAM: 6992974.1

        Brian Andrew Hill
        MILLER & CHEVALIER CHARTERED
        655 Fifteenth Street, N.W.
        Suite 900
        Washington, D.C. 20005-5799
        bhill@milchev.com

        *Counsel for Defendants, the PA and the PLO*

and all Counsel of Record.

                          /s/ Abbe David Lowell
                          Abbe David Lowell