UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 02-02280 (RJL) |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM ORDER**
October 2⧸, 2014 [#278]

**FILED**
OCT 29 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Currently pending before the Court is Defendants' Motion for Reconsideration of the Court's February 7, 2005 Interlocutory Order on Personal Jurisdiction in Light of Recent Supreme Court Decisions, filed Feb. 7, 2014 [Dkt # 278] (the "Motion"). Defendants claim that this Court's order denying defendant's motion to dismiss should be reconsidered and that the case should be dismissed in the wake of the Supreme Court's recent decision in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). I disagree.

While the requirement of personal jurisdiction is an individual right, "it can, like other such rights, be waived." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982). Indeed, our Circuit Court recognizes waiver "where a defendant has engaged in extensive post-default litigation without suggesting an infirmity in personal jurisdiction," *Dem. Rep. Congo v. FG Hemisphere Ass'ns, LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007), or through their actions, which "may amount to a legal submission to the jurisdiction of the court." *Ins. Corp. of Ir.*, 456 U.S. at 704-05; *see also*

*Kabbani v. Int'l Total Servs.*, Civ. A. No. 91-0391, 1991 WL 251863, at *1 (D.D.C. Nov. 12, 1991) (noting that even if the court thought that the defendants' objection had merit, the court could not grant relief once the defense was waived).

Defendants here have repeatedly manifested their consent to the Court's jurisdiction through their conduct. Defendants have participated in litigation for a lengthy period of time and have sought affirmative relief from the Court, and, as such, it may not "pull its personal jurisdiction defense out of the hat like a rabbit." *Hunger v. U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, No. 99-4042, 2000 WL 147392, at *3 (10th Cir. Feb. 4, 2000) (quotations omitted). Indeed, these defendants, in asking the Court to vacate their intentional default, informed this Court of their "seriousness" and the "good faith" with which they intended to litigate their "strong meritorious defenses." *See* Mot. to Vacate Clerk's Entry of Default [Dkt # 77], at 5, 40. Furthermore, defendants moved for summary judgment in August 2013, two years *after* filing their Answer (which purportedly preserved the personal jurisdiction defense), without including a challenge to personal jurisdiction in their summary judgment motion. *See* Mot. for Summary Judgment [Dkt # 247]. To say the least, waiver is particularly appropriate under these circumstances. *See Cent. States, Se. and Sw. Areas Pension Fund v. Wiseway Motor Freight, Inc.*, No. 99 Civ. 4202, 2000 WL 1409825, at *4 n.3 (N.D. Ill. Sept. 26, 2000) (finding waiver of personal jurisdiction where defendants spent two years participating in discovery, status conferences, responding to plaintiffs motions, and moved the court for summary judgment); *Burton v. N. Dutchess Hosp.*,106 F.R.D. 477,

481-82 (S.D.N.Y. 1985) (failing to argue personal jurisdiction in a summary judgment motion waives the defense).

Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Reconsideration [Dkt. # 278] is **DENIED**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge