## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:02-cv-02280 (RJL) |
| | ) | |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT
OF THEIR MOTION FOR RECONSIDERATION
OF THE COURT'S FEBRUARY 7, 2005 AND OCTOBER 29, 2014
INTERLOCUTORY ORDERS ON PERSONAL JURISDICTION,
OR ALTERNATIVELY, REQUEST FOR
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Mitchell R. Berger (DC Bar No. 385467)
John A. Burlingame (DC Bar No. 455876)
Amy L. Brown (DC Bar No. 451090)
Alexandra E. Chopin (DC Bar No. 490736)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-5600
Facsimile:  (202) 457-6315
john.burlingame@squirepb.com
mitchell.berger@squirepb.com
amy.brown@squirepb.com
alexandra.chopin@squirepb.com

*Attorneys for Defendants Palestinian
Authority and Palestine Liberation
Organization*

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................ 1

**ARGUMENT** ......................................................................................................... 3

**I.**     **Procedural Posture and Standard for Reconsideration** ................................. 3

**II.**    **Under *Daimler,* As Applied in *Kleiman, Safra,* and *Livnat,* This Court
Cannot Assert General Jurisdiction Over the PA and PLO** ......................... 4

**III.**   **Consistent with *Kleiman,* The Court Should Reconsider Its Waiver
Finding** ........................................................................................................ 9

    **A.**     **The PA and PLO Have Consistently Objected to Personal
Jurisdiction Throughout the Case** ................................................... 9

    **B.**     **The PA and PLO Cannot Waive A Defense That Was Not
Available Until the Supreme Court's Decision in *Daimler*** ............. 12

**IV.**    **Alternatively, the Court Should Certify the Orders Addressing
Personal Jurisdiction for Interlocutory Review** ........................................ 14

    **A.**     **The Issue Is "Controlling."** ............................................................ 15

    **B.**     **There Is Disagreement And Uncertainty Regarding the Scope
of *Daimler*** ....................................................................................... 16

    **C.**     **An Immediate Appeal Will Materially Advance the Litigation** ..................... 16

**CONCLUSION** ..................................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AGS Int's Servs. S.A. v. Newmont USA Ltd.*,
   346 F. Supp. 2d 64 (D.D.C. 2004) ...................................................................12

*Albertson v. Fed. Commc'ns Comm.*,
   182 F.2d 397 (D.C. Cir. 1950) .........................................................................3

*\*Am. Fidelity Assurance Co. v. Bank of N.Y. Mellon*,
   No. 11-cv-1284, slip op. (W.D. Okla. Dec. 12, 2014) ................................15, 16, 17

*APCC Servs. v. Sprint Communs. Co.*,
   297 F. Supp. 2d 90 (D.D.C. 2003) ............................................................15, 16, 17

*Burton v. Northern Dutchess Hospital*,
   106 F.R.D. 477 (S.D.N.Y. 1985) .....................................................................11

*Central States, Southeast & Southwest Areas Pension Fund v.*
*Wiseway Motor Freight, Inc.*,
   No. 99-cv-4202, 2000 U.S. Dist. LEXIS 23212 (N.D. Ill. Sept. 25, 2000) .............11

*Curtis Publ'g Co. v. Butts*,
   388 U.S. 130 ...................................................................................................13

*\*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) .............................................................................. *passim*

*Dem. Rep. Congo v. FG Hemisphere Assocs.*,
   LLC, 508 F.3d 1062 (D.C. Cir. 2007) ...............................................................11

*Donahue v. Far E. Air Transp. Corp.*,
   652 F.2d 1032 (D.C. Cir. 1981) ........................................................................14

*Donk v. Miller*,
   No. 99-cv-3775, 2000 U.S. Dist. LEXIS 1871 (S.D.N.Y. Feb. 22, 2000) ...............10

*\*Estate of Klieman v. Palestinian Auth.*,
   No. 04-cv-1173, 2015 U.S. Dist. LEXIS 25167 (D.D.C. Mar. 3, 2015) ......... *passim*

*Fed. Home Loan Bank v. Ally Fin., Inc.*,
   No. 11-cv-10952, 2014 U.S. Dist. LEXIS 140975 (D. Mass. Sept. 30, 2014) .........5

*Gilmore v. Palestinian Interim Self-Gov't Auth.*,
   8 F. Supp. 3d 9, 14 (D.D.C. 2014) .....................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S. Ct. 2846 (2011) ............................................................................1, 2, 5, 12

*GTE New Media Servs., Inc. v. Ameritech Corp.*,
  44 F. Supp. 2d 313 (D.D.C. 1999) ...............................................................14, 16, 17

*Gucci America, Inc. v. Bank of China*,
  768 F.3d 122 (2d Cir. 2014).................................................................................13

*Hawknet, Ltd. v. Overseas Shipping Agencies*,
  590 F.3d 87 (2d Cir. 2009)................................................................................13, 14

*Holzager v. Valley Hosp.*,
  646 F.3d 792 (2d Cir. 1981)..................................................................................13

*Hunger United States Special Hydraulics Cylinders Corp. v.
  Hardie-Tynes Mfg. Co.*,
  No. 99-cv-4042, 2000 U.S. App. LEXIS 1520 (10th Cir. Feb. 4, 2000) ................................11

*IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*,
  136 F.3d 537 (7th Cir. 1998) .................................................................................10

*Kabbani v. Int'l Total Servs.*,
  No. 91-cv-0391, 1991 WL 251863 (D.D.C. Nov. 12, 1991) ....................................................11

*Keystone Tobacco Co. v. United States Tobacco Co.*,
  217 F.R.D. 235 (D.D.C. 2003)...................................................................................3

*Klinghoffer v. S.N.C. Achille Lauro*,
  921 F.2d 21 (2d Cir. 1990).....................................................................................15

*Lemery v. Ford Motor Co.*,
  244 F. Supp. 2d 720 (S.D. Tex. 2002) .......................................................................16

*\*Livnat v. Palestinian Auth.*,
  No. 14-cv-668, 2015 U.S. Dist. LEXIS 16522 (D.D.C. Feb. 11, 2015) ........................ *passim*

*Pension Benefit Guar. Corp. v. Asahi Tec Corp.*,
  839 F. Supp. 2d 118 (D.D.C. 2012) ........................................................................5, 13

*Peterson v. Highland Music*,
  140 F.3d 1313 (9th Cir. 1998) .............................................................................10, 11

*\*Safra v. Palestinian Auth.*,
  No. 14-cv-669, 2015 U.S. Dist. LEXIS 16492 (D.D.C. Feb. 11, 2015) ........................ *passim*

*Sokolow v. Palestine Liberation*,
  No. 04-cv-397, 2014 U.S. Dist. LEXIS 168114 (S.D.N.Y. Dec. 1, 2014) ..............................7

*Toumazou v. Turkish Rep. of N. Cyprus*,
    No. 09-cv-1967, 2014 U.S. Dist. LEXIS 143535 (D.D.C. Oct. 9, 2014) .................................6

*U.S. ex rel Barko v. Halliburton Co.*,
    952 F. Supp. 2d 108 (D.D.C. 2013) ...................................................................................5, 13

**STATUTES**

28 U.S.C. § 1292(b) ........................................................................................... *passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ...............................................................................................10

Fed. R. Civ. P. 12(b)(2)...................................................................................6, 8

Fed. R. Civ. P. 12(h)(1)(A) .............................................................................11

Fed. R. Civ. P. 54(b) ......................................................................................1, 3

Fed R. Civ. P. 56 ...........................................................................................12

## PRELIMINARY STATEMENT

Pursuant to Federal Rule of Civil Procedure 54(b), Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") respectfully move for reconsideration of the Court's February 7, 2005 and October 29, 2014 Interlocutory Orders (collectively, the "Personal Jurisdiction Orders"), which conclude that this Court can exercise personal jurisdiction over the PA and PLO.  Defendants request the Court to reconsider its assertion of jurisdiction over the Defendants because recently Judge Friedman and Judge Kollar-Kotelly of this Court issued three opinions concluding that in light of the Supreme Court's decisions in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011), the District of Columbia "cannot exercise general jurisdiction over the PA and the PLO because their contacts with the United States are not so continuous or systematic as to render them 'essentially at home' in this forum."  *Estate of Klieman v. Palestinian Auth.*, No. 04-cv-1173, 2015 U.S. Dist. LEXIS 25167, at *30 (D.D.C. Mar. 3, 2015) (Friedman, J.) (hereafter "*Klieman*"); *see also Safra v. Palestinian Auth.*, No. 14-cv-669, 2015 U.S. Dist. LEXIS 16492, at *28-29 (D.D.C. Feb. 11, 2015) (Kollar-Kotelly, J.) (granting PA's motion to dismiss for lack of personal jurisdiction and finding that PA is not essentially at home in the United States), *appeal pending*; and *Livnat v. Palestinian Auth.*, No. 14-cv-668, 2015 U.S. Dist. LEXIS 16522, at *28-29 (D.D.C. Feb. 11, 2015) (Kollar-Kotelly, J.) (same), *appeal pending*.

Based on facts similar to those asserted in this case, Judge Friedman and Judge Kollar-Kotelly also found that the PA and PLO were not subject to specific jurisdiction because those lawsuits, like this one, did not arise out of or relate to Defendants' contacts with the United States.  *See Klieman*, 2015 U.S. Dist. LEXIS 25167, at *20-27; *Safra*, 2015 U.S. Dist. LEXIS 16492, at *32-45; and *Livnat*, 2015 U.S. Dist. LEXIS, at *33-45.  And, finally, in *Klieman,* Judge

Friedman addressed and rejected an argument that the PA and PLO had waived their personal jurisdiction defense. *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *11-13. First, Judge Friedman found that the PA and PLO had preserved their objection to personal jurisdiction by filing two motions objecting to personal jurisdiction and a prior motion for reconsideration near the commencement of the action. *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *11. Second, Judge Friedman rejected plaintiffs' argument of waiver because the PA and PLO did not file a motion for reconsideration following the Supreme Court's decision in *Goodyear*, finding that the "Court has not identified . . . any case denying a motion for reconsideration because of a delay in identifying intervening case law" and regardless "[i]t was only after the Supreme Court issued its decision in *Daimler* that the scope of *Goodyear's* 'at home' test was appreciated." *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *12-13.

Klieman, *Safra*, and *Livnat* have now clarified that under *Daimler*, this Court cannot exercise general jurisdiction over the PLO and the PA. In light of these decisions – and Judge Friedman's conclusions that the PA and PLO have not waived such defense – we ask the Court to reconsider its Personal Jurisdiction Orders and dismiss the case for lack of personal jurisdiction.

Alternatively, if the Court refuses to reconsider its Personal Jurisdiction Orders, Defendants respectfully request the Court to certify its refusal to grant reconsideration along with its Personal Jurisdiction Orders for immediate interlocutory review pursuant to 28 U.S.C. § 1292(b). These orders present a controlling question of law as to whether a U.S. court can assert general jurisdiction over the PA and PLO under *Daimler*, and absent reconsideration, this Court's orders stand in irreconcilable conflict with *Klieman, Safra,* and *Livnat*. Notably, the plaintiffs in *Safra* and *Livnat* have already appealed those decisions, which means that the D.C.

Circuit will be confronting these very issues in short order.  An immediate ruling on this issue will materially advance the litigation and conserve the resources of the parties and the Court if the D.C. Circuit were to conclude this Court cannot assert jurisdiction over the PA and PLO.

## ARGUMENT

I.     **Procedural Posture and Standard for Reconsideration.**

In February 2005, the Court entered a minute order denying Defendants' Motion to Dismiss, including Defendants' request to dismiss the case against them for lack of personal jurisdiction. [Dkt. No. 26 at 17-18].  In February 2014, Defendants moved for reconsideration of the Court's February 2005 Order in light of the Supreme Court's January 2014 ruling in *Daimler*. [Dkt. No. 278].  The Court denied the motion for reconsideration in October 2014.  [Dkt. No. 300].

The Court has inherent power to review its interlocutory opinions and orders, as "[t]he power to reconsider is inherent in the power to decide."  *Albertson v. Fed. Commc'ns Comm.*, 182 F.2d 397, 399 (D.C. Cir. 1950).  Reconsideration of interlocutory orders is "within the discretion of the trial court and [is] therefore subject to the complete power of the court rendering them to afford such relief from them as justice requires."  *Keystone Tobacco Co. v. United States Tobacco Co.*, 217 F.R.D. 235, 237 (D.D.C. 2003).  *See also Klieman*, 2015 U.S. Dist. LEXIS 25167, at *9 (finding that the power to reconsider interlocutory orders is within the discretion of the trial court and granting second motion to reconsider personal jurisdiction ruling); FED. R. CIV. P. 54(b).

Generally, motions for reconsideration are granted when a movant demonstrates: (1) an intervening change in the law; (2) discovery of new evidence not previously available; or (3) a clear error of law.  *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *9.  As Judge Friedman found in

3

*Klieman,* there has been an intervening change in the law since the Court denied Defendants' request to dismiss the case for lack of personal jurisdiction that warrants reconsideration, and at this point, it would constitute clear error if the Court acted inconsistently with the recent decisions in *Klieman, Safra,* and *Livnat* and continued to assert jurisdiction over the PA and PLO.

## II.   Under *Daimler,* As Applied in *Klieman, Safra,* and *Livnat,* This Court Cannot Assert General Jurisdiction Over the PA and PLO.

As detailed in Defendants' prior Motion for Reconsideration [Dkt. No. 278 at 5-10], *Daimler* clarified that a defendant's continuous and systematic contacts with the forum are not sufficient for the exercise of personal jurisdiction unless such contacts are so "continuous and systematic as to render it essentially at home in the forum State."  134 S. Ct. at 761 (internal quotations and citations omitted).  Since *Daimler* and since this Court issued its October 2014 Order, three decisions from this Court have held that the PA and PLO are not "at home" in the United States such that this Court can exercise general jurisdiction over them.

Most recently, Judge Friedman, who had previously determined in 2006 that the court could exercise general personal jurisdiction over the PA and PLO based on contacts with the District that were "so continuous and systematic that [they] could [have] foresee[n] being haled into a court in the District of Columbia," concluded that under *Daimler*, the court could no longer exercise general jurisdiction over the PA and PLO because such contacts "do not suffice to render the PA and PLO 'essentially at home' in the United States."  *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *10, 16.  As with the case at bar, the *Klieman* plaintiffs brought an action against the PA and PLO (alongside other defendants) under the Antiterrorism Act and other tort theories arising out of attacks that occurred outside of the United States.  Judge Friedman denied a motion for reconsideration in 2008, stating that the contacts the PA and PLO allegedly had

with the United States "were sufficient for the Court to exercise personal jurisdiction." *Id.* at *7-8. The PA and PLO sought reconsideration again in the wake of *Daimler*, and Judge Friedman agreed that *Daimler* constituted an "intervening change in the law." *Id.* at *9-10. Concluding that "[a]lthough the 'at home' language first appeared in the Supreme Court's 2011 decision in *Goodyear*, the reach of this language was not immediately clear. . . . It was only after the Supreme Court issued its decision in *Daimler* that the scope of *Goodyear's* 'at home' test was appreciated." *Id.* at *12-13. Prior to *Daimler*, it was not clear that *Goodyear* applied beyond stream of commerce cases. *Id.* (citing *U.S. ex rel Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 115-16 (D.D.C. 2013) ("declining to apply the Goodyear 'at home' test outside of the stream of commerce context")). *See also Pension Benefit Guar. Corp. v. Asahi Tec Corp.*, 839 F. Supp. 2d 118, 126 n.6 (D.D.C. 2012) (noting that *Goodyear* "addressed the 'stream of commerce' analysis of general jurisdiction"); *Fed. Home Loan Bank v. Ally Fin., Inc*., No. 11-cv-10952, 2014 U.S. Dist. LEXIS 140975, at *25-27 (D. Mass. Sept. 30, 2014) (noting that, prior to *Daimler*, the analysis was a "holistic consideration of 'a corporation's activities in their entirety, nationwide and worldwide" but that *Daimler* now required "a tighter assessment of the standard than perhaps was clear from *Goodyear*") (vacating order on personal jurisdiction).

Applying *Daimler*, Judge Friedman concluded that Defendants' alleged contacts with the United States (such as conducting fundraising activities and other public speaking engagements; hiring a lobbying firm to develop a public relations campaign; entering into commercial contracts in the United States; maintaining bank accounts in New York; and maintaining a small office in Washington, D.C.) did not "suffice to render the PA and the PLO 'essentially at home' in the United States." *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *15-18. Accordingly, Judge Friedman held:

> In light of the intervening change in law, the Court concludes that it cannot exercise general jurisdiction over the PA and the PLO because their contacts with the United States are not so continuous or systematic as to render them 'essentially at home' in this forum.  The Court also finds that it cannot exercise specific jurisdiction over the defendants because the suit does not arise out of or relate to defendants' contacts with the United States.  The PA and PLO therefore will be dismissed from this case pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

*Id*. at *29-30.

Judge Friedman's conclusion that under *Daimler*, the PA and the PLO are not "at home" in the United States for purposes of general jurisdiction comports with Judge Kollar-Kotelly's earlier decisions in *Safra* and *Livnat* in which she granted the PA's motion to dismiss, concluding that the court lacked personal jurisdiction.  *Safra*, 2015 U.S. Dist. LEXIS 16492, at *2-3; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at *2-3.  First, Judge Kollar-Kotelly determined that *Daimler* applied to non-sovereign governments such as the PA.  *Safra*, 2015 U.S. Dist. LEXIS 16492, at *21-25; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at *21-25.  Next, she held that there was no general jurisdiction over the PA since the PA was not "essentially at home" in the United States: the only single place where the PA was amenable to suit for all purposes "is the place where it governs.  Here, that place is the West Bank, not the United States."  *Safra*, 2015 U.S. Dist. LEXIS 16492, at *27; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at *28.  *See also Toumazou v. Turkish Rep. of N. Cyprus*, No. 09-cv-1967, 2014 U.S. Dist. LEXIS 143535, at *11 (D.D.C. Oct. 9, 2014) ("The plaintiffs' allegations, which are premised on the TRNC's ongoing control over their property in Cyprus, indicate that the TRNC is 'at home' in Northern Cyprus, as its name suggests, not in the District of Columbia.").  Assuming, *arguendo*, that certain activities such as fundraising, community outreach, and consular services could be attributed to the PA, Judge Kollar-Kotelly concluded that none of those activities "suggest that the Palestinian Authority is at home in the United States":

> To the contrary, many of the services allegedly provided on behalf of the Palestinian Authority suggest that the Palestinian Authority is *not* at home. Consular services in particular are generally offered by a government when it is not at home; services like community outreach and cultural events are also consistent with the nature of a government—or an affiliate of some sort—operating abroad, rather than the operations of a government "at home."

*Safra*, 2015 U.S. Dist. LEXIS 16492, at *28-29; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at *28-29

(emphasis in the original).

Judge Kollar-Kotelly disagreed with the holding of the Southern District of New York in *Sokolow v. Palestine Liberation*, No. 04-cv-397, 2014 U.S. Dist. LEXIS 168114, at *9-10 (S.D.N.Y. Dec. 1, 2014), in which the court found that the record was "insufficient to conclude that either defendant is 'at home' in a particular jurisdiction other than the United States" since the PA did not identify which of its employees were engaged in activities in any country outside of the Palestinian Territories in the West Bank and Gaza Strip." *Safra*, 2015 U.S. Dist. LEXIS 16492, at *30; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at *31.  Rejecting that reasoning, Judge Kollar-Kotelly noted that the plaintiffs bore the burden to present a *prima facie* case for jurisdiction, and "they must overcome the common sense presumption that a non-sovereign government is at home in the place they govern.  None of the contacts with the United States on which the Plaintiffs rely, even if attributable to the Palestinian Authority, do so.  Accordingly, the Court concludes that it does not have general jurisdiction over the Palestinian Authority." *Safra*, 2015 U.S. Dist. LEXIS 16492, at *30; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at *31.[1]

Additionally, Judge Kollar-Kotelly held that specific personal jurisdiction was lacking. There were "insufficient links between the specific acts underlying this action and the United

---

[1] In *Klieman*, Judge Friedman also rejected the specific application of *Daimler* to the PA in *Sokolow*, citing *Safra* for the proposition that it was "not the defendants' burden to demonstrate a 'home' outside the Unites States, but the plaintiffs' burden to present a *prima facie* case that defendants are 'at home' in the United States." *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *19-20.

States to support specific jurisdiction," *Safra*, 2015 U.S. Dist. LEXIS 16492, at \*33-34; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at \*34.  Plaintiffs' "claim that by attacking a group of Jewish worshippers in the West Bank—without any actual knowledge or even a reason to believe that those victims were connected to the United States—the Palestinian Authority was attempting to influence U.S. government policy towards Israel . . . does not allow the Court to conclude that defendant's conduct connects it to the forum in a meaningful way." *Safra*, 2015 U.S. Dist. LEXIS 16492, at \*35; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at \*36.  Nor did the plaintiffs suggest that "other alleged enabling action of the Palestinian Authority … happened anywhere but the West Bank." *Safra*, 2015 U.S. Dist. LEXIS 16492, at \*36-37; *Livnat*, 2015 U.S. Dist. LEXIS 16522, at \*37.

Consistent with *Klieman*, *Safra*, and *Livnat*, the Court should find that *Daimler* represents an intervening change in the law that warrants reconsideration of the Personal Jurisdiction Orders by this Court and dismissal of this case under Rule 12(b)(2).  It would be clear error for this Court to continue to exercise jurisdiction over the PA and PLO in contravention of three recent cases involving the same defendants (the PA and, in the case of *Klieman*, the PLO), the same alleged injury (attacks occurring in the West Bank), the same alleged contacts with the United States[2], and similar theories of liability.  Moreover, for the reasons set forth in Defendants' prior Motion for Reconsideration, as well as Judge Friedman's reasoning in *Klieman* and Judge Kollar-Kotelly's reasoning in *Safra* and *Livnat*, the Court also lacks specific jurisdiction over the Defendants.  Accordingly, this Motion for Reconsideration should be granted, and the cases dismissed.

---

[2] *See, e.g.,* Pls.' Opp'n to Mot. to Dismiss [Dkt. No. 32 at 44-52]: a Washington, D.C. office, a U.N. Mission in New York, public relations campaigns, commercial activities, and "miscellaneous contacts."

**III.     Consistent with *Klieman*, The Court Should Reconsider Its Waiver Finding.**

    **A.     The PA and PLO Have Consistently Objected to Personal Jurisdiction Throughout the Case.**

Defendants recognize that in its October 2014 order denying reconsideration, the Court did not reach the question of whether *Daimler* required reconsideration of the Court's assertion of personal jurisdiction over Defendants because it found that Defendants had waived the defense of personal jurisdiction through their conduct in the litigation. [Dkt. No. 300]. Earlier this month, Judge Friedman found in *Klieman* that the PA and PLO had *not* waived their personal jurisdiction defense even though they, like Defendants here, had participated in the litigation of that case after asserting the personal jurisdiction defense. *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *11.   Consistent with *Klieman,* Defendants respectfully request the Court to reconsider its finding that Defendants have waived their personal jurisdiction defense.

Like this case, "[t]he procedural history of [*Klieman*] spans a decade." *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *6.  In *Klieman*, the PA and PLO filed two motions to dismiss near the commencement of the case followed by an unsuccessful motion for reconsideration.  The litigation then proceeded, including extensive discovery.  As the PA and PLO did in this case, they filed a motion for reconsideration based on the intervening change in law set forth in *Daimler.*   Over plaintiffs' objections, Judge Friedman found that the PA and PLO had not waived their personal jurisdiction defense: "Defendants persistently have objected to personal jurisdiction throughout this case, including by filing two motions near the commencement of the action and a prior motion for reconsideration. . . . Plaintiffs therefore had ample notice of defendants' objection to personal jurisdiction throughout the litigation of this case." *Id.* at *11. Likewise, the PA and PLO have persistently objected to personal jurisdiction throughout this case, including:

- In 2003, Defendants moved to dismiss for, among other reasons, lack of personal jurisdiction. [Dkt. No. 26 at 16-18]. The Court denied this motion in 2005.

- In 2007, Defendants again brought to the Court's attention that personal jurisdiction was lacking when they opposed Plaintiffs' motion for default judgment. [Dkt. No. 69 at 3 ("…the PNA/PLO continue to contend that they have insufficient contacts with the United States to warrant the Court's exercise of personal jurisdiction over them and reserve that issue.")].

- And when Defendants moved to vacate the entry of default in 2009, they expressly preserved their jurisdictional defenses stating: "Defendants have come to appreciate that they need to address these cases head on, rather than continuing to rely exclusively on jurisdictional defenses." [Dkt. No. 77 at 12]. Defendants attached a proposed answer to their filing that included lack of personal jurisdiction as the third affirmative defense. [Dkt. No. 77, Ex. J].

- In 2011, Defendants raised the lack of personal jurisdiction as an affirmative defense in their answer [Dkt. No. 128] after the Court vacated the default judgment.

- In 2014, Defendants again raised personal jurisdiction by moving for reconsideration in light of *Daimler* [Dkt. No. 278].

Having "raised the defense in a timely fashion," *see IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998), Defendants were entitled to participate in the litigation on the merits without waiving the defense, as "it is settled law that a defendant who has properly objected to a lack of personal jurisdiction in an answer or motion to dismiss may thereafter fully participate in the action without waiving the objection." *Donk v. Miller*, No. 99-cv-3775, 2000 U.S. Dist. LEXIS 1871, at *7-8 (S.D.N.Y. Feb. 22, 2000); *see also Peterson v. Highland Music*, 140 F.3d 1313, 1318 (9th Cir. 1998) ("The rule that plaintiffs urge upon us could have the consequence that filing a motion under Rule 12 not only would not necessarily suffice to preserve an objection to personal jurisdiction on appeal, but that it would never suffice in a case that proceeds to a decision on the merits. We hesitate to adopt such an unyielding rule."). In *Peterson*, the Ninth Circuit held that the defendants' inaction on the issue of personal jurisdiction after the denial of their motion to dismiss did not constitute a waiver of the issue for purposes of

appeal, even though defendants did not, *inter alia*, raise their personal jurisdiction defense in any motion for summary judgment or at trial. *Id*. at 1317-18.

Respectfully, the authorities cited in the Court's October 2014 order are distinguishable; in those cases, the parties acted with undue delay in raising the defense or having the court rule on it.[3]  For example, in *Dem. Rep. Congo v. FG Hemisphere Assocs.*, LLC, 508 F.3d 1062, 1064 (D.C. Cir. 2007), the defendant engaged in extensive post-default litigation before ever suggesting an infirmity in personal jurisdiction.  The defendant in *Kabbani v. Int'l Total Servs.*, No. 91-cv-0391, 1991 WL 251863, at *1 (D.D.C. Nov. 12, 1991), failed to object to jurisdiction in its answer and also failed to assert the defense in a pre-answer motion.  The defendant in *Hunger United States Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, No. 99-cv-4042, 2000 U.S. App. LEXIS 1520, at *7-9 (10th Cir. Feb. 4, 2000),  waited three years to file a motion to dismiss, failing to request a ruling on the issue until most of the claims in the case were resolved and dismissed.  It does not appear that the defendant in *Central States, Southeast & Southwest Areas Pension Fund v. Wiseway Motor Freight, Inc.*, No. 99-cv-4202, 2000 U.S. Dist. LEXIS 23212, at *12-13 (N.D. Ill. Sept. 25, 2000), ever moved to dismiss the case for lack of personal jurisdiction, and only asserted objections when the court asked for further briefing on jurisdiction.  Finally, while the defendants in *Burton v. Northern Dutchess Hospital*, 106 F.R.D. 477, 481 (S.D.N.Y. 1985), asserted the defense of lack of personal jurisdiction in their answers, the issue was not brought to the court for determination (not even in the defendants' earlier

---

[3] In rejecting plaintiffs' waiver argument in *Klieman,* Judge Friedman distinguished *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F. Supp. 3d 9, 14 (D.D.C. 2014), in which Judge Kessler found waiver under Federal Rule of Civil Procedure 12(h)(1)(A) because the PA and PLO had failed to raise lack of personal jurisdiction in their initial motion to dismiss.  While the PA and PLO disagree with Judge Kessler's finding that the personal jurisdiction defense was available and therefore waivable in *Gilmore*, such a finding is inapposite here because in this case, like *Klieman,* the PA and PLO did raise lack of personal jurisdiction in their motion to dismiss.

motion to dismiss a portion of the complaint that was adjudicated under Rule 56) until years later when the plaintiff moved to strike the affirmative defense.

The actions of the foregoing defendants stand in stark contrast to the actions of the PA and PLO in this matter, which consistently raised and preserved the jurisdictional defense and appropriately sought rulings from this Court.  Consistent with the authority described above, Defendants were entitled to participate in the case after this Court rejected their personal jurisdiction defense without risking waiver.

**B.      The PA and PLO Cannot Waive A Defense That Was Not Available Until the Supreme Court's Decision in *Daimler*.**

In addition, the Court should reconsider its waiver finding because the personal jurisdiction defense premised on *Daimler*'s "at home" standard was not available when Defendants purportedly waived it.  In *Klieman*, Judge Friedman noted that prior to the Supreme Court's "at home" test for general jurisdiction, "courts in this Circuit exercised general jurisdiction over a foreign corporation if its 'contacts with the District [were] so continuous and systematic that it could [have] foresee[n] being haled into a court in the District of Columbia.'" 2015 U.S. Dist. LEXIS 25167, at *10 (quoting *AGS Int's Servs. S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64, 74 (D.D.C. 2004)).  Judge Friedman found that the Supreme Court's "at home" test first articulated in *Goodyear* in 2011 and then clarified in *Daimler* in 2014 constituted an intervening change in law that warranted reconsideration.

In doing so, Judge Friedman rejected plaintiffs' argument that the PA and PLO had waived the personal jurisdiction defense by not filing their motion after *Goodyear*:  "Although the 'at home' language first appeared in the Supreme Court's 2011 decision in *Goodyear*, the reach of this language was not immediately clear. … It was only after the Supreme Court issued its decision in *Daimler* that the scope of *Goodyear's* 'at home' test was appreciated."  *Id*. at *12-

12

13 (citing *U.S. ex rel Barko*, 952 F. Supp. 2d at 15-16).  *See also Pension Benefit Guar. Corp.,* 839 F. Supp. 2d at 126 n.6.

Judge Friedman's refusal to find waiver is consistent with the Second Circuit's recent decision in *Gucci America, Inc. v. Bank of China*, 768 F.3d 122, 135-36 (2d Cir. 2014).   In *Gucci*, the Bank of China, a nonparty appellant, appeared in the district court and did not argue that the court lacked personal jurisdiction; however, the Second Circuit held that the personal jurisdiction defense was not waived, since "a defendant does not waive a personal jurisdiction argument—even if he does not make it in the district court—if the 'argument that the court lacked jurisdiction over the defendant would have been directly contrary to controlling precedent in this Circuit.'"  *Id*. (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies,* 590 F.3d 87, 92 (2d Cir. 2009) ("a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made")).  The Second Circuit found that prior to *Daimler*, controlling precedent provided that Bank of China would have been subject to general personal jurisdiction in New York, and therefore the Bank of China did not waive its personal jurisdiction objection.  *Gucci*, 768 F.3d at 135-36.

In other words, the personal jurisdiction defense under *Daimler* was not available to the PA and PLO until 2014 when they raised it with the Court, and consistent with *Klieman* and *Gucci,* courts have declined to find waiver when such defenses stem from intervening changes in the law.  *See Curtis Publ'g Co. v. Butts*, 388 U.S. 130, 143 ("[M]ere failure to interpose such a defense prior to the announcement of a decision which might support it cannot prevent a litigant from later invoking such a ground.");  *Holzager v. Valley Hosp.*, 646 F.3d 792, 796 (2d Cir. 1981) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise

the objections as soon as their cognizability is made apparent.").   Waiver demands "conscientiousness, not clairvoyance, from parties." *Hawknet*, 590 F.3d at 92.  The Court should reverse its decision on waiver and consider the merits of Defendants' personal jurisdiction defense under *Daimler*.

**IV.    Alternatively, the Court Should Certify the Orders Addressing Personal Jurisdiction for Interlocutory Review.**

Immediate review of an interlocutory order is appropriate when the order (1) involves a controlling question of law, (2) substantial ground for difference of opinion exists regarding the issues, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.  28 U.S.C. § 1292(b).  Not only does the personal jurisdiction issue at hand readily satisfy that test, but the D.C. Circuit will be confronting these same issues in connection with pending appeals.  Judicial economy and efficiency suggests that the D.C. Circuit should be able to decide these matters before proceeding further with this case.

The D.C. Circuit and this Court have found that orders on personal jurisdiction are appropriate for interlocutory review.  *See GTE New Media Servs., Inc. v. Ameritech Corp.*, 44 F. Supp. 2d 313, 316-17 (D.D.C. 1999) (granting motion for certification of the court's ruling on personal jurisdiction, and noting that "[s]everal circuits have held that interlocutory appeal may be taken on the issue of personal jurisdiction"); *Donahue v. Far E. Air Transp. Corp.*, 652 F.2d 1032, 1034 (D.C. Cir. 1981) (accepting certification and reversing district court's denial of motion to dismiss on personal jurisdiction).

Review of this Court's orders addressing personal jurisdiction is particularly appropriate because three recent decisions have dismissed cases against the PA, and in one case the PLO, for lack of personal jurisdiction while this Court has found that it can exercise jurisdiction over the PA and PLO.  *Safra* and *Livnat* are currently on appeal to the D.C. Circuit, and Defendants

14

expect that a notice of appeal will be forthcoming in *Klieman*. Accordingly, Defendants respectfully submit that the Court's rulings on personal jurisdiction are appropriate for certification and review.

### A.     The Issue Is "Controlling."

Whether Defendants are subject to personal jurisdiction—and whether they waived that defense—is a "controlling" issue because reversal of the Court's holding would result in the Defendants' dismissal from this case. A "controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the court of litigation." *APCC Servs. v. Sprint Communs. Co.*, 297 F. Supp. 2d 90, 95-96 (D.D.C. 2003) (internal quotations and citations omitted). Issues of personal jurisdiction are necessarily "controlling." *See id.* (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). In *Am. Fidelity Assurance Co. v. Bank of N.Y. Mellon*, No. 11-cv-1284, slip op. at 1-2 (W.D. Okla. Dec. 12, 2014) (attached as Ex. A), the Western District of Oklahoma granted defendant's request to certify an interlocutory appeal pursuant to Section 1292(b) after previously determining that the defendant waived the defense of personal jurisdiction; the defendant contended that it could not have raised its personal jurisdiction defense until *Daimler* was decided. The court in *American Fidelity* held that the issue of waiver was a controlling issue of law, since "if the appellate court were to find no waiver, the action would be subject to dismissal if the court further determined personal jurisdiction does not exist." *Am. Fidelity Assurance Co.*, No. 11-cv-1284, slip op. at 6-7. The Tenth Circuit recently accepted the case under Section 1292(b) (attached as Ex. B).

Here, if the D.C. Circuit were to find Defendants did not waive their personal jurisdiction defense in this case – either because it was properly preserved or because it was unavailable prior to *Daimler* – then this case would too be subject to dismissal (similar to *Klieman*). "If that

conclusion were reached, especially in this case involving complex factual and legal issues, a substantial savings of time for the court and the litigants would be accomplished by allowing an interlocutory appeal." *Id.* at 7.

**B.      There Is Disagreement And Uncertainty Regarding the Scope of *Daimler.***

The second element is readily satisfied, as the Court need look no further than the recent decisions of its colleagues to appreciate that there is "substantial ground for difference of opinion."  The intra-district conflict alone warrants certification.  Reinforcing this point, as the district court in Oklahoma recognized, "the ultimate scope of *Daimler* and its application to specific facts of a particular case may be subject to dispute among the courts."  *Am. Fidelity Assurance Co.*, No. 11-cv-1284, slip op. at 7.  These cases establish that there is substantial ground for disagreement sufficient to satisfy this requirement of Section 1292(b).

**C.      An Immediate Appeal Will Materially Advance the Litigation.**

An immediate ruling on this issue will materially advance the litigation because personal jurisdiction is a dispositive issue.  *See APCC Servs.*, 297 F. Supp. 2d at 100 ("An immediate appeal would conserve judicial resources and spare the parties from possibly needless expense if it should turn out that this Court's rulings are reversed."); *GTE New Media Servs., Inc.*, 44 F. Supp. 2d at 316 ("If the District of Columbia Circuit rules that personal jurisdiction does not exist over the defendants, much time and resources will have been wasted.").

Judicial economy and the parties' interests are not served by having this case "proceed to judgment after considerable expense and delay, only to discover that the judgment must be overturned on appeal."  *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 728 (S.D. Tex. 2002) (granting motion for certification as there was a controlling question of law concerning subject matter jurisdiction).  Should the D.C. Circuit "disagree with this Court's waiver analysis and further determine general jurisdiction is lacking, such a determination would terminate the

litigation before this Court.  Because the scope of Supreme Court precedent [*Daimler*] is at issue, and due to the complexities of the issues involved in the instant case, granting Defendant[s] leave to appeal at this stage may materially advance the termination of the litigation." *Am. Fidelity Assurance Co.*, No. 11-cv-1284, slip op. at 8-9.

Since the D.C. Circuit will already have at least two (and likely three) appeals before it on the personal jurisdiction issue, giving it the opportunity to address this case contemporaneously will enable it to issue definitive guidance on the personal jurisdiction question.[4]

## CONCLUSION

Three recent decisions from this District have considered the same issue under the same circumstances and arrived at the same conclusion: there is no general or specific jurisdiction over the PA and PLO.  Lacking personal jurisdiction, the Court should dismiss this matter.  In the alternative, Defendants respectfully ask the Court to certify its orders on personal jurisdiction, including any denial of this Motion for Reconsideration and its February 7, 2005 and October 29, 2014 Orders, for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

---

[4] If the Court grants certification, Defendants anticipate moving for a stay of proceedings before this Court pending appeal.  *See APCC Servs.*, 297 F. Supp. 2d at 101 (granting stay); *GTE New Media Servs., Inc.*, 44 F. Supp. 2d at 314 (ordering a stay for reasons of judicial economy)

March 18, 2015

Respectfully submitted,


/s/Mitchell R. Berger
Mitchell R. Berger (DC Bar No. 385467)
John A. Burlingame (DC Bar No. 455876)
Amy L. Brown (DC Bar No. 451090)
Alexandra E. Chopin (DC Bar No. 490736)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-5600
Facsimile:  (202) 457-6315
john.burlingame@squirepb.com
mitchell.berger@squirepb.com
amy.brown@squirepb.com
alexandra.chopin@squirepb.com

*Attorneys for Defendants Palestinian Authority and Palestine Liberation Organization*