UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, *et al.*,

Plaintiffs,

-against-

THE SYRIAN ARAB REPUBLIC, *et al.*,

Defendants.

Civil Action No. 02-cv-02280 (RJL)

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION FOR
RECONSIDERATION OF THE COURT'S FEBRUARY 7, 2005
AND OCTOBER 29, 2014 INTERLOCUTORY ORDERS ON
PERSONAL JURISDICTION, OR ALTERNATIVELY, REQUEST FOR
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

Abbe David Lowell (#358651)
Joy L. Langford (#451728)
CHADBOURNE & PARKE LLP
1200 New Hampshire Avenue, N.W.
Washington, D.C. 20036
Tel: 202-974-5605
Fax: 202-974-6705
adlowell@chadbourne.com
*Counsel for Plaintiffs*


Robert J. Tolchin (NY 0088)
THE BERKMAN LAW OFFICE, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
Tel: 718-855-3627
rjt.berkman@gmail.com
*Counsel for Plaintiffs*

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ......................................................................................................1

ARGUMENT ................................................................................................................................2

I.     Defendants Fail to Present Grounds for Reconsideration....................................................2

       A.     History of Defendants' Submission to This Court's Jurisdiction ...........................3

       B.     Defendants Present No New Arguments Warranting Reconsideration ..................6

       C.     The Decisions of Other District Judges in *Safra*, *Livnat* and *Klieman* Are
              Not Relevant to Defendants' Waiver in This Case ................................................10

II.    The Waiver Issue in This Case Does Not Warrant Interlocutory Review Under 28 U.S.C.
       § 1292(b).................................................................................................................12

       A.     Waiver is Not a Controlling Question of Law ......................................................14

       B.     No Substantial Grounds Exist For Difference of Opinion on The Waiver
              Issue ......................................................................................................................15

       C.     An Immediate Appeal Will Serve Only to Permit Defendants to Further
              Delay Plaintiffs' Day in Court ..............................................................................17

CONCLUSION..............................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*American Fidelity Assurance Co. v. Bank of N.Y. Mellon*,
  No. 11-cv-1284, 2014 WL 8187951 (W.D. Okla. Dec. 12, 2014) .........................................15

*Arias v. DynCorp*,
  856 F. Supp. 2d 46 (D.D.C. 2012) ............................................................................13, 14, 17

*Camreta v. Greene*,
  131 S. Ct. 2020 (2011) .............................................................................................................12

*Casey v. Long Island R.R. Co.*,
  406 F.3d 142 (2d Cir. 2005) .....................................................................................................14

*Chennareddy v. Dodaro*,
  282 F.R.D. 9 (D.D.C. 2012) .......................................................................................................2

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ...................................................................................................... passim

*Davis v. Filip*,
  596 F. Supp. 2d 16 (D.D.C. 2009) ..............................................................................................2

*Delta Sigma Theta Sorority, Inc. v. LaMith Designs, Inc.*,
  275 F.R.D. 20 (D.D.C. 2011) ...................................................................................................12

*Dem. Rep. of Congo v. FG Hemisphere Assocs., LLC*,
  508 F.3d 1062 (D.C. Cir. 2007) .................................................................................................7

*First American Corp. v. Al-Nahyan*,
  948 F. Supp. 1107 (D.D.C. 1996) .......................................................................................13, 16

*Estate of Gaither ex rel. Gaither v. District of Columbia*,
  771 F. Supp. 2d 5 (D.D.C. 2011) ...............................................................................................2

*Gilmore v. Palestinian Interim Self-Government Auth.*,
  8 F. Supp. 3d 9 (D.D.C. 2014) ........................................................................................ passim

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  131 S. Ct. 2846 (2011) ..................................................................................................... passim

*Graham v. Mukasey*,
  608 F. Supp. 2d 56 (D.D.C. 2009) .......................................................................................13, 16

*Gucci Am., Inc. v. Bank of China,*
  768 F.3d 122 (2d Cir. 2014)................................................................7

*\*Hamilton v. Atlas Turner, Inc.,*
  197 F.3d 58 (2d Cir. 1999).............................................................14

*Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.,*
  203 F.3d 835, 2000 WL 147392 (10th Cir. Feb. 4, 2000) ........................8

*Hurst v. Socialist People's Libyan Arab Jamahiriya,*
  474 F. Supp. 2d 19 (D.D.C. 2007) .................................................10

*In Defense of Animals v. U.S. Dep't of Agriculture,*
  589 F. Supp. 2d 41 (D.D.C. 2008) .................................................9

*Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.,*
  233 F. Supp. 2d 16 (D.D.C. 2002)................................................13

*Keystone Tobacco Co. v. United States Tobacco Co.,*
  217 F.R.D. 235 (D.D.C. 2003)......................................................14

*King v. Taylor,*
  694 F.3d 650 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 1473 (2013)......................14

*Estate of Klieman v. Palestinian Auth.,*
  No. 04-cv-1173, 2015 WL 967624 (D.D.C. Mar. 3, 2015) .................................10, 11, 16, 17

*Livnat v. Palestinian Auth.,*
  No. 14-cv-668, 2015 WL 558710 (D.D.C. Feb. 11, 2015)..............................10, 16

*Mohamad v. Rajoub,*
  No. 11-88, 2011 WL 3664462 (Aug. 19, 2011)......................................5

*\*Moses v. Howard Univ. Hosp.,*
  606 F.3d 789 (D.C. Cir. 2010)......................................................9

*Ocasio v. Dep't of Justice,*
  No. 13-cv-921(TSC), 2014 WL 4636043 (D.D.C. Sept. 16, 2014)..........................6

*In re Papst Licensing GMBH & Co. KG Litig.,*
  791 F. Supp. 2d 175 (D.D.C. 2011) .................................................2

*Safra v. Palestinian Auth.,*
  No. 14-cv-669, 2015 WL 567340 (D.D.C. Feb. 11, 2015)..........................10, 16, 17

*SEC v. Banner Fund Int'l,*
  211 F.3d 602 (D.C. Cir. 2000) .....................................................6

iii

*Subway Int'l B.V. v. Bletas*,
    512 Fed. Appx. 82 (2d Cir. 2013) ............................................................................14

*Whitecap Inv. Corp. v. Putnam Lumber & Ex. Co.*,
    No. 2010-139, 2013 WL 1155351 (D.V.I. Mar. 21, 2013) .......................................8

**Statutes**

28 U.S.C. § 1292(b) .................................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 12(b) .......................................................................................................3, 8

## PRELIMINARY STATEMENT

Defendants' March 18, 2015 motion for reconsideration (DE 309) constitutes the *second* time Defendants have asked the Court to reconsider its exercise of personal jurisdiction over them.  On October 29, 2014, the Court rejected Defendants' last request for reconsideration, concluding that Defendants had waived personal jurisdiction through their conduct in this litigation and through the representations Defendants made to the Court in an effort to obtain vacatur of the second default entered against them.  (DE 300).  Based upon the record in this case, the Court correctly and justly concluded that "Defendants here have *repeatedly* manifested their consent to the Court's jurisdiction through their conduct."  (DE 300 at 2 (emphasis added)).

Defendants present no grounds warranting reconsideration.  Since this Court's October 2014 decision, there has been no change in controlling law on waiver as respects personal jurisdiction.  (Nor, contrary to Defendants' suggestion, has there been any change in controlling law as respects the personal jurisdiction due process analysis—an analysis that is in any case irrelevant here, given Defendants' waiver.)  Indeed, the law and the facts are the same now as when the Court denied Defendants' last motion for reconsideration.  The *only* change that has occurred since October 2014 is that Defendants have retained yet another set of new counsel— presumably due to the verdict against Defendants in *Sokolow v. PLO*, 04-CV-397 (GBD) (S.D.N.Y.) (Defendants PA and PLO found liable on multiple grounds for killing and injuring U.S. citizens in six terrorist attacks between 2002-2004, in the amount of approximately $218 million before statutory trebling).  However, the retention of new counsel plainly does not provide cause for Defendants to rehash what has already been argued before and decided by this Court.

Defendants, moreover, present no grounds for 28 U.S.C. § 1292(b) certification of this Court's waiver decision for interlocutory appeal.

## ARGUMENT

### I.   Defendants Fail to Present Grounds for Reconsideration

"Motions for reconsideration are not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Chennareddy v. Dodaro*, 282 F.R.D. 9, 15 (D.D.C. 2012) (citation and quotations omitted).  Motions for reconsideration also may not be used "as a vehicle for presenting theories or arguments that could have been advanced earlier." *Estate of Gaither ex rel. Gaither v. District of Columbia*, 771 F. Supp. 2d 5, 10 (D.D.C. 2011) (citation and quotations omitted).  Reconsideration is limited by law of the case doctrine; "where litigants have once battled for the court's decision, they should neither be required, nor, without good reason, be permitted to battle for it again." *Davis v. Filip*, 596 F. Supp. 2d 16, 23 (D.D.C. 2009) (citation and punctuation omitted).

Even an alleged error in reasoning—not present in this case—is not a ground for reconsideration. *In re Papst Licensing GMBH & Co. KG Litig.*, 791 F. Supp. 2d 175, 181 (D.D.C. 2011).  The primary reasons for reconsidering an interlocutory order are an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Chennareddy*, 282 F.R.D. at 17 (citation and quotations omitted); *see also Estate of Gaither ex rel. Gaither*, 771 F. Supp. 2d at 9; *Davis*, 596 F. Supp. 2d at 23. Additionally, a party moving for reconsideration bears the further burden of "proving that some harm would accompany a denial of the motion to reconsider." *Davis*, 596 F. Supp. 2d at 23 (citation and quotations omitted).

Circumstances that would warrant reconsideration simply do not exist here.  The Court's October 29, 2014 decision was premised on the specific facts surrounding Defendants' waiver of

personal jurisdiction, not on general due process considerations.[1]  Defendants do not (and cannot) contend the law on waiver has changed since this Court's decision denying their last motion for reconsideration; nor have Defendants established that the Court's October 2014 waiver analysis was erroneous, much less *clearly* erroneous.  The facts at issue have not changed either.  Defendants therefore do not present any basis for reconsideration.

### A.      History of Defendants' Submission to This Court's Jurisdiction

Plaintiffs have already addressed Defendants' waiver argument (and due process contentions) in Plaintiffs' filings in opposition to Defendants' prior motion for reconsideration, including submissions regarding supplemental authority.  Very little further discussion is warranted.  The record in this case plainly supports a finding of waiver:

- Defendants initially failed to respond to the complaint by answer or motion to dismiss and a Clerk's default was entered.  (DE 18).

- The same day the Clerk's default was entered, Defendants filed a motion for a protective order against depositions and stated their intent "to move for the dismissal of this action before answer under Rule 12(b) asserting sovereign and governmental immunity, and other defenses" (DE 14 at 2); personal jurisdiction was not mentioned.

- Defendants moved for vacatur of the default.  (DE 21, 22).

- In their October 31, 2003 motion to dismiss, Defendants barely mentioned personal jurisdiction (raising only service and government contacts issues), concluding that "[i]ssues of personal jurisdiction are secondary to this Court's subject matter jurisdiction and their resolution, and any discovery that may be appropriate with respect to them, should be deferred as 'burdens of litigation' until after subject matter jurisdiction is finally resolved."  (DE 26 at 18; revised version filed at DE 28).

---

[1]     Defendants, however, ignore this point and focus a significant portion of their argument for reconsideration on the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), discussing the due process analysis applicable to personal jurisdiction over a corporate defendant (which Defendants here are not).  Not only is *Daimler* not relevant to the waiver analysis, but *Daimler* also is a case that both parties briefed extensively in their submissions pertaining to Defendants' last motion for reconsideration.  Had the Court not ruled on waiver, it should have denied the previous reconsideration on numerous other grounds.

- Despite Plaintiffs' provision of 21 pages of analysis on the issue of personal jurisdiction, including significant record evidence of the continuous and systematic contacts Defendants had with the U.S. (DE 32-1), Defendants never rebutted this record.  (DE 39).

- By Minute Order dated June 23, 2004, the Court granted Defendants' request to strike the 2003 Clerk's default, and by Minute Order dated February 7, 2005, the Court denied Defendants' motion to dismiss.

- Defendants did not appeal this Court's ruling denying dismissal (as they indicated they might), and they defaulted again on April 12, 2005.  (DE 52).

- When Defendants' second set of counsel (the same counsel who brought Defendants' prior motion for reconsideration) entered the case to participate in the damages portion of the defaulted case, Defendants' only reference to personal jurisdiction was to the existing record and not a new argument.  (DE 69).

- At the Court's direction, the parties engaged in discovery relating to damages for "the better part of five months."  (DE 76; DE 95, Transcript of June 13, 2008 Proceedings at 4:10-16).

- Then, in December 2007, Defendants changed tactics and implored this Court to vacate the second default (as opposed to just permitting participation on damages) so that Defendants could engage in "merits litigation."  (DE 77 at 11, 51).  Defendants "ma[de] a firm, personal commitment to the litigation going forward," to pursue "meritorious defenses," and to respond to suits in the U.S. "even when it is process brought in the United States for actions that occurred far from the United States," and further promised the Court that they had "come to appreciate that they need to address these cases head on, rather than continuing to rely exclusively on jurisdictional defenses."  (DE 77 at 13, 15, 22-23).

- Defendants encouraged the Court to give Prime Minister Fayyad's declaration "great weight," and to vacate the default "in light of the declaration, the law's strong preference for *merits litigation*, and other tangible evidence of Defendants' desire to *litigate on the merits*."  (DE 77 at 50-51 (emphasis added)).  Defendants reiterated their intentions in their reply brief, again noting the policies favoring the "resolution of genuine disputes on their merits," and asking the Court to "permit full and fair merits litigation to go forward forthwith."  (DE 98 at 1, 21).

- The Court accepted these promises and stated that, even though it was "overwhelmingly clear that Defendants' default in this case was willful," (DE 126 at 5), the Court was "convinced that [Defendants were] truly committed to litigating this matter." (DE 126 at 6).  The Court further stated Plaintiffs would "not suffer any prejudice by proceeding *on the merits*."  (DE 126 at 6 (emphasis added)).

Defendants' failure to press for a ruling on personal jurisdiction when they moved for

dismissal in 2003, their failure to respond to Plaintiffs' detailed factual presentation of the bases

for personal jurisdiction over Defendants, and their affirmative representations to the Court as part of their request for vacatur (that they were submitting to the Court's jurisdiction so they could pursue litigation on the *merits* of Plaintiffs' claims), individually, and in combination, more than establish Defendants' waiver.  Yet Defendants went even further:

- After the Court accepted Defendants' representations and vacated the default to permit merits litigation, Defendants simply listed a lack of personal jurisdiction as one of a long list of boilerplate affirmative defenses and then engaged in full merits litigation on every possible issue.  (DE 128 at 2).

- Defendants did not argue personal jurisdiction, not even after the Supreme Court articulated the "at home" test for personal jurisdiction in June 2011 in its opinion in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011).

- Instead, Defendants pursued and fought discovery (but never on personal jurisdiction grounds), *see, e.g.*, DE 157, 159, 160, 161, 163, 177, 178, 207, and moved for sanctions, *see* DE 228.

- Defendants moved for summary judgment in August 2013 (DE 247, 247-1) without arguing a lack of personal jurisdiction and filed a 170-page reply to Plaintiffs' opposing statement of facts.  (DE 276)  Defendants also moved for additional sanctions asking that the Court exclude Plaintiffs' evidence and strike much of Plaintiffs' summary judgment opposition filings.  (DE 270).

- During their full-blown merits litigation in this case, Defendants were fully aware of the "at home" standard and its articulation in *Goodyear*.  Indeed, Defendants, represented by the same counsel, expressly cited the *Goodyear* "at home" standard in an August 19, 2011 opposition to a petition for certiorari before the Supreme Court, *see* Brief in Opposition on Petition for a Writ of Certiorari at 17, *Mohamad v. Rajoub*, No. 11-88, 2011 WL 3664462, at *17 (Aug. 19, 2011), and asserted the *Goodyear* "at home" standard in a case in the Eastern District of Virginia, *see* Memorandum of Law in Support of the Palestinian Authority's Motion to Dismiss, *Livnat et al. v. Palestinian Authority*, No. 1:13-cv-498 (E.D. Va. June 5, 2013 (Docket Entry 6)).

It was not until after their failure to press for a ruling on personal jurisdiction or to respond to Plaintiffs' detailed factual presentation of the bases for personal jurisdiction, after all of their representations to this Court submitting to the Court's jurisdiction, after all of their merits litigation and after they caused Plaintiffs to expend substantial resources responding to Defendants' voluminous merits filings that, in February 2014, Defendants moved for

"reconsideration" on the issue of personal jurisdiction, purportedly in light of the Supreme

Court's decision in *Daimler, A.G. v. Bauman*, 134 S. Ct. 746 (2014).  In denying Defendants'

February 2014 motion for reconsideration, this Court rightfully determined "Defendants here

have *repeatedly* manifested their consent to the Court's jurisdiction through their conduct" and

have thereby waived any personal jurisdiction defense they may have had.  (DE 300 at 2

(emphasis added)).

> **B.**     **Defendants Present No New Arguments Warranting Reconsideration**

Defendants challenge the Court's October 2014 waiver decision by rehashing the same

arguments they presented in their filings on their last motion for reconsideration.  Defendants

further suggest the Court's waiver analysis is incorrect because the cases cited by the Court in its

October 2014 Order are distinguishable.  Defendants' suggestion is ludicrous.  Of course there is

no case right on point—it is not every day that a party makes repeated representations to the

Court manifesting an express waiver of personal jurisdiction for purposes of obtaining vacatur of

an intentional default and then has the temerity to argue more than six years after those

representations, after years of significant post-default merits litigation, that the Court lacks

personal jurisdiction over them despite all they promised the Court before.

Defendants repeatedly throughout this litigation have waived any personal jurisdiction

defense they may have had.  They waived personal jurisdiction by failing to press for a ruling on

the issue and by failing to respond to Plaintiffs' detailed factual submission of the bases for

personal jurisdiction.  *See SEC v. Banner Fund Int'l*, 211 F.3d 602, 614 (D.C. Cir. 2000) (courts

do not have to address "half-hearted" personal jurisdiction argument in light of a record of merits

litigation); *see also Ocasio v. Dep't of Justice*, No. 13-cv-921(TSC), 2014 WL 4636043, at *2

(D.D.C. Sept. 16, 2014) ("'A litigant does not properly raise an issue by addressing it in a

"cursory fashion" with only "bare-bones arguments."'" (quoting *Cement Kiln Recycling Coal v.*

*E.P.A.*, 255 F.3d 855, 869 (D.C. Cir. 2001)).  Defendants waived personal jurisdiction by affirmatively submitting to the jurisdiction of this Court as part of their request for vacatur of their intentional default.

Defendants yet again waived any personal jurisdiction defense they may have had by engaging in substantial post-default merits litigation without contesting personal jurisdiction. *See Dem. Rep. of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (participation in extensive post-default litigation without suggesting an infirmity in personal jurisdiction waives that defense).  After *Goodyear*, while Defendants articulated and argued the "at home" standard regarding personal jurisdiction in other cases, in this case they elected to continue to litigate the merits of Plaintiffs' claims.  Defendants therefore yet again waived any personal jurisdiction defense they may have had by failing to argue the "at home" standard after the Supreme Court articulated that standard in *Goodyear*.[2]  *See Daimler*, 134 S. Ct. at 751 ("In *Goodyear*…we *held* that a court may assert [general]jurisdiction over a foreign corporation…only when the corporation's affiliations with the [forum] in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" (citation

---

[2]      Defendants' argument at page 13 (DE 309-1 at 18) that the Second Circuit's decision in *Gucci Am., Inc. v. Bank of China*, 768 F.3d 122 (2d Cir. 2014) supports their position on waiver was addressed by the parties at DE 295, DE 296, and DE 298.  As set out in Plaintiffs' response to Defendants' filing on *Gucci*, that case did not involve facts where a governmental entity defendant intentionally defaulted after failing to respond to the plaintiffs' significant and detailed factual presentation of the bases for personal jurisdiction.  Nor does *Gucci* involve facts where that governmental entity defendant sought vacatur of its intentional default by representing to the Court that it was submitting to the Court's jurisdiction for *merits* litigation.  Nor does *Gucci* address the situation where a defendant chose to litigate the "at home" standard articulated in *Goodyear* in other cases but not in the one before the Court.  Nor does *Gucci* involve claims like those in the instant case that Congress and the executive branch specifically intended to be brought in United States courts for acts of terror occurring abroad.  Additionally, as noted in Plaintiffs' prior filing regarding *Gucci*, Plaintiffs respectfully disagree with the *Gucci* court regarding when the "at home" standard was articulated and available to defendants wishing to contest personal jurisdiction. *See Gilmore*, 8 F. Supp. 3d at 15  (Defendants PA and PLO "are flat-out wrong that *Daimler* was the genesis of that rule. The 'at home' standard was unmistakably announced in *Goodyear*.").

and punctuation omitted) (emphasis added)); *see also Gilmore v. Palestinian Interim Self-Government Auth.*, 8 F. Supp. 3d 9, 15, 17 (D.D.C. 2014) (holding the "'at home' standard was unmistakably announced in *Goodyear*" and that "Defendants forfeited their jurisdictional defense both by omitting it from their 2002 Motion to Dismiss and by failing to promptly assert it after *Goodyear* was decided." (footnote omitted)); *Whitecap Inv. Corp. v. Putnam Lumber & Ex. Co.*, No. 2010-139, 2013 WL 1155351, at *2-5 (D.V.I. Mar. 21, 2013) (personal jurisdiction waived after it was listed as a defense in the answer and noted in a Rule 12(b)(6) motion but no determination thereof was sought until five months later).  When a defendant participates in lengthy litigation and seeks affirmative relief from the Court, it "may not pull its personal jurisdiction defense out of the hat like a rabbit."  *Hunger U.S. Special Hydraulics Cylinders Corp. v. Hardie-Tynes Mfg. Co.*, 203 F.3d 835, 2000 WL 147392, at *3 (10th Cir. Feb. 4, 2000) (unpublished) (citation and quotations omitted).

Defendants maintain, as they did in their filings on their previous motion for reconsideration, that they cannot be deemed to have waived their *Daimler* personal jurisdiction argument because the *Daimler* decision was not issued until January 2014.  This assertion leaves Plaintiffs incredulous (and was expressly rejected in *Gilmore*, 8 F. Supp. 3d at 14).  Again, Defendants expressly communicated to this Court their intent to be subject to the Court's personal jurisdiction in an effort to convince this Court to vacate the second default entered against them.  In seeking vacatur of their intentional default, Defendants "informed this Court of their 'seriousness' and the 'good faith' with which they intended to litigate their 'strong meritorious defenses.'"  (DE 300 at 2).   At the oral argument on Defendants' last motion for reconsideration, the Court stated:

> When you sought to vacate the default in this case, my recollection is
> that the pleadings were cast in such a way by your clients that they

> were giving the Court an affirmative representation of their desire to
> litigate this case, bring these issues to a head, and resolve these
> issues through the judicial process either with or without a jury.
> They didn't specify one way or the other, I don't remember, but
> certainly through the judicial process…*Why wouldn't*
> *representations of that magnitude that were relied upon by this*
> *Court be enough to constitute a waiver in their own right?*

(DE 289 at 11-12 (emphasis added)).

In addition to principles of waiver, principles of judicial estoppel also preclude

Defendants from now challenging the Court's personal jurisdiction over them.  Judicial estoppel

applies to prevent a party from taking a position and prevailing on that position in one phase of a

case and then relying on a contradictory position to prevail in another phase of the case.  *Moses*

*v. Howard Univ. Hosp.*, 606 F.3d 789, 792 (D.C. Cir. 2010).  "The purpose of the doctrine is to

protect the integrity of the judicial process…and may be invoked to prevent a party from playing

fast and loose with the courts."  *In Defense of Animals v. U.S. Dep't of Agriculture*, 589 F. Supp.

2d 41, 42 (D.D.C. 2008) (citations and quotations omitted).  The factors considered by a court in

determining whether to apply the principle of judicial estoppel are (1) whether the party's later

position is clearly inconsistent with its prior position; (2) whether the party "succeeded in

persuading a court to accept that party's earlier position, so that judicial acceptance of an

inconsistent position in a later proceeding would create the perception" that the Court had been

misled; and (3) whether "the party seeking to assert [the] inconsistent position [would] derive an

unfair advantage or impose an unfair detriment on the opposing party if not estopped."  *Moses*,

606 F.3d at 798 (citation omitted).

Here, Defendants' representations to the Court manifested their intent to submit to the

jurisdiction of the Court and engage in merits litigation if the Court granted Defendants' motion

for vacatur of Defendants' intentional default.  The Court granted the relief requested by

9

Defendants in reliance on Defendants' representations.  Defendants therefore should not be permitted to retract their prior submission to the Court's personal jurisdiction.

### C.      The Decisions of Other District Judges in *Safra*, *Livnat* and *Klieman* Are Not Relevant to Defendants' Waiver in This Case

In their motion for reconsideration, Defendants suggest reconsideration is warranted due to three recently-issued decisions by other judges in this District, in which personal jurisdiction was found to be lacking, namely *Safra v. Palestinian Auth.*, No. 14-cv-669, 2015 WL 567340 (D.D.C. Feb. 11, 2015), *appeal filed* (D.C. Cir. Mar. 18, 2015), *Livnat v. Palestinian Auth.*, No. 14-cv-668, 2015 WL 558710 (D.D.C. Feb. 11, 2015), *appeal filed* (D.C. Cir. Mar. 18, 2015), and *Estate of Klieman v. Palestinian Auth.*, No. 04-cv-1173, 2015 WL 967624 (D.D.C. Mar. 3, 2015), *appeal filed* (D.C. Cir. Apr. 1, 2015).  Defendants appear to contend that the existence of these three decisions (in effect *two* decisions, because *Safra* and *Livnat* are companion cases), reached upon consideration of facts and reasoning entirely inapplicable here, somehow provide a basis for reconsideration.

The facts and procedural settings in *Safra, Livnat,* and *Klieman* are highly dissimilar to those in *Shatsky*.[3]  Waiver is not even addressed in *Safra* or *Livnat*, and its treatment in *Klieman* is of an entirely different nature.  Significantly, Defendants in this case intentionally defaulted at

---

[3]      As Plaintiffs pointed out in their supplemental memorandum in opposition to Defendants' prior motion for reconsideration, the only case that comes at all close factually to the instant case is *Gilmore v. Palestinian Interim Self-Government Auth.*, 8 F. Supp. 3d 9 (D.D.C. 2014).  In that case, Judge Kessler concluded the Defendants had *waived* any objection to personal jurisdiction.  *Id.* at 12, 17.  As Plaintiffs posited in their supplemental memorandum in opposition to Defendants' last motion for reconsideration (DE 291 at 4 n.1), due to the similarities in the litigation tactics of Defendants in *Gilmore* and in this case, principles of collateral estoppel should provide a further bar to any current efforts by Defendants to assert a challenge to the Court's personal jurisdiction and provide further grounds for denial of Defendants' current motion for reconsideration.  *Hurst v. Socialist People's Libyan Arab Jamahiriya*, 474 F. Supp. 2d 19, 31 (D.D.C. 2007) ("Under…collateral estoppel, or issue preclusion, a defendant may be prevented from relitigating identical issues that [it] litigated and lost against another plaintiff.").

the outset of litigation and, in an effort to obtain vacatur of the (second) default, voluntarily agreed to submit to the Court's jurisdiction in order to litigate Plaintiffs' claims on the merits (rather than relying on jurisdictional defenses), and then moved for summary judgment.  There were no such facts present in *Klieman,* where the waiver analysis focused solely on whether waiting until after the *Daimler* decision to move for reconsideration of the personal jurisdiction issue, rather than doing so immediately after the articulation of the "at home" test in *Goodyear*, constituted waiver.[4]  Moreover, while the *Klieman* court made a point of stating that Defendants' delay in challenging personal jurisdiction after *Goodyear* caused no prejudice to the *Klieman* plaintiffs (because, since *Goodyear*, the activity in *Klieman* had "largely…been confined to discovery matters initiated by plaintiffs"), 2015 WL 967624, at *4, Plaintiffs in this case have suffered serious prejudice from Defendants' litigation tactics and from Defendants' delay in asserting any "at home" defense.[5]  Plaintiffs here have had to expend hundreds of attorney hours responding to Defendants' discovery motions, Defendants' multiple motions for sanctions, and Defendants' motion for summary judgment.  Plaintiffs have, moreover, expended significant time and resources in reviewing Defendants' 170-page sealed reply to Plaintiffs' statement of facts and in seeking leave from the Court to respond thereto.  Plaintiffs have finished all pleadings and submitted oppositions to summary judgment and have become ready for trial.

---

[4]     The *Klieman* court held that it did not, due to Defendants' persistent objections to personal jurisdiction there. 2015 WL 967624, at *4.

[5]     Plaintiffs respectfully disagree with Judge Friedman's decision in *Klieman* that "[i]t was only after the Supreme Court issued its decision in *Daimler* that the scope of *Goodyear*'s 'at home' test was appreciated."  2015 WL 967624, at *4.  That conclusion is flatly contradicted by the Supreme Court's statement in *Daimler* that:  "In *Goodyear*…we held that a court may assert [general] jurisdiction over a foreign corporation…only when the corporation's affiliations with the [forum] are so constant and pervasive 'as to render [it] essentially at home in the forum State.'"  134 S. Ct. at 751.  *See also Gilmore*, 8 F. Supp. 3d at 15-16 (summarizing facts showing that the "at home" standard was announced in *Goodyear*, not *Daimler*).

11

In sum, there has not been any intervening change in the law on waiver, nor have the facts changed since the Court's October 2014 decision holding that Defendants have waived any personal jurisdiction defense they once may have had.  There is, moreover, no clear error (or any error at all) in the Court's waiver analysis.  Defendants have failed to establish any basis for reconsideration of the Court's October 29, 2014 order.[6]

In an abundance of caution, should the Court decide to reconsider its waiver decision and reach the issue of *Daimler*, Plaintiffs refer the Court to their submissions filed in opposition to Defendants' last motion for reconsideration.  (DE 284; DE 287; DE 291; DE 293; DE 294; and DE 296).  In those submissions, Plaintiffs explain why *Daimler* is not applicable in this case and also why, even if *Daimler* were applicable, the Court has both general and specific personal jurisdiction over Defendants.  Furthermore, if the Court is at all inclined to revisit personal jurisdiction and to grant Defendants' motion, the Court should refrain from doing so until the parties conduct jurisdictional discovery.  *See Delta Sigma Theta Sorority, Inc. v. LaMith Designs, Inc.*, 275 F.R.D. 20, 30 (D.D.C. 2011).

## II.    The Waiver Issue in This Case Does Not Warrant Interlocutory Review Under 28 U.S.C. § 1292(b)

Certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate only where the issue decided (1) "involves a controlling *question of law*," (2) "there is substantial ground for difference of opinion" regarding the issue, and (3) "an immediate appeal from the

---

[6]    Moreover, a decision by one federal district judge in a district is not binding on the other judges in that same district.  *See Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (quotations and citation omitted)).

order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b)

(emphasis added); *see also Arias v. DynCorp*, 856 F. Supp. 2d 46, 53 (D.D.C. 2012) (same).

      Section 1292 certification is "granted rarely and only under exceptional circumstances."

*Arias*, 856 F. Supp. 2d at 53 (quotations and citation omitted); *see also Graham v. Mukasey*, 608

F. Supp. 2d 56, 57 (D.D.C. 2009) (noting that "[i]nterlocutory appeals are infrequently

allowed").  A party seeking certification under 28 U.S.C. § 1292(b) "must meet a high standard

to overcome the strong congressional policy against piecemeal reviews, and against obstructing

or impeding an ongoing judicial proceeding by interlocutory appeals."  *Arias*, 856 F. Supp. 2d at

53 (*quoting Graham*, 608 F. Supp. 2d at 57); *see Judicial Watch, Inc. v. Nat'l Energy Policy Dev.*

*Grp.*, 233 F. Supp. 16, 20 (D.D.C. 2002) (the "'law is clear that certification under § 1292(b)

is reserved for truly exceptional cases"; "interlocutory appeals are rarely allowed…the movant

bears the burden of showing that exceptional circumstances justify a departure from the basic

policy of postponing appellate review until after the entry of final judgment." (quotations and

citation omitted)); *First American Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996)

(party seeking interlocutory appeal has "burden of showing that exceptional circumstances

justify a departure from the basic policy of postponing appellate review until after the entry of a

final judgment."  (citation and quotations omitted)).

      The party seeking certification "must do more than show continued or even vehement

disagreement with the trial court's decision…They must articulate an exceptional

circumstance…which warrants an interlocutory appeal."  *Arias*, 856 F. Supp. 2d at 54

(punctuation and citation omitted).  There is no such exceptional circumstance warranting

interlocutory appeal here.

### A.      Waiver is Not a Controlling Question of Law

To satisfy section 1292(b), the moving party must first demonstrate that the order involves "a controlling question of law."  *See Arias*, 856 F. Supp. 2d at 53.  A "question of law is an abstract legal issue or what might be called one of 'pure' law, matters [that] the court of appeals can decide quickly and cleanly without having to study the record."  *Id.* at 53-54 (internal citation and quotations omitted).  Asserting, as Defendants do here, that the Court improperly applied an existing standard does not meet the requirements of § 1292(b).  *See Keystone Tobacco Co. v. United States Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003) ("[P]laintiffs assert that the Court applied the standard incorrectly.  This is not sufficient to meet the requirements of Section 1292(b).").

A district court's conclusion that a defendant waived the personal jurisdiction defense depends on the particular facts of the case and is reviewed for abuse of discretion.  *See Hamilton v. Atlas Turner, Inc.*, 197 F.3d 58, 60 (2d Cir. 1999); *Subway Int'l B.V. v. Bletas*, 512 Fed. Appx. 82, 83 (2d Cir. 2013); *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 1473 (2013)).  Where, as here, "the crux of an issue decided by the Court is fact-dependent, the Court has not decided 'a controlling question of law' justifying immediate appeal; certification of the underlying legal question could only result in the court of appeals improperly wading into the factual pond of an ongoing matter."  *Keystone Tobacco Co.*, 217 F.R.D. at 239; *see also Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146-47 (2d Cir. 2005) (interlocutory appeal of court's determination that jury award for future pain and suffering was excessive did not present a question of law; "[r]ather, it presents a question as to the proper evaluation of the evidence introduced at trial.  That evaluation is not reviewed *de novo*, as a question of law would be, but rather is accorded deferential review."  (citation omitted)).

Contrary to Defendants' suggestion, the court in *American Fidelity Assurance Co. v. Bank of N.Y. Mellon*, No. 11-cv-1284, 2014 WL 8187951 (W.D. Okla. Dec. 12, 2014), did not hold that the issue of waiver of personal jurisdiction constitutes a controlling issue of law that warranted interlocutory appeal under Section 1292.  Rather, the Court stated that its waiver holding was premised on its "determination that the basis for Defendant's challenge to the exercise of general personal jurisdiction existed at the time of *Goodyear*."  *Id.* at *3.  It was that legal determination which was the controlling question of law.  In Bank of New York Mellon's ("BNYM") petition to the Tenth Circuit to accept the interlocutory appeal, BNYM articulated the "Question Presented" as:  "Whether *Daimler* narrowed the standard governing the exercise of general personal jurisdiction over business defendants, finding such jurisdiction to exist, absent exceptional circumstances, only where the defendant is incorporated or has its principal place of business."[7]  Petition for Leave to File Interlocutory Appeal, Case 14-607 (10th Cir.), filed on December 22, 2014 (attached hereto as Exhibit A).  The Court's fact-dependent waiver analysis here is wholly different from the issue certified in *Am. Fidelity* regarding the purely legal scope of *Goodyear* and *Daimler*.

### B.     No Substantial Grounds Exist For Difference of Opinion on The Waiver Issue

Even where a party shows that the order at issue involves a controlling issue of law, the party still must demonstrate that a substantial ground for difference of opinion exists.  A

---

[7]     Notably, although American Fidelity had opposed the request for certification in the district court, in its filing with the Tenth Circuit, American Fidelity did not oppose BNYM's petition.  (Attached hereto as Exhibit B.)

substantial ground for difference of opinion is not present when a party merely shows "continued

disagreement with the trial court's decision," even where that disagreement is vehement.

*Graham v. Mukasey*, 608 F. Supp. 2d at 57; *see also First Am. Corp. v. Al-Nahyan*, 948 F. Supp.

at 1117 ("mere claim that a decision has been wrongly decided is not enough to justify an

interlocutory appeal" (citation omitted)).

Defendants argue that this prong is satisfied because there is "disagreement and

uncertainty regarding the scope of *Daimler*."  (DE 309-1 at 16).  Again, however, this Court, in

its October 29, 2014 Memorandum Order, decided the personal jurisdiction issue on the basis of

waiver principles and not on the due process analysis implicated by the Supreme Court's

decisions in *Goodyear* and *Daimler*.  (DE 300).  As such, the scope of *Goodyear* and *Daimler* is

not, at present and within the Court's current ruling, relevant here.  Moreover, Defendants'

statement that the "intra-district conflict alone warrants certification" is inaccurate and

misguided.  Indeed, the "intra-district conflict" referenced by Defendants (DE 309-1 at 16),

namely the three recent decisions in *Safra*, *Livnat,* and *Klieman*, is not a conflict at all.  2015 WL

567340; 2015 WL 558710; 2015 WL 967624.  Those three decisions involved in-depth analyses

of *Daimler* and its due process implications to determine that personal jurisdiction was lacking.[8]

This Court ruled on the basis of waiver principles that, under the particular facts of this case,

Defendants have waived any personal jurisdiction defense they may have had.  Contrary to

---

[8]     Again, although the *Klieman* court did consider the waiver issue, it was in the limited context of deciding
whether failing to file a motion for reconsideration immediately after the entry of the decision in *Goodyear* and
waiting until *Daimler* constituted waiver.  *Klieman*, 2015 WL 967624, at *4.

Defendants' assertions, the decisions in *Safra*, *Livnat,* and *Klieman* shed no light on whether there is a substantial difference of opinion regarding this Court's waiver decision.  The only other decision in the district, *Gilmore*, actually shows the consistency of rulings in the district on waiver.  *See gen*. *Gilmore v. Palestinian Interim Self-Government Authority*, 8 F. Supp. 3d 9 (D.D.C. 2014).

Defendants have presented no legal precedent for their position that, under the facts of this case, the Court's finding of waiver was in error.  As such, Defendants have provided absolutely no support for their proposition that the second prong of the test for interlocutory appeal has been satisfied.  *See Arias*, 856 F. Supp. 2d at 54 ("The defendants have not identified any 'split in this district or this circuit regarding any controlling issue of law in this case'" which might reflect a substantial ground for a difference of opinion. (Internal citation omitted)).

### C.    An Immediate Appeal Will Serve Only to Permit Defendants to Further Delay Plaintiffs' Day in Court

Defendants' argument that interlocutory appeal will materially advance the ultimate disposition of this case necessarily assumes this Court's waiver ruling will be reversed on appeal. It is far from likely that the Court of Appeals would conclude this Court abused its discretion in finding waiver.  To the contrary, given the record in this case and the bases for the Court's decision, any higher court would agree with the decision and an interlocutory appeal will serve only to delay even further Plaintiffs' day in court.

## CONCLUSION

Plaintiffs have been waiting for their day in court since 2002, which has been repeatedly delayed by Defendants' machinations.  Defendants failed to press for a ruling on personal jurisdiction and failed to respond to Plaintiffs' detailed factual presentation of the bases for personal jurisdiction over Defendants.  Defendants further intentionally defaulted (defaulting twice overall), voluntarily submitted to the Court's jurisdiction in order to be relieved of their intentional default, vigorously litigated the merits of Plaintiffs' claims, and affirmatively invoked the Court's jurisdiction by seeking summary judgment on the merits against Plaintiffs.  And then, in February 2014, more than six years after their affirmative submission to the Court's jurisdiction and two-and-a-half years after the Supreme Court's "at home" articulation in *Goodyear*, Defendants affirmatively sought dismissal (and relief from their conduct, affirmative representations, and submission to this Court) on the basis of a lack of personal jurisdiction, contending they are not "at home" in this jurisdiction.

The Court denied Defendants' February 2014 motion for reconsideration, correctly concluding Defendants "have repeatedly manifested their consent to the Court's jurisdiction through their conduct."  (DE 300 at 2).  Defendants' new battery of attorneys do not present any relevant new arguments (or evidence) in their current motion for reconsideration.  Enough is enough.

For the foregoing reasons, and for the reasons set out in Plaintiffs' filings on Defendants' February 2014 motion for reconsideration, Plaintiffs respectfully request that the Court deny

Defendants' current motion for reconsideration, and provide any other relief to Plaintiffs as the Court deems fit.  A proposed order is attached.


Dated:    April 3, 2015                          Respectfully submitted,



                                                 By    _____/s/ Abbe David Lowell_____


                                                       Abbe David Lowell (#358651)
                                                       Joy L. Langford (#451728)
                                                       CHADBOURNE & PARKE LLP
                                                       1200 New Hampshire Avenue, N.W.
                                                       Washington, D.C. 20036
                                                       Tel: 202-974-5605
                                                       Fax: 202-974-6705
                                                       adlowell@chadbourne.com
                                                       *Counsel for Plaintiffs*

                                                       Robert J. Tolchin (NY 0088)
                                                       THE BERKMAN LAW OFFICE, LLC
                                                       111 Livingston Street, Suite 1928
                                                       Brooklyn, New York 11201
                                                       Tel: 718-855-3627
                                                       rjt.berkman@gmail.com
                                                       *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April 2015, I caused a true and correct copy of the foregoing *Memorandum of Points and Authorities in Opposition to Defendants' Motion for Reconsideration of the Court's February 7, 2005 and October 29, 2014 Interlocutory Orders on Personal Jurisdiction, or Alternatively, Request for Certification Pursuant to 28 U.S.C. § 1292(b)* and accompanying exhibits to be filed and served electronically via CM/ECF to:

Charles F. G. McAleer, Jr.
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5799
cmcaleer@milchev.com

Richard A. Hibey
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5799
rhibey@milchev.com

Mark J. Rochon
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5799
mrochon@milchev.com

Laura G. Ferguson
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5799
lferguson@milchev.com

Brian Andrew Hill
MILLER & CHEVALIER CHARTERED
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005-5799
bhill@milchev.com

John A. Burlingame
Squire Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
john.burlingame@squirepb.com

Mitchell R. Berger
Squire Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
mitchell.berger@squirepb.com

Alexandra E. Chopin
Squire Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
alexandra.chopin@squirepb.com

Amy L. Brown
Squire Patton Boggs LLP
2550 M Street, N.W.
Washington, D.C. 20037
amy.brown@squirepb.com

*Counsel for Defendants, the PA and the PLO*

and all Counsel of Record.


/s/ Abbe David Lowell
Abbe David Lowell

21

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHABTAI SCOTT SHATSKY, *et al*.,

                          Plaintiff,

          -against-

THE SYRIAN ARAB REPUBLIC, *et al*.,

                         Defendant.

Civil Action No. 02-cv-02280
(RJL)

## **[Proposed] ORDER**

Upon consideration of Defendants' motion for reconsideration of the Court's February 7, 2005 and October 29, 2014 interlocutory orders on personal jurisdiction, or alternatively, request for certification pursuant to 28 U.S.C. § 1292(b)  (DE 309), Plaintiffs' Opposition thereto, Defendants' Reply (if any) and the record in this case, it is hereby

ORDERED, that Defendants' motion for reconsideration or alternatively for certification pursuant to 28 U.S.C. § 1292(b) (DE 309) is DENIED.

SO ORDERED this __ day of _____, 2015.

 

 

                                _____
                                The Honorable Richard J. Leon
                                United States District Court Judge

Copies to All Counsel of Record by ECF