## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHABTAI SCOTT SHATSKY, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:02-cv-02280 (RJL) |
| | ) | |
| THE SYRIAN ARAB REPUBLIC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT
## OF THEIR MOTION FOR RECONSIDERATION
## OF THE COURT'S FEBRUARY 7, 2005 AND OCTOBER 29, 2014
## INTERLOCUTORY ORDERS ON PERSONAL JURISDICTION,
## OR ALTERNATIVELY, REQUEST FOR
## CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

While Plaintiffs try in their Opposition to distinguish this case from three recent decisions from other Judges in this District—*Estate of Klieman v. Palestinian Auth.*, No. 04-1173, 2015 U.S. Dist. LEXIS 25167 (D.D.C. Mar. 3, 2015) (Friedman, J.), *appeal pending*; *Safra v. Palestinian Authority*, No. 1:14-669, 2015 U.S. Dist. LEXIS 16492 (D.D.C. Feb. 11, 2015) (Kollar-Kotelly, J.), *appeal pending*; and *Livnat v. Palestinian Authority*, No. 1:14-668, 2015 U.S. Dist. LEXIS 16522 (D.D.C. Feb. 11, 2015) (Kollar-Kotelly, J.), *appeal pending*—their efforts are without success. Plaintiffs cannot escape the fact that Judge Friedman and Judge Kollar-Kotelly both concluded that under *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) and *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011), this Court cannot exercise general jurisdiction over the Palestinian Authority ("PA"), and Judge Friedman likewise found no general jurisdiction over the Palestinian Liberation Organization ("PLO") (a defendant only in *Klieman*).

*Klieman* equally forecloses Plaintiffs' argument that the PA and PLO waived their *Daimler* objection to general jurisdiction.  Judge Friedman held in *Klieman* that the PA and PLO did not waive their personal jurisdiction defense by participating in the litigation after raising the personal jurisdiction defense in an unsuccessful motion to dismiss or by seeking reconsideration only following the Supreme Court's ruling in *Daimler* rather than after *Goodyear.*  Plaintiffs make the same waiver arguments here, and they likewise should be rejected here based on Judge Friedman's compelling analysis in *Klieman*.

*Daimler*, *Klieman*, *Safra*, and *Livnat* make clear that there is an insufficient U.S. connection with the PA and the PLO to exercise general jurisdiction over the PA and the PLO in this case, which involves alleged actions occurring entirely outside the United States.  Because of that absent U.S. connection, it also has never been thought that long-arm (specific) jurisdiction could be asserted here over the PA and the PLO.  Despite the utter inadequacy of a nexus with the United States, Plaintiffs nonetheless ask this Court to wade into the merits of their politically-charged allegations—at a critical time when the U.S. government is trying to preserve efforts towards an Israel-Palestine "two-state solution"—based entirely on a procedural argument that the PA and PLO agreed to defend these allegations **before** *Daimler*, as applied in *Klieman*, *Safra*, and *Livnat,* established that the PA and PLO cannot be required to do so.

Respectfully, Plaintiffs' argument is an invitation to error, and should be rejected either by this Court, or certified to the Court of Appeals, before this Court adjudicates Plaintiffs' claims on the merits.  Nothing in this Circuit's law requires this Court to accept Plaintiffs' invitation to exercise jurisdiction where none exists.  Everything in *Daimler*, *Klieman*, *Safra*, and *Livnat* suggests that this Court should not do so, particularly when the PA and PLO consistently

preserved their objection to personal jurisdiction when they asked the Court to vacate the Clerk's earlier entry of default.

Neither the PA and PLO's conduct nor the case law supports a finding that the PA and PLO forfeited their objection to personal jurisdiction by appearing in this case and moving to set aside the Clerk's entry of default.  To find forfeiture here, the Court would have to find that the PA and PLO should have been able to foretell the change in the law of personal jurisdiction wrought by *Daimler*.  As two quite recent decisions—post-dating even *Klieman*, *Safra*, and *Livnat*—have held, the contours of general jurisdiction shrank dramatically following *Daimler*, and no defendant should have been expected to foresee that change in the law.  *See, e.g., 7 West 57th St. Realty Co. LLC v. Citigroup, Inc.*, Case No. 13 Civ. 981 (PGG), 2015 U.S. Dist. LEXIS 44031, at \*23 (S.D.N.Y. Mar. 31, 2015); *Laydon v. Mizuho Bank, Ltd.*, Case No. 12 Civ. 3419 (GBD), 2015 U.S. Dist. LEXIS 44005, at \*23 (S.D.N.Y. Mar. 31, 2015).

Therefore, the PA and PLO's actions prior to *Daimler,* including any purported consent to jurisdiction, cannot constitute a waiver of the personal jurisdiction defense articulated in *Daimler*.  In other words, even if this Court were to find that the PA and PLO consented to jurisdiction prior to the Supreme Court's decision in *Daimler* (a proposition we dispute)*,* the Court should nonetheless now reconsider its assertion of personal jurisdiction over the PA and PLO because the "at home" personal jurisdiction defense articulated in *Daimler* did not become available until January 14, 2014, and was thereafter timely raised by the PA and PLO.

Finally, if this Court declines to reconsider its prior orders on personal jurisdiction, this case satisfies the exceptional circumstances that warrant interlocutory review.  Certification would allow a prudent pause before requiring the PA and PLO to further defend Plaintiffs' politically volatile claims on their merits, and would efficiently use judicial resources given that

the Court of Appeals will address the same personal jurisdiction issues in the pending appeals of

*Klieman*, *Safra*, and *Livnat*.[1]

## ARGUMENT

### I.   The PA And PLO Have Not Forfeited Their Personal Jurisdiction Defense.

#### A.   As In *Klieman*, The PA And PLO Persistently Objected To Personal Jurisdiction Throughout This Case.

In *Klieman,* Judge Friedman rejected plaintiffs' argument that the PA and PLO had

waived their personal jurisdiction defense through their participation in the litigation, finding that

although the procedural history of the case spanned more than a decade, the PA and PLO had

persistently objected to personal jurisdiction (by filing motions to dismiss and a prior motion for

reconsideration) such that the *Klieman* plaintiffs had "ample notice of defendants' objection to

personal jurisdiction throughout the litigation of this case."  2015 U.S. Dist. LEXIS 25167, at

*11.  Likewise, here, Plaintiffs have had ample notice of the PA and PLO's objection to personal

jurisdiction in this case.  As the PA and PLO detailed in their opening memorandum [Dkt. No.

309-1 at 9-10], they have persistently objected to personal jurisdiction throughout this litigation,

including by filing a motion to dismiss for lack of personal jurisdiction in 2003 [Dkt. No. 26 at

16-18], which was denied in 2005; reiterating their contention that "they have insufficient

contacts with the United States to warrant the Court's exercise of personal jurisdiction over them

and reserv[ing] that issue" in 2007 when they opposed Plaintiffs' motion for default judgment

---

[1] Throughout their Opposition, Plaintiffs cite to *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F. Supp. 3d 9 (D.D.C. 2014), another decision from this District involving the PA and PLO. In that case, Judge Kessler found that the PA and PLO had waived their personal jurisdiction defense by failing to include it in their motion to dismiss—a position we disagree with but regardless is not at issue in this case where the PA and PLO did include personal jurisdiction in their motion to dismiss.  *Id.*  Notably, however, Judge Kessler thereafter granted summary judgment in favor of the PA and PLO. *Gilmore v. Palestinian Interim Self-Gov't Auth.*, No. 01-cv-853, 2014 U.S. Dist. LEXIS 102093, at *18 (D.D.C. July 28, 2014).  The case is now on appeal, and the PA and PLO will raise the absence of personal jurisdiction as an alternative ground for affirmance.

[Dkt. No. 69 at 3]; preserving their personal jurisdiction objection when they sought to vacate the Clerk's entry of default in December of 2007, including in their  memorandum of law [Dkt. No. 77 at 12, 34] and proposed answer [Dkt. No. 77, Ex. J]; and then including lack of personal jurisdiction as an affirmative defense in their answer filed in 2011 [Dkt. No. 128].

Plaintiffs' efforts to distance this case from *Klieman* are unavailing.  While Plaintiffs now argue that "[t]he facts and procedural settings in . . . *Klieman* are highly dissimilar to" those at issue here (Opp. [Dkt. No. 311] at 10), such statements stand in stark contrast to the *Klieman* plaintiffs' characterization of the similarity between the cases.  In urging Judge Friedman to follow this Court's October 29, 2014 decision, the *Klieman* plaintiffs argued that the personal jurisdiction issues in this case and *Klieman* were "identical . . . i.e., whether the court could assert personal jurisdiction over [the PA and PLO], post-Daimler, or whether that issue had been waived by Defendants."  *Estate of Klieman v. The Palestinian Auth.*, Case No. 04-cv-01173-JMF, Fourth Notice of Supp. Auth. in Further Support of Pls.' Mem. in Opp. to Defs.' Mot. for Reconsideration of Interlocutory Orders on Personal Jurisdiction [Dkt. No. 270], at 1.

Moreover, Plaintiffs here are wrong when they claim that the PA and PLO affirmatively submitted to the jurisdiction of this Court as part of their request to vacate the Clerk's default.  Opp. [311] at 1, 7.  Indeed, they can point to no oral or written statement by the PA and PLO in their request to vacate the default judgment or thereafter indicating that the PA and PLO were forfeiting their personal jurisdiction defense.  To the contrary, the PA and PLO made clear that their request to vacate the entry of default was being made "without waiving any of the defenses raised in the verified answer."  Mem. in Supp. of Defs.' Mot. to Vacate Clerk's Entry of Default [Dkt.  No. 77] at 34.  The third affirmative defense in their verified answer is that "[t]his Court

lacks personal jurisdiction over the Defendants with respect to this action." Verified Answer [Dkt. Nos. 77, Ex. J; 128] at 2.

"Courts have continued to maintain that if the defendant has properly raised a defense by motion or in the answer, even though the defendant participates in the litigation on the merits, the defense can still be preserved." 5C Charles Alan Wright, *et al.*, Federal Practice & Procedure: Civil § 1391 (3d ed. 2014). Plaintiffs' 19-page Opposition simply ignores this proposition and the cases relied upon by the PA and PLO, including *Donk v. Miller*, No. 99-3775, 2000 U.S. Dist. LEXIS 1871, at **7-8 (S.D.N.Y. Feb. 22, 2000) ("[I]t is settled law that a defendant who has properly objected to a lack of personal jurisdiction in an answer or motion to dismiss may thereafter fully participate in the action without waiving the objection.") and *Peterson v. Highland Music*, 140 F.3d 1313, 1318 (9th Cir. 1998) (defendants who raised lack of personal jurisdiction in an unsuccessful motion to dismiss did not waive personal jurisdiction defense even though they did not contest the issue at summary judgment or at trial). Instead, Plaintiffs rely on *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007), which—as Defendants pointed out in their opening memorandum [Dkt. No. 309-1 at 11] —is inapposite because the defendant there raised the infirmity with personal jurisdiction only after engaging in extensive post-default litigation. Here, by contrast, the PA and PLO moved to dismiss the matter for lack of personal jurisdiction prior to engaging in any post-default litigation and reserved such defense throughout the course of the post-default litigation.

The assertion in Plaintiffs' Opposition that the PA and PLO are also judicially estopped from challenging personal jurisdiction [Dkt. No. 311 at 9-10] is puzzling, to say the least. "Courts may invoke judicial estoppel '[w]here a party assumes a certain position in a legal

proceeding, . . . succeeds in maintaining that position, . . . [and then,] simply because his interests have changed, assume[s] a contrary position.'" *Comcast Corp. v. FCC*, 600 F.3d 642, 647 (D.C. Cir. 2010) (citations omitted).  As the PA and PLO have only ever asserted a single consistent position that the Court does not have personal jurisdiction over them and as that position has thus far not been successful, judicial estoppel does not even arguably come into play.[2]

In short, Plaintiffs now argue that by seeking to vacate the default judgment and litigate the merits of the case in light of the Court's denial of their motion to dismiss for lack of personal jurisdiction (all the while continuing to assert that the Court lacked personal jurisdiction over them), the PA and PLO have necessarily forfeited their personal jurisdictional defense.  Plaintiffs cite no case to support this novel legal position, and indeed, recognize that no such case exists. Opp. [Dkt. No. 311] at 6.  As the PA and PLO have demonstrated, however, consistent with *Klieman* and the authority cited herein, the PA and PLO have not forfeited their personal jurisdiction defense because they have consistently and continuously maintained throughout this litigation that this Court does not have personal jurisdiction over them.  After they did so, the law caught up with, and confirmed, that jurisdictional defense in 2014 when the Supreme Court decided *Daimler*.  Certainly, the PA and PLO could not have waived their *Daimler* personal jurisdiction defense seven years earlier when they moved to set aside the Clerk's default in 2007 and preserved their jurisdictional defense to the fullest extent of existing law.

---

[2] Equally puzzling is Plaintiffs' argument that Defendants are collaterally estopped from challenging personal jurisdiction based on *Gilmore v. Palestinian Interim Self-Gov't Auth.*, 8 F. Supp. 3d 9 (D.D.C. 2014).  As noted in our opening memorandum [Dkt. No. 309-1 at 11 n.3], Judge Kessler found waiver under Federal Rule of Civil Procedure 12(h)(1)(A) because the PA and PLO had failed to raise lack of personal jurisdiction in their initial motion to dismiss.  That finding cannot estop the PA and PLO here because in this case, like *Klieman,* the PA and PLO did raise lack of personal jurisdiction in their motion to dismiss.

**B.      The PA and PLO Cannot Waive A Defense That Was Not Available Until The Supreme Court's Decision In *Daimler*.**

Alternatively, this Court should reconsider its February 7, 2005 and October 29, 2014 Orders, and specifically the waiver finding in its October 29, 2014 Order, because "[a] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made."  *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009) (citations omitted).  And, while Plaintiffs "respectfully disagree" with *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *10-13 and *Gucci Am. v. Bank of China*, 786 F.3d 122, 135-36 (2d Cir. 2014) (Opp. [Dkt. No. 311] at 7 n.2, 11 n.5), Plaintiffs do not, and cannot, dispute that Judge Friedman and the Second Circuit both rejected waiver arguments for failing to raise the "at home" personal jurisdiction defense prior to the Supreme Court's *Daimler* decision in January 2014.[3]

Just recently, two other courts have rejected waiver arguments and held consistent with *Gucci* that *Daimler* "effected a change in the law, providing defendants  . . with a personal jurisdiction defense that was previously unavailable to them."  *7 West 57th St. Realty Co., LLC*, 2015 U.S. Dist. LEXIS 44031, at *23; *Laydon,* 2015 U.S. Dist. LEXIS 44005, at *23 ("This Court agrees with the Non-Stipulating Defendants that their Rule 12(b)(2) jurisdictional defense was not available before *Daimler.* . . . [T]his Court does not rule that the Non-Stipulating

---

[3] Plaintiffs urge this Court to follow Judge Kessler's decision in *Gilmore* finding that the "at home" standard was first announced in *Goodyear* and that defendants forfeited their personal jurisdiction defense by failing to raise it promptly after *Goodyear*.  *Gilmore*, 8 F. Supp. 3d at 15-17.  *Gilmore*, however, is not only contrary to *Klieman* and *Gucci*, but it also conflicts with other cases within this District that have found that the "at home" standard announced in *Goodyear* was limited to the stream of commerce context.  *See, e.g., U.S. ex rel Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 115-16 (D.D.C. 2013) ("declining to apply the Goodyear 'at home' test outside of the stream of commerce context"); *Pension Benefit Guar. Corp. v. Asahi Tec Corp.*, 839 F. Supp. 2d 118, 126 n.6 (D.D.C. 2012) (noting that *Goodyear* "addressed the 'stream of commerce' analysis of general jurisdiction").

Defendants waived their personal jurisdiction defenses because they failed to raise them in their June 2013 motions to dismiss."). *See also Neeley v. Wyeth LLC*, No. 11-cv-0325, 2015 U.S. Dist. LEXIS 39879, at *4-6 (E.D. Mo. Mar. 30, 2015) (granting reconsideration of denial of personal jurisdiction motion in light of *Daimler* and finding that *Daimler* requires "a tighter assessment of the standard than perhaps was clear from *Goodyear*"); *Fed. Home Loan Bank v. Ally Fin., Inc*., No. 11-cv-10952, 2014 U.S. Dist. LEXIS 140975, at *25-27 (D. Mass. Sept. 30, 2014) (reconsidering denial of personal jurisdiction motion in light of *Daimler* and finding no personal jurisdiction under *Daimler* framework, which now required "a tighter assessment of the standard than perhaps was clear from *Goodyear*").[4]

Under the "at home" standard articulated in *Daimler*, three recent decisions from other Judges in this District have concluded that the District of Columbia "cannot exercise general jurisdiction over the PA and the PLO because their contacts with the United States are not so continuous or systematic as to render them 'essentially at home' in this forum." *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *30; *see also Safra*, 2015 U.S. Dist. LEXIS 16492, at **28-29; and *Livnat*, 2015 U.S. Dist. LEXIS 16522, at **28-29. And, the unavailability of this defense prior to the Supreme Court's decision in *Daimler* provides a separate and alternative ground for this Court to reconsider its orders asserting jurisdiction over the PA and PLO.

For the reasons set forth in Defendants' motions for reconsideration of this Court's personal jurisdiction orders (Dkt. Nos. 278, 286, 292, 295, 298 and 309), this Court should reconsider such orders and dismiss the case for lack of general or specific jurisdiction over the

---

[4] The court in *Laydon* did find, however, that defendants waived their personal jurisdiction defense by litigating that case for seven months after *Daimler* before raising the personal jurisdiction defense. *Laydon,* 2015 U.S. Dist. LEXIS 44005, at *24-25. Such a finding is not applicable here, however, as the PA and PLO sought reconsideration based upon *Daimler* less than a month after the *Daimler* decision was issued by the Supreme Court.

PA and PLO.  And, consistent with *Klieman*, *Safra*, and *Livnat*, the Court should decline Plaintiffs' request for jurisdictional discovery.  *Klieman*, 2015 U.S. Dist. LEXIS 25167, at *27-29; *Safra*, 2015 U.S. Dist. LEXIS 16492, at *31-32, *45-47; and *Livnat*, 2015 U.S. Dist. LEXIS 16522, at *31-32, *45-47.

## II.    Alternatively, The Court Should Certify Its Interlocutory Orders Addressing Personal Jurisdiction Pursuant To 28 U.S.C. § 1292(b).

Like their waiver argument, Plaintiffs' Opposition to the PA/PLO alternative request to certify an appeal under 28 U.S.C. §1292(b) urges this Court to place procedural considerations over judicial efficiency and prudential concerns.  And, as with Plaintiffs' waiver argument, the law provides abundant reasons not to accept Plaintiffs' invitation to elevate form over substance.

<u>First</u>, now that *Klieman*, *Safra*, and *Livnat* have been appealed, the D.C. Circuit will be considering not only whether courts in this District can exercise personal jurisdiction over the PA and the PLO, but also whether in *Klieman* the PA and PLO waived their personal jurisdiction defense by participating in the litigation after raising but losing the issue on their motion to dismiss and seeking reconsideration only after *Daimler* (instead of after *Goodyear*). Considerations of judicial efficiency thus favor a prompt certification of these issues to the Court of Appeals for resolution alongside *Klieman*, *Safra*, and *Livnat*, if this Court declines to reconsider these issues.

<u>Second</u>, certification would allow a prudent pause before requiring the PA and PLO to further defend Plaintiffs' politically volatile claims on their merits—particularly when other Judges of this District have declined to exercise jurisdiction over similar claims in light of *Daimler*.  The time for such a pause is now.  The appeals in *Klieman*, *Safra*, and *Livnat* are proceeding forward although no substantive briefs have been filed yet, and certification here would allow the Court of Appeals to simultaneously resolve the issues here.

Further, now is a crucial time in the Israel-Palestine peace process. We respectfully suggest that the Court need not immediately wade in to the merits of Plaintiffs' politically-charged allegations when antecedent appellate review could prudently resolve whether jurisdiction can be exercised over the PA and the PLO here. Indeed, given the efforts of the Executive Branch to preserve a two-state solution to the Israel-Palestine conflict, the Court may wish to invite the views of the U.S. government on the prudence of prompt appellate review, as this Court has done in similar circumstances, and as Judge Kessler did in *Gilmore*. *See Weixum v. Xilia*, 568 F. Supp. 2d 35, 36 (D.D.C. 2008) (Leon, J.) ("Shortly thereafter, [the Court] forwarded a letter to the Department of State seeking its views on the applicability of various doctrines to the jurisdiction of this Court to hear plaintiffs' case.") (dismissing case for lack of jurisdiction following submission of Statement of Interest by State Department pertaining to former Chinese minister's immunity from suit); *see also Gilmore v. Palestinian Interim Self-Gov't Authority*, 675 F. Supp. 2d 104, 112 n.7 (D.D.C. 2009) (Kessler, J.) ("The Court requested that the State Department file a Statement of Interest in order to understand the international ramifications of any order it might enter, and to be apprised of our Government's position about such ramifications.").

In any event, the questions of whether jurisdiction can be exercised here in light of *Daimler*, and whether the PA/PLO *Daimler* jurisdiction objection has been waived, are controlling questions of law suitable for certification under Section 1292(b). While Plaintiffs pay lip service to the second and third factors under Section 1292(b), their Opposition mainly focuses on the first factor – the existence of a controlling question of law. Opp. [Dkt. No. 311] at 14-15.   Plaintiffs argue that waiver of the personal jurisdiction defense does not involve a "question of law," yet ignore the fact that the D.C. Circuit has previously taken a Section

1292(b) appeal to address the question of whether a defendant waived the personal jurisdiction defense. *See Chase v. Pan-Pacific Broadcasting, Inc.*, 750 F.2d 131, 132 (D.C. Cir. 1984) ("We review in this interlocutory appeal, taken pursuant to 28 U.S.C. § 1292(b) (1982), the district court's determination that a defendant who interposes a counterclaim thereby waives a simultaneously asserted personal jurisdiction defense.").

And, Plaintiffs admit that the Section 1292(b) certification in *Am. Fidelity Assurance Co. v. Bank of N.Y. Mellon*, No. 15-6009 (10th Cir.) involved a "controlling question of law" (Opp. [Dkt. No. 311] at 15), yet mistakenly fail to realize that this same controlling question of law is present in this case. The PA and PLO seek reconsideration on several grounds, including the ground that because the "at home" standard articulated in *Daimler* was not an available personal jurisdiction defense prior to January 14, 2014, any consent to jurisdiction by the PA and PLO prior to this date could not waive their post-*Daimler* defense. This argument was addressed in both *Klieman* and *Gilmore* and is now in front of the Tenth Circuit in *Am. Fidelity Assurance Co. v. Bank of N.Y. Mellon*, No. 15-6009 (10th Cir.). In *Klieman,* consistent with the Second Circuit's decision in *Gucci,* the court found that the PA and PLO did not waive their personal jurisdiction defense under the "at home" standard by raising it after the Supreme Court's 2014 decision in *Daimler* instead of raising it following the Supreme Court's 2011 decision in *Goodyear. See Klieman*, 2015 U.S. Dist. LEXIS 25167, at *12-13. On the other hand, both the district courts in *Gilmore* and *Am. Fidelity* found that the "at home" standard was first articulated in *Goodyear* and waiting to raise the defense until after *Daimler* constituted waiver. *Gilmore*, 8 F. Supp. 3d at 15-17; *Am. Fidelity Assurance Co. v. Bank of N.Y. Mellon*, No. 11-cv-1284, slip op. at 1-2 (W.D. Okla. Dec. 12, 2014) (attached as Ex. A to Dkt No. 309-1). These decisions demonstrate that not only does Defendants' motion for reconsideration raise a controlling

question of law, but also there is substantial ground for difference opinion, the second factor a

court considers in considering a Section 1292(b) request for certification.

Finally, as to the third factor, an immediate ruling on this issue will materially advance

the litigation.  Since the D.C. Circuit is already addressing three appeals on the issue of whether

courts within this District can exercise general jurisdiction over the PA and PLO and since

extended, expensive and politically-charged proceedings in this matter could be avoided if the

D.C. Circuit finds no jurisdiction, this Court's continued assertion of jurisdiction over the PA

and PLO presents just the type of extraordinary circumstances that warrant interlocutory review.

## CONCLUSION

For the aforementioned reasons and those set forth in the PA and PLO's Memorandum of

Law in Support of their Motion for Reconsideration of the Court's February 7, 2005 and October

29, 2014 Interlocutory Orders on Personal Jurisdiction or Alternatively, Request for Certification

Pursuant to 28 U.S.C. § 1292(b), the PA and PLO respectfully request this Court to reconsider its

orders addressing personal jurisdiction and dismiss this case for lack of personal jurisdiction.

Alternatively, the PA and PLO request the Court to certify its orders on personal jurisdiction,

including any denial of Defendants' recent Motion for Reconsideration and its February 7, 2005

and October 29, 2014 Orders, for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

Dated:  April 13, 2015

Respectfully submitted,

/s/Mitchell R. Berger
Mitchell R. Berger, DC Bar No. 385467
John A. Burlingame, DC Bar No. 455876
Amy L. Brown, DC Bar No. 451090
Alexandra E. Chopin, DC Bar No. 490736
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-5600
Facsimile:  (202) 457-6315
john.burlingame@squirepb.com
mitchell.berger@squirepb.com
amy.brown@squirepb.com
alexandra.chopin@squirepb.com

*Attorneys for Defendants Palestinian Authority and Palestine Liberation Organization*