**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SHABTAI SCOTT SHATSKY, *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:02-cv-02280 (RJL) |
| | ) | |
| THE SYRIAN ARAB REPUBLIC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE AND OBJECTION TO**
**DEFENDANTS' NOTICE OF CORRECTION OF RECORD**
**RELATED TO DEFENDANTS' MOTION FOR SANCTIONS**

Defendants the Palestinian Authority ("PA") and the Palestine Liberation Organization ("PLO") submit the following brief corrections of errors in Plaintiffs' "Response and Objection to Defendants' Notice of Correction of Record" [D.E. 321]. We apologize for adding to the record, and do so only because the Court emphasized the importance of receiving record facts concerning the discovery process from counsel with first-hand knowledge.

*First,* as should be apparent from the signatures of counsel on the PA/PLO's Notice of Correction of Record [D.E. 320], Miller & Chevalier did review and confirm the facts stated in the Notice regarding the timing, and belated production of summary judgment Exhibit 115. It is ironic that Plaintiffs' counsel would cast aspersions about fact-sourcing in this regard, given that Plaintiffs' assertion regarding an earlier production of Exhibit 115 rests on actions ostensibly taken by Robert Tolchin, who did not attend the July 8, 2015 hearing at which this issue was discussed.[1]  By contrast, Miller & Chevalier, at the Court's direction, directly addressed this

---

[1] At the July 8, 2015 hearing, Plaintiffs attempted to explain Mr. Tolchin's absence by claiming Mr. Tolchin was simply "following your [the Court's] lead" (7/8/15 Hrg. Tr. at 14:14-15). There

issue at the July 8 hearing in order to provide the first-hand knowledge that the Court expressly sought (*see* 6/17/15 Hrg. Tr. at 6-9).  To the extent that the Court wishes further first-hand confirmation of the facts, in the form of a declaration or otherwise, we would be pleased to provide it.

*Second*, the August 13, 2015 letter from Plaintiffs' successor counsel—whose involvement post-dates Mr. Tolchin's asserted production—in fact confirms the accuracy of the material facts set forth in our Notice of Correction, most notably that:

- The asserted prior production of Exhibit 115 was not accompanied, as the Federal Rules of Civil Procedure mandate, by a contemporaneous Rule 26(a)(1) or (e) Disclosure, nor was the document (or the subject of the document) ever identified, referenced or described in any answer to Defendants' interrogatories; and

- The document-production index that Plaintiffs produced on August 28, 2013 indicated that Exhibit 115 was first disclosed on August 26, 2013.  *See* D.E. 321-1 at 2 ("The index provided with the August 28 disclosure does give August 26, 2013 as the date on which the pages comprising Exhibit 115 were disclosed.").[2]

Despite Plaintiffs' effort to convert their disclosure obligations into a needle-in-the-haystack hunt for Defendants, there is no merit to Plaintiffs' suggestion that the PA and PLO should have interpreted a vague "savings clause"-type reference in Plaintiffs' August 26, 2013 disclosure as an assertion that Plaintiffs had previously disclosed the pages comprising Exhibit

---

was no statement or action by the Court supporting that assertion when the Court expressly sought to hear from those persons who were "intimately involved" in and had "firsthand knowledge" of the discovery and disclosure events at issue. *See* 6/17/15 Hrg. Tr. at 5:14-15, 7:1-2.

[2] The first index from Plaintiffs listing Shatsky 7492-7495 (which was the August 28, 2013 Index because the August 26, 2013 Index did not reference the documents in the August 26, 2013 production) listed August 26, 2013 as the disclosure date for Shatsky 7492-7495.

115. Plaintiffs' August 26, 2013 disclosure referenced three categories of materials being produced and indicated that the production "included a few documents that were inadvertently not produced on July 2, 2013 (but which had been previously disclosed) . . ."  The disclosure did not identify Shatsky 7492-7495 as being one of those "few documents" from among the 244 pages of documents, nor did it indicate when any of the "few documents" had supposedly been previously produced.  Moreover, the disclosure date listed in the August 28, 2013 Index (i.e., August 26, 2013) presumably eliminated Shatsky 7492-7495 from inclusion among the "few documents" that allegedly were previously produced.  Accordingly, the August 26, 2013 supplemental disclosure did not put Defendants on notice of an earlier production of a previously produced version of Shatsky 7492-7495 and still would have left Defendant to correlate Shatsky 7492-7495 to every unnumbered, untranslated document previously sent from Plaintiffs by email.[3]

Still further obfuscating the discovery record, Plaintiffs' latest (August 13, 2015) letter now argues that on November 15, 2013, Plaintiffs' new counsel added information to their index, supposedly indicating that Exhibit 115 was first disclosed at the end of 2012.  D.E. 321-1 at 2. First, however, neither the transmittal letter forwarding the November 15, 2013 index nor the accompanying written disclosure identified this ostensible new information regarding Shatsky 7492-7495 or put Defendants on notice of any change to the previous indices referencing Shatsky 7492-7495.  Second, the disclosure date listed on the November 15, 2013 index for the pages comprising Exhibit 115 is "12-12-12," [D.E. 270-28 at 37] -- a *different* date than the November 30, 2012 date that Plaintiffs now claim is the original date of disclosure for Exhibit

---

[3] Plaintiffs' reliance on Defendants' October 28, 2013 letter as some sort of acknowledgement of the previous production of the document marked as Shatsky 7492-7495 is absurd.  Nowhere in that letter is there any such acknowledgment or concession regarding Shatsky 7492-7495.

115.  If Plaintiffs' counsel themselves cannot get straight the purported date on which Exhibit 115 was originally disclosed, how can they expect the Court or defense counsel to do so?


Dated:  August 26, 2015

Respectfully submitted,


/s/Mitchell R. Berger
John A. Burlingame, DC Bar No. 455876
Mitchell R. Berger, DC Bar No. 385467
Amy L. Brown, DC Bar No. 451090
Alexandra E. Chopin, DC Bar No. 490736
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone:  (202) 457-6000
Facsimile:  (202) 457-6315
mitchell.berger@squirepb.com
john.burlingame@squirepb.com
amy.brown@squirepb.com
alexandra.chopin@squirepb.com

Richard A. Hibey, DC Bar No. 74823
Charles F. B. McAleer, Jr., DC Bar No. 388681
MILLER & CHEVALIER, CHARTERED
655 15th Street, NW
Suite 900
Washington, D.C.  20005-5701
Telephone:  (202) 6266-5888
Facsimile: (202) 6266-5801
rhibey@milcev.com
cmcaleer@milchev.com


*Attorneys for Defendants Palestinian Authority and Palestine Liberation Organization*