**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | ) | |
|---|---|---|
| SHABTAI SCOTT SHATSKY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:02-cv-02280 (RJL) |
| | ) | |
| THE SYRIAN ARAB REPUBLIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF THE
COURT'S FEBRUARY 7, 2005 AND OCTOBER 29, 2014 INTERLOCUTORY ORDERS
ON PERSONAL JURISDICTION, OR ALTERNATIVELY, REQUEST FOR
<u>CERTIFICATION PURSUANT TO 28 U.S.C. §1294(b)</u>**

Defendants, the Palestinian Authority ("PA") and the Palestine Liberation Organization (the "PLO"), respectfully submit *Brown v. Lockheed Martin Corp.,* Case No. 14-4083, 2016 U.S. App. LEXIS 2763 (2d Cir. Feb. 18, 2016) (attached hereto as Exhibit A) as supplemental authority in support of their Motion for Reconsideration of this Court's February 7, 2005 and October 29, 2014 Interlocutory Orders on Personal Jurisdiction, or Alternatively, Request for Certification Pursuant to 28 U.S.C. § 1292(b) ("Motion for Reconsideration") [D.E. 309; *see also* D.E. 312 (Reply)].

The Second Circuit's decision in *Lockheed* reinforces that Defendants are "at home" only in Palestine under *Daimler AG v. Bauman,* 134 S. Ct. 746 (2014), and that PLO mission activities in Washington, D.C. do not create a *Daimler* exception. *Lockheed,* 2016 U.S. App. LEXIS 2763, at *17-18, 22 (holding that "*Daimler* established" that a foreign defendant is "essentially at home" in a single place "except in a truly 'exceptional' case" and that "mere

[forum] contacts, no matter how 'systematic and continuous' are extraordinarily unlikely to add up to an 'exceptional case'"). *See* Motion for Reconsideration [D.E. 309] at 5-7.

*Lockheed* also reinforces that Defendants preserved their "at home" defense by asserting it promptly after *Daimler*. Confirming its holding in *Gucci Am v. Bank of China,* 768 F.3d 122, 135-36 (2d Cir. 20014), the Second Circuit found that *Daimler* "considerably altered the analytic landscape for general jurisdiction" and closed the door left open by *Goodyear* on "the possibility that contacts of substance, deliberately undertaken and of some duration could place a corporation 'at home' in many locations." *Lockheed,* 2016 U.S. App. LEXIS 2763 at *22. *See* Motion for Reconsideration [D.E. 309] at 12-13; Reply [D.E. 312] at 8. Thus, by filing their first motion for reconsideration within weeks after the Supreme Court's ruling in *Daimler* [D.E. 278], Defendants timely raised the "at home" defense made available to them under *Daimler*.

The Tenth Circuit's recent decision in *American Fidelity Assur. Co. v. Bank of New York Mellon,* 810 F.3d 1234, 2016 U.S. App. LEXIS 892 (Jan. 20, 2016) does not further Plaintiffs' argument that Defendants should have raised the "at home" defense after *Goodyear Dunlop Tire Operations, S.A. v. Brown,* 131 S. Ct. 2846 (2011) and thereby waived it by waiting to raise the defense until after *Daimler*. First, *American Fidelity* reflects a material difference between the law of the Tenth Circuit on general jurisdiction and the law within this Circuit. Distinguishing the Second Circuit's decision in *Gucci,* the Tenth Circuit found in *American Fidelity* that under its pre-*Daimler* precedent (unlike the Second Circuit's precedent), the defendant could have asserted the "at home" defense "to the same extent under *Goodyear* as it could be asserted under *Daimler*," *Id.* at *18-20. However, like the Second Circuit, the same is not true here. As Judge Friedman noted in granting Defendants' post-*Daimler* motion for reconsideration in *Estate of Klieman v. Palestinian Auth.,* 82 F. Supp. 3d 237 (D.D.C. 2015), *appeal docketed,* No. 15-7034

(D.C. Cir. Apr. 8, 2015), "[a]lthough the 'at home' language first appeared in the Supreme Court's 2011 decision in *Goodyear*, the reach of this language was not immediately clear. . . . It was only after the Supreme Court issued its decision in *Daimler* that the scope of *Goodyear's* 'at home' test was appreciated." *Id*. at *12-13 (*citing U.S. ex rel. Barko v. Halliburton Co.*, 952 F. Supp. 2d 108, 115-16 (D.D.C. 2013) (declining to apply *Goodyear* outside of the stream-of-commerce context)).

Second, the Tenth Circuit found that the bank defendant waived the personal jurisdiction defense pursuant to Fed. R. Civ. P. 12(h) because the Tenth Circuit's pre-*Daimler* precedent would have allowed the bank defendant's general jurisdiction defense to the same extent *Daimler* would have, yet the defendant did not include personal jurisdiction in its motion to dismiss or in its answer. *American Fidelity,* 2016 U.S. App. LEXIS 892 at *20. On the contrary, here, the PA and PLO included lack of personal jurisdiction as a grounds for dismissal in its motion to dismiss [D.E. 26 at 16-18] and as an affirmative defense in its Answer [D.E. 128]. Thus, as the PA and PLO properly preserved their personal jurisdiction defense, Plaintiffs cannot rely on *American Fidelity* to argue waiver in this case.

Finally, the bank defendant in *American Fidelity* also did not base its arguments "on anything *Daimler* may have added to *Goodyear*'s general jurisdiction test." 2016 U.S. App. LEXIS 892 at *21 n.5. Here, *Daimler's* additions are critical. Unlike the *American Fidelity* appellants, Defendants rely on *Daimler's* holdings that a foreign defendant is generally "at home" in a single place; that operations of a local office are insufficient for general jurisdiction; and, that a defendant's local contacts must be viewed in proportion to its global operations. *See* Motion for Reconsideration [D.E. 309] at 5-7. None of these was available under *Goodyear*.

Dated: March 2, 2016

                                       Respectfully submitted,

                                       /s/Mitchell R. Berger
Mitchell R. Berger, DC Bar No. 385467
Gassan A. Baloul (*pro hac vice*)
John A. Burlingame, DC Bar No. 455876
Amy L. Brown, DC Bar No. 451090
Alexandra E. Chopin, DC Bar No. 490736
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
mitchell.berger@squirepb.com
gassan.baloul@squirepb.com
john.burlingame@squirepb.com
amy.brown@squirepb.com
alexandra.chopin@squirepb.com

*Attorneys for Defendants Palestinian Authority and Palestine Liberation Organization*